**ROBERT LETT. III**
**CHARLES FOUNTAIN**                                          **PLAINTIFFS**

**VS**                                                    **CI- CV-21-135**

**CHATHAM ASSET MANAGEMENT, LLC:**
**THE MCCLATCHY COMPANY, LLC**
**D/B/A SUN HARALD**
**BLAKE KAPLAN**
**JOHN DOES 1-13**                                         **DEFENDANTS**

I, Randy Carney, Clerk of the County Court, in and for said County and State the same being a Court of Record, having a seal, do hereby officially certify that I am the proper custodian of all the books, papers, records, files and documents of said Court and of the Seal thereof, and that the foregoing is a full, true and complete copy of documents listed for the above styled case:

## - ENTIRE FILE

recorded, as full, true and complete as the same now appears of record in the records of JACKSON COUNTY, COUNTY COURT, PASCAGOULA, MISSISSIPPI in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at my office in Pascagoula in said County and State on this the 25 Day of Feb, 2022 .

RANDY CARNEY, Clerk
Circuit Court
Jackson County, Mississippi

_____ D.C.

# Mississippi Electronic Courts
## Nineteenth Circuit Court District (Jackson Circuit Court)
## CIVIL DOCKET FOR CASE #: 30CI1:21-cv-00135-DH
## Internal Use Only

LETT, III et al v. CHATHAM ASSET MANAGEMENT, LLC
et al
Assigned to: Dale Harkey

**Upcoming Settings:**

None Found

Date Filed: 08/09/2021
Current Days Pending: 200
Total Case Age: 200
Jury Demand: None
Nature of Suit: Other Torts (175)

---

**Plaintiff**
**ROBERT LETT, III**

represented by **Jesse Mitchell, III**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy
Suite 150
RIDGELAND, MS 39157
769-300-0462
Fax: 601-510-1981
Email: jmitchell@tmflegal.com
*ATTORNEY TO BE NOTICED*

**Karmel Ledonia Keeton**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy Suite 150
RIDGELAND, MS 39157
769-300-0462
Fax: 601-510-1981
Email: kkeeton@tmflegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**CHARLES FOUNTAIN**

represented by **Jesse Mitchell, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karmel Ledonia Keeton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**CHATHAM ASSET MANAGEMENT,
LLC**
*TERMINATED: 11/09/2021*

represented by **Henry F Laird, mr.**
Wise Carter
Wise Carter
2510 14th Street
Suite 1125
GULFPORT, MS 39501
228-867-7141
Fax: 228-867-7142
Email: hfl@wisecarter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**THE MCCLATCHY COMPANY,
LLC D/B/A SUN HERALD**

represented by **Henry F Laird, mr.**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BLAKE KAPLAN**                     represented by **Henry F Laird, mr.**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES 1-12**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2021 | 1 | Civil Cover Sheet. (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/09/2021 | 2 | COMPLAINT against CHATHAM ASSET MANAGEMENT, LLC, JOHN DOES 1-12, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD, filed by CHARLES FOUNTAIN & ROBERT LETT, III. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E,) (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/09/2021 | 4 | SUMMONS Issued to CHATHAM ASSET MANAGEMENT, LLC. (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/11/2021 | 3 | SUMMONS Issued to THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/11/2021 | 5 | SUMMONS Issued to BLAKE KAPLAN. (McCreary, B.J.) (Entered: 08/11/2021) |
| 09/15/2021 | 6 | MOTION to Dismiss by Defendant BLAKE KAPLAN (Laird, Henry) (Entered: 09/15/2021) |
| 09/15/2021 | 7 | MOTION for Extension of Time to File *Affidavits and Brief in Support of Motion to Dismiss* by Defendant BLAKE KAPLAN (Laird, Henry) (Entered: 09/15/2021) |
| 09/15/2021 | 8 | MOTION for Extension of Time to File Answer re 2 Complaint, by Defendant THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD (Laird, Henry) (Entered: 09/15/2021) |
| 09/17/2021 | 9 | MOTION to Dismiss by Defendant CHATHAM ASSET MANAGEMENT, LLC (Laird, Henry) (Entered: 09/17/2021) |
| 09/17/2021 | 10 | MOTION for Extension of Time to File *Affidavits and Brief in Support of Motion to Dismiss* by Defendant CHATHAM ASSET MANAGEMENT, LLC (Laird, Henry) (Entered: 09/17/2021) |
| 09/17/2021 | 11 | AFFIDAVIT *of Henry Laird* by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 09/17/2021) |
| 09/22/2021 | 12 | NOTICE of Hearing re 6 MOTION to Dismiss, 9 MOTION to Dismiss by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN, (Laird, Henry) (Entered: 09/22/2021) |
| 09/28/2021 | 13 | ORDER granting 10 Motion for Extension of Time to File.Signed by Dale Harkey on 09/27/2021. (McCreary, B.J.) (Entered: 09/28/2021) |
| 09/29/2021 | 14 | AFFIDAVIT *of James Ruggerio, Jr.* by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 09/29/2021) |
| 10/04/2021 | 15 | ORDER granting for time Signed by Dale Harkey on 10/01/2021. (McCreary, B.J.) Modified on 2/24/2022 (McCreary, B.J.). (Entered: 10/04/2021) |
| 10/04/2021 | 16 | ORDER granting 8 Motion for Extension of Time to Answer.Signed by Dale Harkey on 10/01/2021. (McCreary, B.J.) (Entered: 10/04/2021) |

| 10/08/2021 | 17 | MEMORANDUM in Support re 9 MOTION to Dismiss by CHATHAM ASSET MANAGEMENT, LLC. (Laird, Henry) (Entered: 10/08/2021) |
|---|---|---|
| 10/11/2021 | 18 | AFFIDAVIT *of Blake Kaplan* by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 10/11/2021) |
| 10/13/2021 | 19 | NOTICE OF SERVICE of Responses to Request for Admissions by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN. (Laird, Henry) (Entered: 10/13/2021) |
| 10/14/2021 | 20 | NOTICE OF SERVICE of Responses to Request for Admissions by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 10/14/2021) |
| 10/14/2021 | 21 | RESPONSE in Support re 6 MOTION to Dismiss by BLAKE KAPLAN. (Laird, Henry) (Entered: 10/14/2021) |
| 10/14/2021 | 22 | MEMORANDUM in Support re 9 MOTION to Dismiss by CHATHAM ASSET MANAGEMENT, LLC. (Laird, Henry) (Entered: 10/14/2021) |
| 10/18/2021 | 23 | ANSWER to 2 Complaint, by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 10/18/2021) |
| 10/22/2021 | 24 | NOTICE of Appearance by Karmel Ledonia Keeton on behalf of CHARLES FOUNTAIN, ROBERT LETT, III (Keeton, Karmel) (Entered: 10/22/2021) |
| 10/27/2021 | 25 | NOTICE OF SERVICE of Responses to Interrogatories, NOTICE OF SERVICE of Responses to Request for Production by CHATHAM ASSET MANAGEMENT, LLC. (Laird, Henry) (Entered: 10/27/2021) |
| 10/29/2021 | 26 | NOTICE OF SERVICE of Responses to Interrogatories, NOTICE OF SERVICE of Responses to Request for Production by BLAKE KAPLAN. (Laird, Henry) (Entered: 10/29/2021) |
| 10/29/2021 | 27 | MOTION for Extension of Time to File *Responses to Interrogatories and Requests for Production of Documents* by Defendant THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD (Laird, Henry) (Entered: 10/29/2021) |
| 11/09/2021 | 28 | STIPULATION of Dismissal *as to Defendant, Chatham Asset Management, LLC* by CHARLES FOUNTAIN, ROBERT LETT, III. (Keeton, Karmel) (Entered: 11/09/2021) |
| 11/10/2021 | 29 | PLAINTIFFS RULE 41 STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT CHATHAM ASSET MANAGEMENT, LLC. Signed by Dale Harkey on 11/09/2021. (McCreary, B.J.) (Entered: 11/10/2021) |
| 11/11/2021 | 30 | RESPONSE in Opposition re 6 MOTION to Dismiss by CHARLES FOUNTAIN, ROBERT LETT, III. (Attachments: # 1 Exhibit A - Def Blake Kaplan's Answers to Pls' 1st Set of Interrogs, # 2 Exhibit B.1 - Def Blake Kaplan's Resp to Pls' 1st Set of RFPD, # 3 Exhibit B.2 - Tr of Req No 4,) (Keeton, Karmel) (Entered: 11/11/2021) |
| 11/29/2021 | 31 | NOTICE OF SERVICE of Request for Production of Documents Propounded to The McClatchy Company, LLC d/b/a Sun Herald by CHARLES FOUNTAIN, ROBERT LETT, III. (Keeton, Karmel) (Entered: 11/29/2021) |
| 12/29/2021 | 32 | NOTICE OF SERVICE of Interrogatories Propounded to Robert Lett, III and Charles Fountain, NOTICE OF SERVICE of Request for Admissions Propounded to Robert Lett, III and Charles Fountain, NOTICE OF SERVICE of Request for Production of Documents Propounded to Robert Lett, III and Charles Fountain by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 12/29/2021) |
| 01/24/2022 | 33 | NOTICE OF SERVICE of Responses to Request for Production by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 01/24/2022) |
| 01/24/2022 | 34 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiffs, Robert Lett, III and Charles Fountain by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 01/24/2022) |

Case: 30CI1:21-cv-135          Document #: <docnum>          Filed: <datefiled>

| 01/28/2022 | 35 | NOTICE OF SERVICE of Responses to Request for Admissions by CHARLES FOUNTAIN, ROBERT LETT, III. Related document: 32 Notice of Service of Interrogatories,, Notice of Service of Request for Admissions,, Notice of Service of Request for Production of Documents, filed by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Keeton, Karmel) (Entered: 01/28/2022) |
| 02/16/2022 | 36 | MOTION to Sever *Claims* by Plaintiffs CHARLES FOUNTAIN, ROBERT LETT, III (Attachments: # 1 Exhibit A - Inmate Details,) (Keeton, Karmel) (Entered: 02/16/2022) |
| 02/24/2022 | 37 | NOTICE of Notice of Removal by BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD (Attachments: # 1 Exhibit "1" Notice of Removal,) (Laird, Henry) (Entered: 02/24/2022) |

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2020)

Case 1:21-CV-00135-LTT  Document #1   Filed 06/09/2021   Page 1 of 5

**Court Identification Docket #1**

| Court Identification | | | Case Year | Docket Number |
|---|---|---|---|---|
| 3 6 | 1 9 | C I | 2 0 2 1 | 0 0 1 3 5 |
| County # | Judicial District | Court ID (CH, CI, CO) | | |

Local Docket ID

| 0 | 8 | 0 | 9 | 2 | 1 |
|---|---|---|---|---|---|
Month   Date   Year

This area to be completed by clerk    21-13S (3)

Case Number if filed prior to 1/1/94

In the **CIRCUIT** ☒ Court of **JACKSON** ☒ County — ☒ Judicial District

**Origin of Suit (Place an "X" in one box only)**
☒ Initial Filing  ☐ Reinstated  ☐ Foreign Judgment Enrolled  ☐ Transfer from Other court  ☐ Other
☐ Remanded  ☐ Reopened  ☐ Joining Suit/Action  ☐ Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  **Lett**                  **Robert**
             Last Name               First Name          Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____
___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
   D/B/A or Agency _____

Business _____
   Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
   D/B/A _____

Address of Plaintiff  **4972 Huntington Dr. Gautier, MS 39553**

Attorney (Name & Address)  **Jesse Mitchell, III-1062 Highland Colony Pkwy. Ste. #150 Ridgeland, MS 39157**   MS Bar No. **103020**
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual  _____
             Last Name               First Name          Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of _____
___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
   D/B/A or Agency _____

Business  **Chatham Asset Management, LLC - Incorporated in New Jersey**
   Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
   D/B/A _____

Attorney (Name & Address) - If Known  _____   MS Bar No. _____

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
☐ Child Custody/Visitation
☐ Child Support
☐ Contempt
☐ Divorce: Fault
☐ Divorce: Irreconcilable Diff.
☐ Domestic Abuse
☐ Emancipation
☐ Modification
☐ Paternity
☐ Property Division
☐ Separate Maintenance
☐ Term. of Parental Rights-Chancery
☐ UIFSA (eff 7/1/97; formerly URESA)
☐ Other

**Appeals**
☐ Administrative Agency
☐ County Court
☐ Hardship Petition (Driver License)
☐ Justice Court
☐ MS Dept Employment Security
☐ Municipal Court
☐ Other

**Business/Commercial**
☐ Accounting (Business)
☐ Business Dissolution
☐ Debt Collection
☐ Employment
☐ Foreign Judgment
☐ Garnishment
☐ Replevin
☐ Other

**Probate**
☐ Accounting (Probate)
☐ Birth Certificate Correction
☐ Mental Health Commitment
☐ Conservatorship
☐ Guardianship
☐ Joint Conservatorship & Guardianship
☐ Heirship
☐ Intestate Estate
☐ Minor's Settlement
☐ Muniment of Title
☐ Name Change
☐ Testate Estate
☐ Will Contest
☐ Alcohol/Drug Commitment (restoral)

☐ Alcohol/Drug Commitment (restoral)
☐ Other

**Children/Minors - Non-Domestic**
☐ Adoption - Contested
☐ Adoption - Uncontested
☐ Consent to Abortion
☐ Minor Removal of Minority
☐ Other

**Civil Rights**
☐ Elections
☐ Expungement
☐ Habeas Corpus
☐ Post Conviction Relief/Prisoner
☐ Other

**Contract**
☐ Breach of Contract
☐ Installment Contract
☐ Insurance
☐ Specific Performance
☐ Other

**Statutes/Rules**
☐ Bond Validation
☐ Civil Forfeiture
☐ Declaratory Judgment
☐ Injunction or Restraining Order
☐ Other

**Real Property**
☐ Adverse Possession
☐ Ejectment
☐ Eminent Domain
☐ Eviction
☐ Judicial Foreclosure
☐ Lien Assertion
☐ Partition
☐ Tax Sale: Confirm/Cancel
☐ Title Boundary or Easement
☐ Other

**Torts**
☐ Bad Faith
☐ Fraud
☐ Intentional Tort
☐ Loss of Consortium
☐ Malpractice - Legal
☐ Malpractice - Medical
☐ Mass Tort
☐ Negligence - General
☐ Negligence - Motor Vehicle
☐ Premises Liability
☐ Product Liability
☐ Subrogation
☐ Wrongful Death
☒ Other Defamation; False Light

In the CIRCUIT ☐ Court of JACKSON ☐ County, Mississippi

☐ Judicial District, City of JACKSON

Docket No. _____ - _____  _____  Docket No. If Filed
            File Yr      Chronological No.    Clerk's Local ID   Prior to 1/1/94

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of 1  Plaintiffs Pages
IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

Individual: Fountain _____ Charles _____ ( _____ ) L
                Last Name          First Name         Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: 103020 Bar # or Name: Jesse Mitchell, III    Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

Individual: _____ _____ ( _____ ) _____
                Last Name          First Name         Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____    Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

Individual: _____ _____ ( _____ ) _____
                Last Name          First Name         Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____    Pro Hac Vice (✓)___ Not an Attorney(✓)___

Case: 30CI1:21-cv-00135-DH   Document #: 1   Filed: 08/09/2021   Page 3 of 5

IN THE <u>CIRCUIT</u>   ☐ COURT OF <u>JACKSON</u>   ☐ COUNTY, MISSISSIPPI

☐ JUDICIAL DISTRICT, CITY OF <u>JACKSON</u>

Docket No._____-_____   _____   Docket No, If Filed
  File Yr      Chronological No.    Clerk's Local ID   Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of 1 Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: _____   _____   ( _____ )   _____   _____
        Last Name       First Name      Maiden Name, If Applicable   Middle Init.   Jr/Sr/II/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
  D/B/A _____

Business <u>The McClatchy Company, LLC - Incorporated in Delaware</u>
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

✓ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
  D/B/A <u>Sun Herald</u>

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: <u>Henry Laird</u>        Pro Hac Vice (✓)___ Not an Attorney(✓)____

**Defendant #3:**

Individual: <u>Kaplan</u>   <u>Blake</u>   ( _____ )   _____   _____
        Last Name       First Name      Maiden Name, If Applicable   Middle Init.   Jr/Sr/II/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
  D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
  D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: <u>Henry Laird</u>        Pro Hac Vice (✓)___ Not an Attorney(✓)____

**Defendant #4:**

Individual: _____   _____   ( _____ )   _____   _____
        Last Name       First Name      Maiden Name, If Applicable   Middle Init.   Jr/Sr/II/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
  D/B/A _____

Business _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
  D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____        Pro Hac Vice (✓)___ Not an Attorney(✓)____

# THE MITCHELL FIRM
## TRIAL ATTORNEYS

**FILED**

**AUG 09 2021**

RANDY CARNEY, CLERK

BY_____D.C.

August 6, 2021

**VIA PRIORITY MAIL**

Jackson County Circuit Court
P.O. Box #998
Pascagoula, MS 39568-0998

Re:   Robert Lett, III & Charles Fountain v. Chatham Asset Mgmt., LLC et al.

Jackson County Circuit Court Clerk,

Please find enclosed Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, Civil Cover Sheet, check in the amount of $161.00, Summons, and Complaint with Exhibits A through E against Defendants, Chatham Asset Management, LLC; The McClatchy Company, LLC d/b/a Sun Herald; Blake Kaplan; and John Does 1-12.

Please file this Complaint in your usual order, issue summons so that we may properly serve the named parties and return court-stamped filed copies in the enclosed pre-paid postage envelope to our office. Should any questions or concerns arise regarding this matter please do not hesitate to contact me. Thank you for your assistance in this matter.

Respectfully,

Jesse Mitchell, III (MS Bar No. 103020)
*Attorney for Plaintiffs*

1062 Highland Colony Parkway: Suite 150, Ridgeland, MS 39157 (O) 769.300.0462 (f) 601.510.1981  www.mitlegal.com

RIDGELAND | PASCAGOULA | OXFORD

Case 3:21-cv-00135-DPJ Document #: 1   Filed: 08/09/2021   Page 2 of 5

CIRCUIT CIVIL HANDED
N⁰ 41335   MAILED

Received Of _The Mitchell Firm_

Cause No. _21-135_

For: Clerk's Fees ............................$85.00
    JSO Fund ...............................$40.00
    Steno Tax .............................$10.00
    Jury Tax ...............................$3.00
    Law Library ...........................$2.50
    SCEF ..................................$2.00
    Court Adm. Fund .......................$2.00
    CECSF .................................$10.00
    CLAF ..................................$5.00
    SOCF ..................................$0.50
    RM FEE ................................$1.00
    Copy of Summons Return .........
    Other Advance Cost .............. _161.⁰⁰_
    TOTAL .........................$ _161.⁰⁰_

Total
Amount Paid $ _161.⁰⁰_   Check No. _3490_

For _New Complaint_

**RANDY CARNEY**
CIRCUIT CLERK OF JACKSON COUNTY

By _____
       DEPUTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

ROBERT LETT, III AND
CHARLES FOUNTAIN

AUG 0 9 2021

**PLAINTIFFS**

RANDY CARNEY, CLERK

v.                                    BY_____  ( CIVIL ACTION NO. _21-135(3)

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                        **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

_____

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

_____

COME NOW Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, by and through

their counsel of record, and files this, their Complaint against Defendants, Chatham Asset

Management, LLC; The McClatchy Company, LLC d/b/a Sun Herald; Blake Kaplan in his individual

and official capacity as General Manager and Executive Editor; and John Does #1-12. In support of

this Complaint, Plaintiffs state to wit the following:

**PARTIES**

1.      Plaintiff, Robert Lee Lett, III, is an adult, male resident of Jackson County, Mississippi,

residing at 4972 Huntington Drive Gautier, MS 39553.

2.      Co-Plaintiff, Charles Lamont Fountain, is an adult, male resident of Jackson County,

Mississippi, residing at 3002 10th Street Pascagoula, Mississippi 39567.

3.      Defendant, Chatham Asset Management, LLC ("Chatham"), is a foreign corporation

organized and existing under the laws of the state of New Jersey, with its principal office located at 26

Main Street Suite 204 Chatham, NJ 07928. Chatham was at the time of the incident in question, and

currently still is the owner of Defendant, The McClatchy Company, LLC d/b/a Sun Herald.

4.     Defendant, The McClatchy Company, LLC d/b/a Sun Herald ("Sun Herald"), is a foreign corporation, incorporated in Delaware and licensed to do business in the State of Mississippi, with its principal office located at 2100 Q Street Sacramento, CA 95816. It may be served with process through its registered agent CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5.     Defendant, Blake Kaplan, is upon information and belief, an adult, male resident citizen of Jackson County, Mississippi and may be served with process at his place of residence, located at 1629 Springridge Road Gautier, MS 39553 or pursuant to Rule 4 of the Mississippi Rules of Civil Procedure, wherever he may be found.  At all times relevant, Kaplan was employed by Defendant, Sun Herald, and supervised, controlled, and/or managed Sun Herald's newspaper with facilities located at 2505 14th Street Suite 400 Gulfport, MS 39501.

6.     John Does #1-12 include those persons or entities unknown to Plaintiffs at this time who were owners, directors, managers, supervisors, editors, writers, journalists, producers, employees, contractors, and/or agents of Defendants, Chatham; Sun Herald; or Kaplan; and who played a role in the publication of the libelous advertisement at issue in this complaint (the "Advertisement"), failed to prevent the Advertisement's publication, and/or are generally liable to Plaintiffs as a result of the Advertisement's publication.  Upon information and belief, John Does #1-12 are resident and nonresident Defendants doing business in the State of Mississippi or residing as citizens in the State of Mississippi.  The filing of this Complaint is a filing against all Defendants and this Complaint will be appropriately amended in accordance with the Mississippi Rules of Civil Procedure when their identities are ascertained.

7.     Plaintiffs reserve the right to identify and/or change the identity of these Defendants based on further investigation or any pre-trial discovery conducted in this action.

## JURISDICTION, VENUE, AND JOINDER

8.. Subject matter jurisdiction is appropriate pursuant to Miss. Const. art. VI §156 (1890) and Miss. Code Ann. § 9-7-81 because the Circuit Court of Jackson County, Mississippi has original jurisdiction and the amount in controversy in this action exceeds $200.00.

9. Personal jurisdiction is appropriate over Defendant, Chatham, the New Jersey based owner of Defendant, Sun Herald, by means of piercing the corporate veil. Personal jurisdiction is appropriate over Defendant, Sun Herald, a Delaware company with its principal office in California, as Defendant committed a tort against two Mississippi residents and pursued business in the state of Mississippi, specifically in Jackson County. Personal jurisdiction is appropriate over Kaplan because he is an adult, Mississippi state resident.

10. Venue is proper pursuant, to Miss. Code Ann. §11-11-3, because the substantial alleged acts or omissions which led to Plaintiffs' injuries occurred in Jackson County, Mississippi. Moreover, in *Short v. Versiga*, the Mississippi Supreme Court held that, "'venue . . . is proper in the district where the injured party resides and where the defamatory statements were published.'" *Short v. Versiga*, 283 So. 3d 182, 186 (¶12) (Miss. 2019) (citing *Seidel v. Kirby*, 296 F. Supp. 3d 745, 747 (D. Md. Oct. 27, 2017) (internal citations omitted)).

11. Joinder is appropriate pursuant to Miss. Civ. R. Proc. 20(a) as Plaintiffs assert against Defendants rights to relief arising out of the same series of transactions or occurrences, and questions of law and facts common to all these persons will arise in this action.

## FACTS

12. Plaintiffs hereby incorporate and re-allege all claims herein set forth in the previous paragraphs.

13. At all times relevant in this case, Defendant, Sun Herald, was and currently is in name, the owner and publisher of a newspaper of general circulation known as the *Sun Herald*, which is

3

published in the city of Gulfport, Mississippi, at 2505 14th Street Suite #400 Gulfport, Mississippi 39501, and circulated daily throughout South Mississippi, including Jackson and Harrison counties. In addition to print publications, the *Sun Herald* is also published online at www.sunherald.com.

14. Upon information and belief, on, or about September 4, 2020, Defendant, Chatham, acquired "substantially all assets" of Defendant, Sun Herald, in a Chapter 11 Bankruptcy auction. (*See* Ex. A - The McClatchy Co., LLC Press Release). Per the exhibited press release, "the entirety of McClatchy's 30 news organizations and all of its employees transitioned to a new private entity under Chatham ownership." (*See* Ex. A).

15. On, or about December 8, 2020, the Sun Herald, with Kaplan acting individually and in his official capacity as General Manager and Executive Editor, published in mass, both in print and in digital format, the alleged false and defamatory Advertisement of and concerning Plaintiff and Co-Plaintiff within the Classifieds section of its newspaper. (*See* Ex. B - Sun Herald Defamatory Advertisement 12/08/20). Specifically, the Advertisement was listed on page "4B" under the Classifieds' "Announcements" heading, and subheadings "Misc. Announcements" and "Health Notification."

16. The Advertisement names "Robert Lee Lett" and "Charles Lamont Fountain" as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing.

17. On, or about December 8, 2020, Plaintiff, Robert Lee Lett, III, personally called the Sun Herald call center inquiring into the Advertisement's publication and demanding a retraction.

18. On, or about December 8, 2020, a family member of Co-Plaintiff, Charles Lamont Fountain, called the Sun Herald call center inquiring into the same.

19. On, or about December 9, 2020, the Sun Herald, with Kaplan acting individually and in his official capacity as General Manager and Executive Editor, re-published in mass, both in print

4

and in digital format, the same false and defamatory Advertisement of and concerning Plaintiff and Co-Plaintiff in a separate edition of its newspaper on page "6B." *(See* Ex. C - Sun Herald Defamatory Advertisement 12/09/20).

20.     On, or about December 11, 2020, the Sun Herald published a retraction, printed in three locations: (1) on page "5B" of the Classifieds section of the newspaper where the false and defamatory Advertisement initially appeared, (2) on page "2A" of the newspaper where retractions are generally posted, and (3) online. *(See* Ex. D - Sun Herald Retraction 12/11/20). Overall, the retraction was generic in nature and woefully deficient. Most notably, it lacked specificity, accountability, and any remorse given the severity of harm caused by the initial Advertisement's publication. Furthermore, the retraction failed to address the Sun Herald's second re-print of the Advertisement on December 9, 2020, and failed to acknowledge Robert Lee Lett, III, Charles Lamont Fountain, or Neal Rainey, the other gentleman harmed, by name.

21.     Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, now bring this, their Complaint against Defendants for Defamation and Invasion of Privacy: False Light.

## STATUTORY REQUIREMENTS

22.     Plaintiffs hereby incorporate and re-allege all claims set forth in the previous paragraphs.

23.     Pursuant to Mississippi Code § 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory.

24.     On April 12, 2021, Plaintiffs Certified Mailed Defendant, Chatham, written notice; detailing with specificity each false and defamatory statement within the Advertisement in question,

5

which was signed for and received on April 15, 2021. (*See* Ex. E - Pl's Letters of Notice for Statutory Compliance).

25.     On April 12, 2021, and April 17, 2021, Plaintiffs served Defendants, Sun Herald and Kaplan, written notice respectively via process server, detailing with specificity each false and defamatory statement within the Advertisement in question. (*See* Ex. E).

26.     As such, Plaintiffs have met the statutory requirement of Mississippi Code § 95-1-5.

27.     Pursuant to Mississippi Code § 15-1-35 and case law, the statute of limitations for a defamation and invasion of privacy: false light claim in Mississippi is one year, beginning on "the date of publication of the allegedly libelous statement to a third person." *Staheli v. Smith*, 548 So. 2d 1299, 1302 (Miss. 1989) (citing Miss. Code Ann. § 15-1-35) (citations omitted).

28.     Publication of the false and defamatory Advertisement to the Mississippi Gulf Coast community occurred on December 8, 2020, and December 9, 2020.

29.     Plaintiffs' claims are therefore timely and are not barred by the statute of limitations.

## APPLICABLE STANDARD

30.     Plaintiffs hereby incorporate and re-allege all claims set forth in the previous paragraphs.

31.     The standard of liability applied to "a defamatory falsehood [is] according to the plaintiff's status as either a private individual or public figure." *Whitten v. Commercial Dispatch Pub. Co.*, 487 So. 2d 843, 844 (Miss. 1986). Generally, "a showing of negligence [is required] before a private figure may recover an award of actual damages for libel; a public figure must show actual malice . . . ." *Id.* (citations omitted). "[W]hether the actual malice standard should be applied in a given defamation case [bears on two questions.] The first is 'Is the plaintiff a public official/public figure or a private figure?'. The second is, 'Regardless of the plaintiff's status, is the alleged defamation a

matter of public concern or interest?'." *Staheli v. Smith*, 548 So. 2d 1299, 1304 (Miss. 1989) (citations omitted).

32.    Plaintiffs are neither public officials nor public figures. Plaintiffs are private figures.

33.    Plaintiffs have not sought or held any public office or government position. Nor have Plaintiffs appeared to the public to have a significant role in the business of government or public affairs.

34.    Plaintiffs are not public figures as they are not candidates for public office, nor have they achieved pervasive fame or notoriety to be considered as such. Furthermore, as private figures, Plaintiffs have not voluntarily "thrust [themselves] . . . into the vortex of a matter of legitimate public interest" so as to be considered quasi- or vortex public figures. *Ferguson v. Watkins*, 448 So. 2d 271, 277 (Miss. 1984) (citations omitted).

35.    Based on the facts, Plaintiffs are not public officials or figures within the meaning of *New York Times v. Sullivan*, 376 U.S. 254 (1964) or its progeny.

36.    Regardless of Plaintiffs' status, the sexual partners and STD/ HIV status of Plaintiffs are not a matter of public concern or interest. In fact, the Supreme Court has held that, "no aspects of life [are] more personal and private than those having to do with one's sexual organs and reproductive system." *Young v. Jackson*, 572 So. 2d 378, 382 (Miss. 1990). The Restatement Second of Torts further states that, "[s]exual relations . . . are normally entirely private matters, as are . . . many unpleasant or disgraceful or humiliating illnesses . . . ." Restatement (Second) of Torts § 652D cmt. b (Am. Law Inst. 1977).

37.    Based on the facts, the alleged defamation is a private matter.

38.    Because Plaintiffs are private figures and the alleged defamation is a private matter, actual malice is not applicable. Rather, liability should be evaluated using a negligence standard.

7

39.      Liability for an invasion of privacy: false light claim should also be evaluated using a negligence standard when a private figure is involved. While "[t]here is no consensus as [to] the applicable standard [to apply to a false light privacy action by a private plaintiff], and the Mississippi Supreme Court has not [yet] addressed the issue[, in light of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974),] numerous courts have logically concluded that a negligence standard should apply." *Am. Nat'l Gen. Ins. Co. v. Jackson*, 203 F. Supp. 2d 674, 685 n.17 (S.D. Miss 2001).

40.      In *Gertz*, "[t]he Court substantially altered the direction of First Amendment law [ . . . when it] established a public figure-private figure dichotomy." *Wood v. Hustler Magazine, Inc.*, 736 F.2d 1084, 1090 (5th Cir. 1984). This dichotomy was first utilized in defamation lawsuits, in which an actual malice standard was applied to public and quasi-public officials and figures in evaluating liability, while a negligence standard was applied to private figures. *See generally Gertz*, 418 U.S. 323 (1974). The Court opined that, "states had a greater interest in protecting private figures who had not 'invite[d] attention and comment' and who generally 'lack effective opportunities for rebuttal.'" *Wood*, 736 F. 2d at 1090 (quoting *Gertz*, 418 U.S. at 344).

41.      In the same manner, *Gertz*' dichotomy and analysis should be applied to Plaintiffs' claim for invasion of privacy: false light. In fact, "[o]n the particular issue of standard of care under false light . . . the Restatement [Second of Torts] qualifies its actual malice standard with a caveat [that . . .] leaves open the possibility that liability may be based on a showing of negligence as to truth or falsity." *Id.* at 1091.

42.      Because the matter at issue in Plaintiffs' invasion of privacy: false light claim is their public defamation by Defendants, and the standard applied in Plaintiffs' defamation claim is a negligence standard, it follows that Plaintiffs be allowed to apply a negligence standard here.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: DEFAMATION

43. Plaintiffs hereby incorporate and re-allege all claims set forth in the previous paragraphs.

44. Defendants defamed Plaintiffs by negligently publishing statements about them in which Defendants knew or should have known to be false.

45. To recover in a defamation lawsuit under Mississippi law, a plaintiff must establish:

(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Fulton v. Mississippi Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986) (citing Restatement (Second) of Torts § 558 (Am. Law Inst. 1997)).

46. Defendants' statement that:

Health Notification **HEALTH DEPT.** has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT www.msdhs.com: NEAL RAINEY 38 of PASCAGOULA , CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA , ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-2020) , 601-576-7400 mshealthdept@mail.com

*(See Ex. B)* is false as it concerns Plaintiffs. Specifically, per a December 2020 phone call between Plaintiff, Robert Lee Lett, III, and the Mississippi State Department of Health ("MSDH"), and a December 2020 phone call between a family member of Co-Plaintiff, Charles Lamont Fountain, the health department was not notified to contact Plaintiff or Co-Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff or Co-Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff and Co-Plaintiff are not STD/HIV positive, nor have they had sexual relations with a STD/HIV positive person or persons as Defendants' statement unmistakably portrays and as

9

Plaintiff and Co-Plaintiff reasonably understood Defendants' statement to mean. Plainly stated, Defendants' statement concerning Plaintiff and Co-Plaintiff is not true. Defendants' later retraction further supports this falsity noting that, "[t]he Sun Herald has learned that the health department did not forward the advertisement to the newspaper . . . ." (*See* Ex. C). In fact, simple review of Defendants' statement shows that both the MSDH's website and email address are fictitious accounts, ending in ".com" rather than ".gov," the domain used by official government organizations in the United States.

47. Defendants' statement is defamatory as it concerns Plaintiff and Co-Plaintiff in that Defendants' false narrative about Plaintiff and Co-Plaintiff's private lives, including their sexual partners and STD/HIV status, "tends . . . to harm the reputation[s] of [Plaintiff and Co-Plaintiff so] as to lower [them] in the estimation of the community or to deter third persons from associating or dealing with [them]." Restatement (Second) of Torts § 559 (Am. Law Inst. 1997).

48. Defendants' false and defamatory statement is also "of and concerning Plaintiff" as the written statement specifically lists Plaintiff, Robert Lee Lett, III's name: "Robert Lee Lett," and identifying information: "39," and "of Moss Point." While the Advertisement does not list Plaintiff's entire legal name, "Robert Lee Lett, III," Plaintiff generally goes by "Robert Lee Lett" or "Robert Lett" within the community. As it relates to Plaintiff's age, while the Advertisement incorrectly states that Plaintiff is "39," (Plaintiff is 35 years old with a date of birth of June 16, 1985), Plaintiff is the only Robert Lee Lett of Moss Point, Mississippi and the surrounding area that is close enough in age to be the party referred to. Lastly, while Plaintiff currently resides in Gautier, Mississippi, and did so at the time of the Advertisement's publication, Plaintiff is originally from and well-known in Moss Point, Mississippi. A reasonable person could therefore understand the Advertisement as intending to refer to Plaintiff.

49.     The Restatement Second of Torts states that "[a] defamatory communication is made concerning the person to whom its recipient correctly, or mistakenly but reasonably, understands that it was intended to refer." Restatement (Second) of Torts § 564 (Am. Law Inst. 1997) (emphasis added). The comment section further notes that, "[i]t is enough that it is so understood even though he is so inaccurately described that it is extraordinary that the communication is correctly understood." *Id.* at cmt. a (emphasis added). Despite the inaccuracies in Defendants' statement, Plaintiff understood Defendants' statement as intending to refer to him. In fact, Plaintiff understood Defendants' statement as intending to refer to him so much so that on the first date of publication, Plaintiff called the Sun Herald's call center demanding a retraction.

50.     Furthermore, "[i]t is not necessary that the plaintiff be designated by name; it is enough that there is such a description of or reference to him that those who hear or read reasonably understand the plaintiff to be the person intended." *Id.* at cmt. b (emphasis added). Members of the Mississippi Gulf Coast community who heard or read the Advertisement reasonably understood Plaintiff as being the person intended. Not only did members of the community reach out to Plaintiff and Plaintiff's family members via phone call and text message regarding the Advertisement, but social media posts naming Plaintiff as the intended party as well as a picture of Plaintiff and his wife were associated with the Advertisement and circulated.

51.     Although the Advertisement failed to list Plaintiff, Robert Lee Lett, III's, entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff as well as other members of the Mississippi Gulf Coast community reasonably understood the Advertisement as intending to refer to Plaintiff.

52.     Defendants' false and defamatory statement is "of and concerning Co-Plaintiff" as the written statement specifically lists Co-Plaintiff's name: "Charles Lamont Fountain," and identifying information: "42," and "of Pascagoula." Given the information provided, Co-Plaintiff as well as other

11

members of the Mississippi Gulf Coast community reasonably understood the Advertisement as intending to refer to Co-Plaintiff.

53.    Defendants published defamatory matter about Plaintiff and Co-Plaintiff to a third party. Specifically, Defendants intentionally or negligently communicated false and defamatory information about Plaintiff and Co-Plaintiff to parties other than Plaintiff and Co-Plaintiff, when on or about December 8, 2020, Defendants printed and distributed to readers a paper-copy of its daily newspaper, containing the alleged libelous Advertisement about Plaintiff and Co-Plaintiff within the Classifieds section. Defendants further published defamatory matter about Plaintiff and Co-Plaintiff to a third party when said Advertisement was posted in Sun Herald's online newspaper at www.sunherald.com, and when Defendants re-printed and distributed a second paper edition to readers on or about December 9, 2020. As a result of Defendants' publication, the Advertisement was further circulated within the Mississippi Gulf Coast Community via social media platforms, word of mouth, and text message.

54.    As it relates to publication amongst Defendants, Plaintiff and Co-Plaintiff assert an agency theory. *See* Restatement (Second) of Torts § 577 cmt. f (Am. Law Inst. 1997) (stating that "One is liable for the publication of defamation by a third person whom as his servant, agent or otherwise he directs or procures to publish defamatory matter.").

55.    Defendants' publication constitutes two publications, each with their own cause of action. The Restatement Second of Torts states that, "[a]ny one edition of a book or newspaper . . . is a single publication." *Id.* at § 577A(3). Defendants published two separate editions of the *Sun Herald* on December 8, 2020, and December 9, 2020, respectively, each containing the alleged defamatory Advertisement.

56.    Plaintiff and Co-Plaintiff did not consent to the publication of defamatory matter concerning them.

57.    Defendants' publication was unprivileged.    Neither an absolute nor conditional/qualified privilege was in existence at the time of the Advertisement's publication to provide Defendants immunity from liability.

58.    Defendants were negligent. Defendants owed Plaintiff and Co-Plaintiff a duty of care to act with a reasonable level of care in publishing the Advertisement at issue. Defendants breached this duty when Defendants failed to act in a manner consistent with those in the journalism profession. Specifically, Defendants failed to research, fact check, or verify the obviously false information contained within the Advertisement. Defendants failed to verify the source of information, let alone the source's trustworthiness. Defendants failed to review the Advertisement and edit for any errors or falsities and/or Defendants' processes for review and safeguard failed or were not properly employed. Defendants further failed to supervise or manage the editing process. Overall, Defendants failed to follow good journalistic practices, including internal policies and procedures. Defendants were the direct and proximate cause of Plaintiff and Co-Plaintiff's damages. Due to Defendants' breach, a false and defamatory statement about Plaintiff and Co-Plaintiff was published to the Mississippi Gulf Coast community. As a result of Defendants' publication, Plaintiff and Co-Plaintiff suffered and will suffer damages as set out below.

59.    Actionability of Defendants' statement is apparent as Plaintiff and Co-Plaintiff claim the existence of special harm due to its publication.   Namely, psychiatric, psychological, and therapeutic expenses.

60.    Actionability of Defendants' statement is also apparent irrespective of special harm as Defendants published a false statement about Plaintiff and Co-Plaintiff that is considered "defamation *per se*."

61.    The Supreme Court has held that if a statement is "libelous per se, proof of a malicious intent is not necessary to sustain the action; [further] it is not necessary to allege or prove special

13

damages, because the law presumes damages per se from the writing of the libelous words." *Smith v. Byrd*, 225 Miss. 331, 342 (1955) (citations omitted).

62.    Generally, Mississippi follows the common law rule that, "[a]ny written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community is actionable per se." *Fulton*, 498 So. 2d at 1217 (citations omitted).

63.    Statements are further actionable *per se* if they are:

(1) Words imputing the guilt or commission of some criminal offense involving moral turpitude and infamous punishment. (2) **Words imputing the existence of some contagious disease.** (3) Words imputing unfitness in an officer who holds an office of profit or emolument, either in respect of morals or inability to discharge the duties thereof. (4) Words imputing a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business; and . . . (5) words imputing to a female a want of chastity.

*Phillips Brothers, LP v. Winstead*, 129 So. 3d 906, 928 (¶76) (Miss. 2014) (citing *Speed v. Scott*, 787 So. 2d 626, 632 (Miss. 2001) (emphasis added) (citations omitted)).

64.    Defendants' Advertisement alleging Plaintiff and Co-Plaintiff were being sought by a government agency for testing of a communicable disease is defamation *per se*, and more precisely "libel *per se*" as it is written defamation. (*See* Ex. B).

### SECOND CAUSE OF ACTION: INVASION OF PRIVACY FALSE LIGHT

65.    Plaintiffs hereby incorporate and re-allege all claims set forth in the previous paragraphs.

66.    Defendants invaded Plaintiffs' privacy by knowingly, intentionally, willfully, or negligently publicizing statements about Plaintiff and Co-Plaintiff which were highly offensive to a reasonable person, and which Defendants knew or should have known to be false.

67.    Generally,

One who gives publicity to a matter concerning another that places the other before
the public in a false light is subject to liability to the other for invasion of his privacy,
if

(a) The false light in which the other was placed would be highly offensive to a
reasonable person, and

(b) The actor had knowledge of or acted in reckless disregard as to the falsity of the
publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E (Am. Law Inst. 1997).

68.    Defendants gave publicity to a matter concerning Plaintiffs when Defendants
published a defamatory advertisement about Plaintiff and Co-Plaintiff in two editions of their print
and online newspaper on, or about December 8 and 9, 2020. This matter was "of and concerning
Plaintiff and Co-Plaintiff," as previously discussed in their claim for defamation, as the Advertisement
specifically identified Plaintiff and Co-Plaintiff by name and included additional identifying
information. By printing this matter in a newspaper with a daily circulation rate of 13,848 print readers
in the year 2020 and 794,000 unique online visitors in the month of December[1], Defendants
"communicat[ed] this matter] to the public at large, or to so many persons that the matter [was]
regarded as substantially certain to become one of public knowledge." Id. at § 652D cmt. a. Moreover,
Defendants' publication was further circulated within the Mississippi Gulf Coast Community via social
media platforms, word of mouth, and text message.

69.    The matter publicized placed Plaintiff and Co-Plaintiff in a false light. As addressed
in their defamation claim, Defendants' statement regarding Plaintiff and Co-Plaintiff was false and
defamatory in nature.

70.    The false light Plaintiff and Co-Plaintiff were placed in was highly offensive to the
reasonable person. The Restatement Second of Torts states that "[i]t is only when there is such a

---

[1]The McClatchy Co., LLC, *Our Impact Markets*, https://www.mcclatchy.com/our-impact/markets/sun-herald/#navlink=mi_footer (last visited Apr. 1, 2021).

major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position . . . ." *Id.* at § 652D cmt. c. Here, publicity given to Plaintiff and Co-Plaintiff's alleged sexual partners and STD/HIV status would be highly offensive to the reasonable person as one's sexual organs and reproductive system are strongly regarded as personal and private. *See Young*, 572 So. 2d 378, 382 (Miss. 1990).

71.     A negligence standard of liability should be applied as it relates to the actor's knowledge of the truth or falsity of the publicized matter as more thoroughly discussed in the Applicable Standard heading above and as analyzed in Plaintiff and Co-Plaintiff's defamation claim.

72.     Plaintiffs plead their second cause of action as an additional remedy.

## DAMAGES

75.     As a direct and proximate consequence and result of the negligence alleged above, Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, suffered, and will suffer, the following injuries and damages:

        a.     Future psychiatric, psychological, and therapeutic expenses;

        b.     Injury to reputation and personal humiliation;

        c.     Mental anguish and suffering;

        d.     All damages allowed by law in defamation and invasion of privacy actions specified under the Mississippi Constitution, federal, and state laws.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, demand a trial by jury and a judgment from and against Defendants for actual and compensatory damages in an amount to be determined by a jury, together with pre-judgment and post-judgment interest in an amount to be determined at trial. Plaintiffs further pray that this Court will award punitive damages against the individual Defendants, Plaintiffs' costs in pursing this lawsuit, including attorneys' fees, and any other relief to which they may be entitled under Mississippi law.

Plaintiffs reserve the right to amend this Complaint as needed.

RESPECTFULLY SUBMITTED, this the 6th day of August 2021.

**ROBERT LEE LETT, III AND
CHARLES LAMONT FOUNTAIN**

By:    /s/ Jesse Mitchell, III
       Jesse Mitchell, III (MSB #103020)
       *Attorney for Plaintiff*

**OF COUNSEL:**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:  601.510.1981
Email:  jmitchell@tmflegal.com
       kkeeton@tmflegal.com
       legalassistant@tmflegal.com

https://www.mcclatchy.com/about/news/mcclatchy-acquired-by-chatham-asset-management-llc

# McClatchy Acquired by Chatham Asset Management, LLC

McClatchy emerges with strong balance sheet, positioned for success



"McClatchy is a storied business with a rich tradition of serving the interests of local communities across the country. Now, more than ever, investing in independent journalism is imperative to ensuring the public is informed about critical issues impacting regions nationwide. We are proud to serve as stewards of the business as it continues to provide consumers with important news and information from a newfound position of strength," said Chatham.

"Today marks the beginning of a new era and opportunity for McClatchy," said Tony Hunter, Chief Executive Officer of McClatchy. "The Company is now poised for sustainable long-term growth driven by differentiated local content and an acute focus on our digital presence and offerings. We will continue to be proud of McClatchy's iconic past while focusing on creating a bright future. I look forward to leading the talented McClatchy team, empowering them to do their best work, and energizing the organization to meet and exceed the evolving needs of our customers."

McClatchy has appointed a new Board of Directors (the "Board"), of which Mr. Hunter has been named Chairman. Additional members of the Board include two highly qualified independent directors:

- John Bode, Chief Operating Officer of Readerlink Distribution Services, a full-service distributor of hardcover, trade and paperback books in North America. Earlier in his career, Mr. Bode was the Chief Financial Officer of Tribune Publishing Company, where he led the company through its successful spin-off into a stand-alone, publicly traded entity.
- Jared Mashburn, an entrepreneur, business owner and former NFA professional athlete with deep operating expertise and relationships in many of the markets in which McClatchy operates. Mr. Mashburn owns and operates over 150 local businesses and franchises across the United States.

Mr. Hunter added, "I'm excited to have the benefit of Jared and John's unique perspective and extensive experience as we forge a successful future for the Company by creating a digital driven business model."

**About McClatchy**

We help people and communities thrive. Through our deeply-rooted commitment to the role of local journalism, McClatchy is a catalyst for informed engagement, greater understanding, and deeper community connections. We ensure delivery of news and information essential to enhancing individual lives and improving the 30 distinct communities that are home to our journalists and iconic brands, including the Miami Herald, The Kansas City Star, The Sacramento Bee, The Charlotte Observer, The (Raleigh) News and Observer, and the Fort Worth Star-Telegram. We extend our unique local and regional reach, relevance and resources to our advertising partners through fully-integrated marketing solutions. McClatchy is privately held by the investment firm, Chatham Asset Management. #ReadLocal

**Forward-Looking Statements**

Statements in this press release regarding the proposed agreement, as well as the restructuring and sale process, and any other statements about management's future expectations, beliefs, goals, plans or prospects, future business strategies, constitute forward-looking statements. Any statements that are not statements of historical fact (including statements containing the words "believe," "plans," "anticipates," "expects," "estimates" and similar expressions) should also be considered to be forward-looking statements. There are a number of important risks and uncertainties that could cause actual results or events to differ materially from those indicated by such forward-looking statements, including: as they experience diminished digital subscriber growth as a result of the COVID 19 pandemic at this crisis evolves; we may also harm to our operations in attempting to achieve our expense reduction targets; our operations have been, and will likely continue to be, adversely affected by competition, including competition from internet publishing and advertising platforms. These forward-looking statements speak as of the time made and, except as required by law, we disclaim any intention and assume no obligation to update the forward-looking information contained in this release.

**Contacts**

Media
James Segal
jsegal@mcclatchy.com
802-271-2520

Jonathan Gasthalter/Sam Fisher
Gasthalter & Co.
(212) 257-4170

Rachel Chesley
FTI Consulting
mcclatchy@fticonsulting.com
212-850-5631

Investors
Stephanie Zarate
szarate@mcclatchy.com
916-321-1931







**EXTRA**

**Southern Miss officially welcomes new football coach Will Hall**

# SunHerald

TUESDAY DECEMBER 8 2020

# Thanksgiving surge in COVID-19 cases arrives at Gulf Coast

**FAMILIES AND FRIENDS GATHERING FOR THANKSGIVING DINNER AND SHOPPING TOGETHER WAS EXPECTED TO LEAD TO A SURGE. NOW CHRISTMAS FESTIVITIES COULD PRODUCE ANOTHER SURGE.**

## Reeves plans Christmas parties despite his own orders



## State budget proposal includes vast spending cuts

IT IS UNCLEAR WHETHER THE GOVERNOR'S PARTY PLANS AT THE GOVERNOR'S MANSION WOULD ALLOW FOR PROPER SOCIAL DISTANCING.



PLAINTIFFS' EXHIBIT

B

## The bad, the worse, and the truly ugly come out

## Five-time Grand Slam doubles champion, Hall of Famer dies at 78





**Sun Herald**
READ LOCAL,
SUPPORT LOCAL.
MAKE A CONTRIBUTION TODAY

# Local news needs you

This year has been difficult – but it has also highlighted how critical local journalism is in our community. Help the Sun Herald continue to bring important stories to life. Please consider making a tax-deductible donation to support local news.

## Give today at
## givebutter.com/
## biloxisunherald

Or send a check payable to
Local Media Foundation
with "Sun Herald" written on the memo line

Local Media Foundation
PO Box 85015
Chicago, IL 60689-5015

# CLASSIFIEDS

## MERCHANDISE PRICED $100 OR LESS!



Sports XTRA

Test pilot broke sound barrier in 1947

# SunHerald

## Coast man pleads guilty to price gouging on virus protective gear

## COVID-19 deaths in Mississippi top 4,000



The Mississippi River bank near the beachfront.

## Water quality, flooding mean low grade for major watershed

## Court: Mississippi school disparity lawsuit may proceed



PLAINTIFF'S EXHIBIT

C





In Cardiff, Wales, on Tuesday, Chris Hingston, an intensive care unit doctor, is given the Pfizer-BioNTech COVID-19 vaccine. The United States hasn't yet approved the vaccine, but FDA regulators are expected to decide soon.

# FDA analysis favors approval for Pfizer's vaccine for use in US

## Safe harbor law marks key step for Biden victory

---

# Test pilot in X-1 was first to break sound barrier

CHUCK YEAGER, 1923-2020



---

# CLASSIFIEDS

MERCHANDISE PRICED $100 OR LESS!





# SunHerald

## Reeves expands state mask mandate, tightens limitations



If cases of COVID-19 continue to increase deaths the new mandates, Wednesday Gov. Tate Reeves said he said how will be to obstruct elective surgeries because hospitals are overburdened.

### Mississippi, Coast setting new highs daily during virus surge

## Harrison County official lost race, questions foe







PLAINTIFFS' EXHIBIT D



SPORTS IN BRIEF

# NFL Man of Year nominees include Wilson, T. Kelce



U.S. defender Julie Ertz, center, reacts to the ball over El Salvador defender Marisol Chávez during Wednesday's SheBelieves Cup match.

## Notable

## Baseball

## Golf

## NBA

## Colleges

---

# Abdul-Jabbar reveals past prostate cancer



# WOMEN'S COLLEGE BASKETBALL

---

# CLASSIFIEDS

## CORRECTION

MERCHANDISE PRICED $100 OR LESS!

## PROOF OF SERVICE – MISS. CODE § 95-1-5 NOTICE

Chatham Asset Management, LLC
26 Main Street Suite #204
Chatham, NJ 07928

I, the undersigned process server, served the requisite *Miss. Code § 95-1-5 Notice* upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

() FIRST CLASS MAIL AND ACKNOWLEDGMENT OF SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

() PERSONAL SERVICE. I personally delivered copies of the Notice on the ___day of April, 2021, to Chatham Asset Management, LLC, where I found said person(s) in _____, County of the State of Mississippi.

(X) CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of the service I was at least 18 years of age and not a party to this action.
Fee for service: $ 25.00
Process server must list below (Please print or type)

Name: Dedra Martin Brent
Address: 1062 Highland Colony Parkway Suite #150
         Ridgeland, MS 39157
Telephone: (769) 300-0462

STATE OF MISSISSIPPI
COUNTY OF __Madison__

Dedra Martin Brent personally appeared before me, the undersigned authority in and for the state and county aforesaid, and states on oath, upon first being duly sworn by me, that the matters and facts set forth in the foregoing "Proof of Service-Miss. Code § 95-1-5 Notice" are true and correct as therein stated.

Process Server (Signature)

Sworn to and subscribed before me this the 12th day of April, 2021.

Notary Public

PLAINTIFF'S EXHIBIT

E

SEAL

ID # 85382
JUSTIN GAUTHIER
Commission Expires
Feb. 23, 2023



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Chatham Asset Management LLC
26 Main St Suite # 204
Chatham NJ 07928

9590 9402 6516 0346 5640 57

2. Article Number (Transfer from service label)
7018 0680 0002 0837 3652

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 6516 0346 5640 57

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

The Mitchell Firm, PLLC
1062 Highland Colony Pkwy
Suite #. 150
Ridgeland, MS 39157

Certified Mail service provides the following benefits:
■ A receipt (this portion of the Certified Mail label).
■ A unique identifier for your mailpiece.
■ Electronic verification of delivery or attempted delivery.
■ A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

Important Reminders:
■ You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
■ Certified Mail service is not available for international mail.
■ Insurance coverage is not available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
■ For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
   – Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, Domestic Return Receipt; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
   – Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
   – Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
   – Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
■ To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

PS Form 3800, April 2015 (Reverse) PSN 7530-02-000-9047

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee   $3.60
                                            0110
                                            04
Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)      $0.00
☐ Return Receipt (electronic)    $0.00
☐ Certified Mail Restricted Delivery  $0.00
☑ Adult Signature Required       $0.00
☐ Adult Signature Restricted Delivery $____
Postage
$0.55
Total Postage and Fees
$7.00                           04/12/2021

Sent To  Chatham Asset Management LLC
Street and Apt. No., or PO Box No.  26 Main Street, Suite 204
City, State, ZIP+4®  Chatham NJ 07928

7018 0680 0002 0837 3652



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chatham Asset Management, LLC
26 Main St. Suite #204
Chatham, NJ 07928

9590 9402 6516 0346 5640 40

2. Article Number (Transfer from service label)

7019 2970 0002 0360 8561

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Cowbis ☐ Agent ☐ Addressee

B. Received by (Printed Name): ALZ

C. Date of Delivery: 4/15/21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☒ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

---

USPS TRACKING#

2 L

9590 9402 6516 0346 5640 40

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

The Mitchell Firm, PLLC
1062 Highland Colony Pkwy
Suite # 150
Ridgeland, MS 39157

---

**Certified Mail service provides the following benefits:**

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

*Important Reminders:*

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is not available for international mail.
- Insurance coverage is not available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

---

7019 2970 0002 0360 8561

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE** Chatham NJ 07928

| | | |
|---|---|---|
| Certified Mail Fee | $3.60 | 0110 |
| $ | $2.85 | 04 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☒ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $0.00 | |
| ☒ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $0.75 | 04/12/2021 |
| Total Postage and Fees | $7.20 | |

Sent To: Chatham Asset Management LLC
Street and Apt. No., or PO Box No.: 26 Main Street, Suite 204
City, State, ZIP+4®: 07928

**THE MITCHELL FIRM** TRIAL ATTORNEYS

April 12, 2021

Chatham Asset Management, LLC                    **VIA CERTIFIED MAIL**
26 Main Street Suite 204
Chatham, NJ 07928

To Whom It May Concern,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Robert Lee Lett, III's, written notice in compliance with the Code.

On, or about December 8, 2020, The McClatchy Company, LLC, whose assets are owned by you, Chatham Asset Management, LLC, and for whom Blake Kaplan serves as Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within its daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Robert Lee Lett as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. These statements are false. Specifically, the following statements from the article are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-2020) . . ."

Per a December 2020 phone call between Plaintiff and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "39"

Plaintiff is 35 years old. DOB: 6/16/1985. This identifier is false, but not necessarily defamatory.

4. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

While this advertisement does not list Plaintiff's entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this article as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements.

By printing and disseminating an advertisement of this nature, journalism standards and ethics for accuracy and truth in reporting were violated, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by the editing department at The McClatchy Company, LLC, or by Blake Kaplan through simple review. Both The McClatchy Company, LLC and Blake Kaplan utterly failed in this regard, neglecting their editorial duties. As owner of The McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for both your company's and employees' actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. This response should have been as loud and as powerful as the initial actions The McClatchy Company, LLC and Blake Kaplan took when they first defamed Robert Lee Lett, III.

Page 2

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Page 3

## Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTI-FICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF

DEA



Ex wi

BY A

DI
pass
and l
forw
ning
Chri
been
or ch
it's i
time
W
husb
their
wife.
ago,
emot

THE

# MITCHELL

## FIRM TRIAL ATTORNEYS

April 12, 2021

Chatham Asset Management, LLC                                        **VIA CERTIFIED MAIL**
26 Main Street Suite 204
Chatham, NJ 07928

To Whom It May Concern,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Charles Lamont Fountain's written notice in compliance with the Code.

On, or about December 8, 2020, The McClatchy Company, LLC, whose assets are owned by you, Chatham Asset Management, LLC, and for whom Blake Kaplan serves as Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within its daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Charles Lamont Fountain as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. Based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory advertisement. However, these statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1.  "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA (NOTIFIED 12-7-2020) . . . ."

Per a December 2020 phone call between Plaintiff's family member and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

By printing and disseminating an advertisement of this nature, journalism standards and ethics for accuracy and truth in reporting were violated, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by the editing department at The McClatchy Company, LLC, or by Blake Kaplan through simple review. Both The McClatchy Company, LLC and Blake Kaplan utterly failed in this regard, neglecting their editorial duties. As owner of The McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for both your company's and employees' actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. This response should have been as loud and as powerful as the initial actions The McClatchy Company, LLC and Blake Kaplan took when they first defamed Charles Lamont Fountain.

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

## Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF



## PROOF OF SERVICE – MISS. CODE § 95-1-5 NOTICE

The McClatchy Company, LLC d/b/a Sun Herald
Attn: C.T. Corporation System
Registered Agent
645 Lakeland East Drive Suite #101
Flowood, MS 39232

I, the undersigned process server, served the requisite *Miss. Code § 95-1-5 Notice* upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

( ) **FIRST CLASS MAIL AND ACKNOWLEDGMENT OF SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

(X) **PERSONAL SERVICE.** I personally delivered copies of the Notice on the 12th day of April, 2021, to The McClatchy Company, LLC d/b/a Sun Herald, where I found said person(s) in Rankin County of the State of Mississippi.

( ) **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of the service I was at least 18 years of age and not a party to this action.
Fee for service: $ 25.⁰⁰
Process server must list below (Please print or type)

Name: Dedra Martin Brent.
Address: 1062 Highland Colony Parkway Suite #150
         Ridgeland, MS 39157
Telephone: (769) 300-0462

STATE OF MISSISSIPPI
COUNTY OF Madison

Dedra Martin Brent personally appeared before me, the undersigned authority in and for the state and county aforesaid, and states on oath, upon first being duly sworn by me, that the matters and facts set forth in the foregoing "Proof of Service-Miss. Code § 95-1-5 Notice" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the 12th day of April, 2021.

_____
Notary Public

STATE OF MISS.
NOTARY PUBLIC
ID # 95382
JUSTIN GAUTHIER
Commission Expires
Feb. 21, 2022
MADISON COUNTY

(SEAL)

# THE MITCHELL FIRM
## TRIAL ATTORNEYS

April 12, 2021

The McClatchy Company, LLC d/b/a Sun Herald            **VIA PROCESS SERVER**
Attn: C.T. Corporation System
Registered Agent
645 Lakeland East Drive Suite 101
Flowood, MS 39232

To Whom It May Concern,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Robert Lee Lett, III's, written notice in compliance with the Code.

On, or about December 8, 2020, you, The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, and for whom Blake Kaplan serves as your Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within your daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings; "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Robert Lee Lett as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. These statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT ... ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-2020) .... "

Per a December 2020 phone call between Plaintiff and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com":

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "39"

Plaintiff is 35 years old. DOB: 6/16/1985. This identifier is false, but not necessarily defamatory.

4. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

While this advertisement does not list Plaintiff's entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements.

By printing and disseminating an advertisement of this nature, journalism standards and ethics for accuracy and truth in reporting were violated, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by your editing department at The McClatchy Company, LLC, or by Blake Kaplan through simple review. Both you and Blake Kaplan utterly failed in this regard, neglecting your editorial duties. As owner of The McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for both your company's and employees' actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. This response should have been as loud and as powerful as your initial actions when you and Blake Kaplan first defamed Robert Lee Lett, III.

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Page 3

## Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTI- FICATION." The Sun Herald has learned that the health department did not forward the advertise- ment to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the ad- vertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF

DEA

E**x**

wi



BY A

Di
pass
and I
forw
ning
Chri
been
orch
it's i
time
W.
husb
their
wife.
ago,
emo!



THE **MITCHELL** FIRM TRIAL ATTORNEYS

April 12, 2021

The McClatchy Company, LLC d/b/a Sun Herald                    **VIA PROCESS SERVER**
Attn: C.T. Corporation System
Registered Agent
645 Lakeland East Drive Suite 101
Flowood, MS 39232

To Whom It May Concern,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Charles Lamont Fountain's written notice in compliance with the Code.

On, or about December 8, 2020, you, The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, and for whom Blake Kaplan serves as your Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within your daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further reprinted in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Charles Lamont Fountain as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. Based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements. However, these statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1.  "Health Dept. has been notified to contact 3 more alleged person(s) to be tested
    for STD/HIV due to person(s) been reported of having contact with positive
    person(s) REPORT TO NEARBY HEALTH DEPT . . . : CHARLES LAMONT
    FOUNTAIN 42 of PASCAGOULA (NOTIFIED 12-7-2020) . . . ."

    Per a December 2020 phone call between Plaintiff's family member and the
    Mississippi State Department of Health ("MSDH"), the health department has not
    been notified to contact Plaintiff for alleged contact with a STD/HIV positive
    person or persons, nor did MSDH request or notify Plaintiff to report to the
    nearby health department on December 7, 2020 or at any time as it relates to this
    matter.  Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual
    relations with a STD/HIV positive person or persons as the advertisement
    unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2.  "www.msdhs.com"

    The correct website for the MSDH is www.msdh.ms.gov.  The MSDH website
    address published in the *Sun Herald* does not exist.  Use of an alleged government
    entity website address attempts to create a sense of authority and validity for the
    defamatory statement, undermining Plaintiff's credibility.

3.  "mshealthdept@mail.com"

    The MSDH email address published in the *Sun Herald* does not exist.  Further,
    email addresses for United States' government entities end in ".gov."  Use of an
    alleged government entity email address attempts to create a sense of authority and
    validity for the defamatory statement, undermining Plaintiff's credibility.

By printing and disseminating an advertisement of this nature, journalism standards and ethics
for accuracy and truth in reporting were violated, as well as internal policies and procedures.  This
advertisement was blatantly false on its face and should have been intercepted by your editing
department at The McClatchy Company, LLC, or by Blake Kaplan through simple review.  Both you
and Blake Kaplan utterly failed in this regard, neglecting your editorial duties.  As owner of The
McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology
expressing remorse and taking responsibility for both your company's and employees' actions, or lack
thereof, is warranted.  The retraction published in print on, or about December 11, 2020, and enclosed
herein, was woefully inadequate and extremely short in duration to suffice.  This response should have
been as loud and as powerful as your initial actions when you and Blake Kaplan first defamed Charles
Lamont Fountain.

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

## Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF

DEA

E**x**

**w**i



BY A

DI
pass
and l
forw
ning
Chri
been
or ch
It's l
time
W
husb
their
wife.
ago,
emot

## PROOF OF SERVICE – MISS. CODE § 95-1-5 NOTICE

Mr. Blake Kaplan
1629 Springridge Road
Gautier, MS 39553

I, the undersigned process server, served the requisite *Miss. Code §.95-1-5 Notice* upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

( ) **FIRST CLASS MAIL AND ACKNOWLEDGMENT OF SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

(X) **PERSONAL SERVICE.** I personally delivered copies of the Notice on the _17_ day of April, 2021, to Blake Kaplan, where I found said person(s) in _Taylor_ County of the State of Mississippi.

( ) **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of the service I was at least 18 years of age and not a party to this action.
Fee for service: $ _50.00_
Process server must list below (Please print or type)

Name: _Robert L. Blackle_
Address: _17709 IE Main Rd._
_Moss Point, MS_
Telephone: _228-990-8448_

STATE OF MISSISSIPPI
COUNTY OF _Jackson_

_Robert L. Blackle_ personally appeared before me, the undersigned authority in and for the state and county aforesaid, and states on oath, upon first being duly sworn by me, that the matters and facts set forth in the foregoing "Proof of Service-Miss. Code § 95-1-5 Notice" are true and correct as therein stated.

_[signature]_
Process Server (Signature)

Sworn and subscribed before me this the _19th_ day of April, 2021.

_[notary seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID No. 6824 Commission Expires February 11, 2023]_

_[signature]_
Notary Public

# THE
# MITCHELL
# FIRM TRIAL ATTORNEYS

April 12, 2021

Mr. Blake Kaplan                                                        **VIA PROCESS SERVER**
1629 Springridge Road
Gautier, MS 39553

Mr. Kaplan,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Robert Lee Lett, III's, written notice in compliance with the Code.

On, or about December 8, 2020, you, Blake Kaplan, individually and as Executive Editor and General Manager of The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, printed and published in mass a fictitious and defamatory advertisement or article within the daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Robert Lee Lett as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. These statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-2020) . . . ."

Per a December 2020 phone call between Plaintiff and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "39"

Plaintiff is 35 years old. DOB: 6/16/1985. This identifier is false, but not necessarily defamatory.

4. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

While this advertisement does not list Plaintiff's entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements.

By printing and disseminating an advertisement of this nature, you violated journalism standards and ethics for accuracy and truth in reporting, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by you or the editing department at The McClatchy Company, LLC through simple review. You utterly failed in this regard however, neglecting your editorial duties. As owner of the *Sun Herald*, both The McClatchy Company, LLC and Chatham Asset Management, LLC are also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for your actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. Your response should have been as loud and as powerful as your initial actions when you first defamed Robert Lee Lett, III.

Page 2

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel. Should any questions or concerns arise regarding this matter, please contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Page 3

## Defamatory Advertisement



Retraction

# CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTI-FICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

# SOUND OFF



DEA

E

wi

BYA

DI
passe
and I
forw
ning
Chri
been
or ch
it's in
time
W
husb
their
wife,
ago,
emm



# THE
# MITCHELL
# FIRM TRIAL ATTORNEYS

April 12, 2021

Mr. Blake Kaplan                                        **VIA PROCESS SERVER**
1629 Springridge Road
Gautier, MS 39553

Mr. Kaplan,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Charles Lamont Fountain's written notice in compliance with the Code.

On, or about December 8, 2020, you, Blake Kaplan, individually and as Executive Editor and General Manager of The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, printed and published in mass a fictitious and defamatory advertisement or article within the daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Charles Lamont Fountain as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. Based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements. However, these statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT ... CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA (NOTIFIED 12-7-2020) ...."

1062 Highland Colony Parkway, Suite 150, | Ridgeland, MS 39157 | (O) 769.300.0462 | (F) 601.510.1931 | www.tinfilegal.com

RIDGELAND | PASCAGOULA | OXFORD

Per a December 2020 phone call between Plaintiff's family member and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

By printing and disseminating an advertisement of this nature, you violated journalism standards and ethics for accuracy and truth in reporting, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by you or the editing department at The McClatchy Company, LLC through simple review. You utterly failed in this regard, neglecting your editorial duties. As owner of the *Sun Herald*, both The McClatchy Company, LLC and Chatham Asset Management, LLC are also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for your actions or lack thereof is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. Your response should have been as loud and as powerful as your initial actions when you first defamed Charles Lamont Fountain.

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel. Should any questions or concerns arise regarding this matter, please contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Defamatory Advertisement





Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTI-FICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF

DEA

**Ex**

**Wi**



BY A

**DI**
pass
and I
forw
ning
Chri
been
orch
it's in
time
W
husb
their
wife.
ago,
emo

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III AND
CHARLES FOUNTAIN**

**PLAINTIFFS**

v.

CIVIL ACTION NO. _21-135(3)_

**CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12**

**DEFENDANTS**

---

### SUMMONS

---

**THE STATE OF MISSISSIPPI
COUNTY OF JACKSON**

TO:   THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD
      ATTN: C.T. CORPORATION SYSTEM
      645 LAKELAND EAST DRIVE, SUITE 101
      FLOWOOD, MS 39232

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. You are required to mail or hand-deliver a copy of a written response to the Complaint to Jesse Mitchell, III, Esq., the attorney for the Plaintiffs, whose mailing address is: The Mitchell Firm, PLLC, 1062 Highland Colony Parkway, Suite 150, Ridgeland, Mississippi; Telephone: (769)300-0462, Facsimile: (601) 510-1981.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the _11_ day of _August_ 2021.

_Randy Carney_
_By: BQ McCleary, DC_
JACKSON COUNTY CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN

**PLAINTIFFS**

v.

CIVIL ACTION NO. _21·135(3)_

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

**DEFENDANTS**

---

### SUMMONS

---

**THE STATE OF MISSISSIPPI**
**COUNTY OF JACKSON**

**TO:** CHATHAM ASSET MANAGEMENT, LLC
26 MAIN STREET, SUITE 204
CHATHAM, NJ 07928

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. You are
required to mail or hand-deliver a copy of a written response to the Complaint to Jesse Mitchell, III,
Esq., the attorney for the Plaintiffs, whose mailing address is: The Mitchell Firm, PLLC, 1062
Highland Colony Parkway, Suite 150, Ridgeland, Mississippi, Telephone: (769)300-0462, Facsimile:
(601) 510-1981.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30)
DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A
JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR
OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your
response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the ___11___ day of ___Aug___, 2021.

_Randy Carey_

_by BM Clea_

JACKSON COUNTY CLERK

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN

**PLAINTIFFS**

v.

CIVIL ACTION NO. **21-135(3)**

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC        **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF JACKSON

TO:  **BLAKE KAPLAN**
     **1629 SPRINGRIDGE ROAD**
     **GAUTIER, MISSISSIPPI 39553**

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. You are required to mail or hand-deliver a copy of a written response to the Complaint to Jesse Mitchell, III, Esq., the attorney for the Plaintiffs, whose mailing address is: The Mitchell Firm, PLLC, 1062 Highland Colony Parkway, Suite 150, Ridgeland, Mississippi, Telephone: (769)300-0462, Facsimile: (601) 510-1981.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the _11_ day of _August_, 2021.

Randy Carney
by: B McCreary, DC
JACKSON COUNTY CLERK

20

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                                            **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                                          **DEFENDANTS**

---

### MISSISSIPPI RULE OF CIVIL PROCEDURE 12
### MOTION OF DEFENDANT BLAKE KAPLAN

---

COMES NOW Defendant Blake Kaplan pursuant to Mississippi Rule of Civil Procedure 12 and files this his motion to dismiss the Complaint on the grounds of improper venue and failure to state a claim upon which relief can be granted.

Defendant Blake Kaplan therefore moves to dismiss the Complaint filed by Plaintiffs.

**RESPECTFULLY SUBMITTED** this the 15th day of September, 2021.

**BLAKE KAPLAN**

By:   _s/  Henry Laird_____
        HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 15th day of September, 2021.

> *s/ Henry Laird*
> HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                  **DEFENDANTS**

---

### MOTION OF DEFENDANT BLAKE KAPLAN FOR TIME
### TO SUBMIT AFFIDAVITS AND BRIEF IN SUPPORT OF
### MISSISSIPPI RULE OF CIVIL PROCEDURE 12 MOTION TO DISMISS

---

COMES NOW Defendant Blake Kaplan and files this his motion for thirty days time

in which to file affidavits and a memorandum brief in support of his Mississippi Rule of

Civil Procedure 12 Motion to Dismiss.

**RESPECTFULLY SUBMITTED** this the 15th day of September, 2021.

**BLAKE KAPLAN**


By:     _s/  Henry Laird_____
            HENRY LAIRD


**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 15th day of September, 2021.

<div align="right">

*s/ Henry Laird*
HENRY LAIRD

</div>

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

v.                                          **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                                 **DEFENDANTS**

---

### MOTION FOR TIME OF DEFENDANT THE McCLATCHY COMPANY, LLC

---

COMES NOW Defendant The McClatchy Company, LLC, and files this its motion

for thirty additional days time from September 17, 2021 in which to plead, answer, or

otherwise defend the Complaint filed by Plaintiff, including but not limited to all affirmative

defenses, including Mississippi Rule of Civil Procedure 12 defenses.

**RESPECTFULLY SUBMITTED** this the 15th day of September, 2021.

**THE McCLATCHY COMPANY, LLC, a
Delaware limited liability company**


By:   _s/ Henry Laird_
      HENRY LAIRD


**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com

> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 15th day of September, 2021.

<div align="right">
<u>s/ Henry Laird</u>
HENRY LAIRD
</div>

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                          **PLAINTIFFS**

**v.**                                               **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                        **DEFENDANTS**

---

### MISSISSIPPI RULE OF CIVIL PROCEDURE 12
### MOTION OF DEFENDANT CHATHAM ASSET MANAGEMENT, LLC

---

COMES NOW Defendant Chatham Asset Management, LLC pursuant to Mississippi Rule of Civil Procedure 12 and files this motion to dismiss the Complaint on the grounds of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted.

Defendant Chatham Asset Management, LLC therefore moves to dismiss the Complaint filed by Plaintiffs.

**RESPECTFULLY SUBMITTED** this the 17th day of September, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**


By:     _s/ Henry Laird_
        HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 17th day of September, 2021.

> *s/ Henry Laird*
> HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                        **PLAINTIFFS**

**v.**                                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                      **DEFENDANTS**

---

### MOTION OF DEFENDANT CHATHAM ASSET MANAGEMENT, LLC
### FOR TIME TO SUBMIT AFFIDAVITS AND BRIEF IN SUPPORT OF
### MISSISSIPPI RULE OF CIVIL PROCEDURE 12 MOTION TO DISMISS

---

COMES NOW Defendant Chatham Asset Management, LLC and files this motion

for thirty days time in which to file affidavits and a memorandum brief in support of his

Mississippi Rule of Civil Procedure 12 Motion to Dismiss.

**RESPECTFULLY SUBMITTED** this the 17th day of September, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**

By:   _s/  Henry Laird_____
       HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

>       Jessie Mitchell, III
>       The Mitchell Firm, PLLC
>       1062 Highland Colony Parkway, Suite 150
>       Ridgeland, MS   39157
>       Email:   jmitchell@tmflegal.com
>
>       *Attorney for Plaintiff*

**SO CERTIFIED**, this the 17th day of September, 2021.

>                               *s/ Henry Laird*
>                               HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                              **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                              **DEFENDANTS**

### AFFIDAVIT OF HENRY LAIRD

**STATE OF MISSISSIPPI
COUNTY OF HARRISON**

I, Henry Laird, make this Affidavit as follows:

1.    I am the attorney for Defendants, Chatham Asset Management, LLC; The

McClatchy Company, LLC; and Blake Kaplan.

2.    I make this Affidavit upon personal knowledge.

3.    As attorney for Defendants, I have filed the following pleadings:

[Doc. #6]    Mississippi Rule of Civil Procedure 12 Motion of Defendant Blake Kaplan filed on September 15, 2021;

[Doc. #7]    Motion of Defendant Blake Kaplan for Time to Submit Affidavits and brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss filed on September 15, 2021;

[Doc. #8]    Motion for Time of Defendant The McClatchy Company, LLC filed on September 15, 2021;

[Doc. #9]    Mississippi Rule of Civil Procedure 12 Motion of Defendant Chatham Asset Management, LLC filed on September 17, 2021; and

[Doc. #10]    Motion of Defendant Chatham Asset Management, LLC for Time to Submit Affidavits and brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss filed on September 17, 2021.

4.    I need thirty (30) days additional time until October18, 2021 in which to answer or otherwise defend the Complaint against Defendant, The McClatchy Company, LLC; to brief the motion to dismiss in favor of Defendant Chatham Asset Management, LLC with supporting affidavit/affidavits; and to brief the motion to dismiss of Defendant Blake Kaplan with supporting affidavit/affidavits.

5.    The Complaint was filed by Plaintiffs on August 9, 2021; I have been recently retained to represent all three Defendants in this litigation; and I need the requested additional time to adequately represent the Defendants' interests.   I cannot do so without the obtaining the additional time.

6.    A representative of one of the Defendants with whom undersigned counsel is working to defend the Complaint is out of the country until on or about September 27, 2021; I need time to prepare affidavits in support of the two motions to dismiss; and I need time to research the facts of the case and analyze the law to adequately prepare briefs supporting the two motions to dismiss.

7.    Counsel for Plaintiffs and I are trying to reach agreement on the wording of agreed orders for additional time.

_____

HENRY LAIRD


SWORN TO AND SUBSCRIBED before me, this the 17th day of September, 2021.

_____

Notary Public

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                    **PLAINTIFFS**

**v.**                          **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                  **DEFENDANTS**

---

### NOTICE OF HEARING

---

Please take notice that Defendants, Blake Kaplan and Chatham Asset Management, LLC, will bring their Mississippi Rule of Civil Procedure 12 Motions to Dismiss [Doc. # 6 and 9, respectively] on for hearing before the Honorable Dale Harkey, in the Circuit Court of Jackson County, located at 3104 Magnolia Street, Pascagoula, Mississippi at 1:30 p.m. on Friday, November 12, 2021 or as soon as counsel may be heard.

Respectfully submitted, this the 22nd day of September, 2021.

<div align="right">

**CHATHAM ASSET MANAGEMENT, LLC; and
BLAKE KAPLAN**

BY: s/ Henry Laird
    HENRY LAIRD (MSB 1774)

</div>

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> Karmel Keeton
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS  39157
> Email: jmitchell@tmflegal.com
>          kkeeton@tmflegal.com
>
> *Attorneys for Plaintiff*

This the 22nd day of September, 2021.

s/  Henry Laird
Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

ROBERT LETT, III and
CHARLES FOUNTAIN                                            **PLAINTIFFS**

SEP 2 8 2021

RANDY CARNEY, CLERK

v.                    BY_____   CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                         **DEFENDANTS**

---

### ORDER GRANTING MOTION FOR TIME

---

ON Mississippi Rule of Civil Procedure 12 Motion to Dismiss of Defendant Chatham Asset Management, LLC [Doc. #9] and Motion of Defendant Chatham Asset Management, LLC for Time to Submit Affidavits and Brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss [Doc. #10] the Court finds that the motion for time is well taken and should be granted.

The Court finds that Plaintiffs want to propound discovery to Defendant Chatham Asset Management, LLC to be responded to prior to the hearing on its Rule 12 motion to dismiss, to which Chatham Asset Management, LLC objects unless the Court first enters an order finding that answering the objected to discovery to prepare Plaintiffs for the motion to dismiss hearing does not constitute a waiver by Chatham Asset Management, LLC of any of its Rule 12(b) grounds.   It is therefore

ORDERED AND ADJUDGED that Defendant Chatham Asset Management, LLC must respond to discovery requests from Plaintiffs to prepare them for the upcoming hearing on Chatham Asset Management, LLC's motion to dismiss; and that responding to discovery from Plaintiffs (including any specific objections) does not constitute a waiver

by Chatham Asset Management, LLC of any of its Rule 12(b) grounds for dismissal.   It is further

ORDERED AND ADJUDGED that Chatham Asset Management, LLC has until October 18, 2021 to file a brief and/or file affidavits supporting its Motion to Dismiss [Doc. #9]; and Plaintiffs will have thirty (30) days from being served with the brief to respond; and thereafter the Chatham Asset Management, LLC will have five days to serve any rebuttal brief.

ORDERED AND ADJUDGED this the ___27th___ day of September, 2021

CIRCUIT COURT JUDGE

**AGREED:**

Jessie Mitchell, III
*Counsel for Plaintiffs*
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS   39157
Telephone:   769/300-0462
Email:   jmitchell@tmflegal.com

Henry Laird
*Counsel for Defendants*
Wise Carter
2150 14th Street, Ste. 1125
Gulfport, MS   39501
Telephone:   228/867-7141
Email:   hfl@wisecarter.com

**Prepared by:**

Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                              **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                          **DEFENDANTS**

---

### AFFIDAVIT OF James Ruggerio, Jr.

---

STATE OF NEW JERSEY
COUNTY OF MORRIS

I, James Ruggerio, Jr., declare as follows:

1.      I am over 18 years of age and am competent to make this Affidavit.   I have personal knowledge of the facts stated herein, and they are true and correct to the best of my knowledge, information, and belief.

2.      I am the Chief Operating Officer for the Defendant, Chatham Asset Management, LLC ("Chatham, LLC").

3.      Chatham, LLC is a Delaware limited liability company with its principal place of business in Chatham, New Jersey.

4.      Chatham, LLC does not do business in Mississippi.   It is not registered to do business in Mississippi.   Chatham, LLC does not maintain an office in Mississippi, does not maintain any bank accounts in Mississippi, does not own, use or possess any real property in Mississippi, and does not have any employees in Mississippi.

5.      Chatham, LLC and The McClatchy Company, LLC. ("McClatchy, LLC") are separate limited liability companies.   McClatchy, LLC is a Delaware limited liability compay with its principal office in Sacramento, California.   McClatchy, LLC publishes the *Sun Herald* newspaper in Gulfport, Mississippi.

6.      Chatham, LLC and McClatchy, LLC each keep separate company books, financial records and bank accounts.   McClatchy, LLC files separate state tax returns and has its own Employer Identification Number; pays its own rent and expenses; purchases and owns its supplies, fixtures and furniture; hires and fires its own personnel; maintains all permits and licenses in its own name; runs its offices in Gulfport, Mississippi and is free of editorial control by Chatham, LLC.   McClatchy does not enter into contracts on behalf of Chatham, LLC.

7.      McClatchy, LLC is 100% owned by SIJ Intermediate, LLC.   SIJ Intermediate, LLC is 100% owned by SIJ Holdings, LLC. SIJ Holdings, LLC is 100% owned by SIJ Parent Holdings, LLC. SIJ Parent Holdings, LLC is 100% owned by Chatham, LLC.   These entities have no say in the newsroom or classified ads operations of any of the newspapers owned by Chatham, LLC.

8.      Chatham, LLC does not control personnel decisions made with regard to McClatchy, LLC employees, including Defendant Blake Kaplan.

9.      Chatham, LLC plays no part in the preparation of the news or classified ads published in the *Sun Herald* newspaper, including but not limited to the classified ad involved in this case.

*[Remainder of this page intentionally left blank]*

_____

James Ruggerio, Jr., Chief Operating Officer

SWORN TO AND SUBSCRIBED before me, this the 17th day of September, 2021.

_____

Notary Public

PETER ZDAZENSKI
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50054589
My Commission Expires 2/10/2022

3

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                                    PLAINTIFFS

OCT 0 4 2021

RANDY CARNEY, CLERK

v.                                            D.C.
                                   CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                                 DEFENDANTS

## ORDER GRANTING MOTION FOR TIME

ON Mississippi Rule of Civil Procedure 12 Motion to Dismiss of Defendant Blake
Kaplan [Doc. #6] and Motion of Defendant Blake Kaplan for Time to Submit Affidavits and
Brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss [Doc. #7] the
Court finds that the motion for time is well taken and should be granted.

The Court finds that Plaintiffs want to propound discovery to Defendant Blake
Kaplan to be responded to prior to the hearing on his Rule 12 motion to dismiss, to which
Blake Kaplan objects unless the Court first enters an order finding that answering the
objected to discovery to prepare Plaintiffs for the motion to dismiss hearing does not
constitute a waiver by Blake Kaplan of any of his Rule 12(b) grounds.  It is therefore

ORDERED AND ADJUDGED that Defendant Blake Kaplan must respond to
discovery requests from Plaintiffs to prepare them for the upcoming hearing on Blake
Kaplan's motion to dismiss; and that responding to discovery from Plaintiffs (including any
specific objections) does not constitute a waiver by Blake Kaplan of any of his Rule 12(b)
grounds for dismissal.   It is further

ORDERED AND ADJUDGED that Blake Kaplan has until October 18, 2021 to file a brief and/or file affidavits supporting his Motion to Dismiss [Doc. #6]; and Plaintiffs will have thirty (30) days from being served with the brief to respond; and thereafter the Blake Kaplan will have five days to serve any rebuttal brief.

ORDERED AND ADJUDGED this the 1st day of ~~September~~ October, 2021 (kg)

_____
**CIRCUIT COURT JUDGE**

**AGREED:**

_____
Jessie Mitchell, III
*Counsel for Plaintiffs*
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS   39157
Telephone:   769/300-0462
Email:   jmitchell@tmflegal.com

_____
Henry Laird
*Counsel for Defendants*
Wise Carter
2150 14th Street, Ste. 1125
Gulfport, MS   39501
Telephone:   228/867-7141
Email:   hfl@wisecarter.com

---

Prepared by:

Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

**OCT 0 4 2021**

RANDY CARNEY, CLERK

BY_____ D.C.

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                              **PLAINTIFFS**

v.                                               **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                            **DEFENDANTS**

## ORDER GRANTING MOTION FOR TIME

ON Motion for Time of Defendant The McClatchy Company, LLC to Answer Complaint [Doc. #8] the Court finds that the motion for time is well taken and should be granted.

The Court finds that Plaintiffs want to propound discovery to Defendant The McClatchy Company, LLC to be responded to prior to the hearing on any Rule 12 motion to dismiss it will file, to which The McClatchy Company, LLC objects unless the Court first enters an order finding that answering the objected to discovery to prepare Plaintiffs for The McClatchy Company, LLC's motion to dismiss hearing does not constitute a waiver by The McClatchy Company, LLC of any of its Rule 12(b) grounds.   It is therefore

ORDERED AND ADJUDGED that Defendant The McClatchy Company, LLC must respond to discovery requests from Plaintiffs to prepare them for a upcoming hearing on The McClatchy Company, LLC's motion to dismiss; and that responding to discovery from Plaintiffs (including any specific objections) does not constitute a waiver by The McClatchy Company, LLC of any of its Rule 12(b) grounds for dismissal.

ORDERED AND ADJUDGED that The McClatchy Company, LLC has until October 18, 2021 to answer or otherwise defend the Complaint [Doc. #2], including but not limited to filing a Mississippi Rule of Civil Procedure 12 Motion to Dismiss; and Plaintiffs will have thirty (30) days from being served with the Rule 12 motion to respond; and thereafter the McClatchy Company, LLC will have five days to serve any rebuttal brief.

ORDERED AND ADJUDGED this the ___15ᵗ___ day of ~~September~~ *October*, 2021 .

_____
CIRCUIT COURT JUDGE

**AGREED:**

_____
Jessie Mitchell, III
*Counsel for Plaintiffs*
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS   39157
Telephone:   769/300-0462
Email:  jmitchell@tmflegal.com

_____
Henry Laird
*Counsel for Defendants*
Wise Carter
2150 14th Street, Ste. 1125
Gulfport, MS   39501
Telephone:   228/867-7141
Email:   hfl@wisecarter.com

Prepared by:

Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14ᵗʰ Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                                      **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                                **DEFENDANTS**

---

### BRIEF OF CHATHAM ASSET MANAGEMENT, LLC IN SUPPORT OF MISSISSIPPI RULE OF CIVIL PROCEDURE 12 MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

On August 9, 2021 Plaintiffs Robert Lett, III and Charles Fountain filed their Complaint alleging claims of defamation and false light invasion of privacy [Doc. #2].

On September 17, 2021 Defendant, Chatham Asset Management, LLC ("Chatham") filed its Motion to Dismiss [Doc. #9] on the following grounds: lack of jurisdiction over the person; improper venue; insufficiency of process; insufficiency of service of process; and failure to state a claim upon which relief can be granted.

Chatham's Motion to Dismiss is set for oral argument in Pascagoula, Mississippi on November 12, 2021 at 1:30 p.m. This brief is submitted to support that part of the motion grounded on lack of personal jurisdiction pursuant to Mississippi Rule of Civil Procedure 12(b)(2).

In their Complaint, Plaintiffs allege incorrectly that Chatham is a foreign corporation organized and existing pursuant to the laws of the State of New Jersey with its principal place of business at 26 Main Street, Suite 204, Chatham, New Jersey  07928.

(Complaint, ¶ 3.)   In fact, Chatham is a Delaware limited liability company with its principal place of business at the New Jersey address alleged.

At ¶ 9 of their Complaint, Plaintiffs incorrectly claim that personal jurisdiction is appropriate over Chatham, "the New Jersey based owner of Defendant, Sun Herald, by means of piercing the corporate veil".

At ¶ 46 of their Complaint, Plaintiffs allege the following classified ad was published by the *Sun Herald* on December 7, 2020:

> Health Notification. HEALTH DEPT. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been report of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT www.msdhs.com: NEAL RAINEY 38 of PASCAGOULA, CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA, ROBERT LEE LETT 39 of MOSS PONT (NOTIFIED 12-7-2020), 601-576-7400 mshealthdept@gmail.com

Nowhere in their Complaint do Plaintiffs allege any facts supporting the existence of any duty by Chatham to Plaintiffs nor any such duty which was breached by some act or omission of Chatham.   Defendant Chatham has no connection whatsoever to the facts of this case as clearly set forth by James Ruggerio, Jr. in the following numbered paragraphs of his affidavit [Doc. #14]:

3.   Chatham, LLC is a Delaware limited liability company with its principal place of business in Chatham, New Jersey.

4.   Chatham, LLC does not do business in Mississippi.   It is not registered to do business in Mississippi.   Chatham does not maintain an office in Mississippi, does not maintain any bank accounts in Mississippi, does not own, use or possess any real property in Mississippi, and does not have any employees in Mississippi.

5.   Chatham, LLC and The McClatchy Company, LLC ("McClatchy, LLC") are separate limited liability companies.   McClatchy, LLC is a Delaware limited liability company with its principal office in

2

Sacramento, California.   McClatchy, LLC publishes the *Sun Herald* newspaper in Gulfport, Mississippi.

6.   Chatham LLC and McClatchy, LLC each keep separate company books, financial records and bank accounts.   McClatchy, LLC files separate state tax returns and has its own Employer Identification Number; pays its own rent and expenses; purchases and owns it supplies, fixtures and furniture; hires and fires its own personnel; maintains all permits and licenses in its own name; runs its offices in Gulfport, Mississippi and is free of editorial control by Chatham, LLC McClatchy does not enter into contracts on behalf of Chatham, LLC.

7.   McClatchy, LLC is 100% owned by owned by SIJ Intermediate, LLC. SIJ Intermediate is 100% owned by SIJ Holdings, LLC.   SIJ Holdings, LLC is 100% owned by SIJ Parent Holdings, LLC.   SIJ Parent Holdings, LLC is 100% owned by Chatham, LLC.   These entities have no say in the newsroom operations of any of the newspapers owned by McClatchy.

8.   Chatham, LLC does not control personnel decisions made with regard to McClatchy, LLC employees, including Defendant Blake Kaplan.

9.   Chatham, LLC plays no part in the preparation of the news or classification ads published in the *Sun Herald* newspaper, including but not limited to the classified ad involved in this case.

Since Chatham is a foreign limited liability company, Plaintiffs attempted to serve

Chatham with process under Mississippi's long arm status at §13-3-57 Mississippi Code

which provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.   Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Any such cause of action against any such nonresident, in the event of death or inability to act for itself or himself, shall survive against the executor, administrator, receiver, trustee, or any other selected or appointed representative of such nonresident.   Service of process or summons may be had or made upon such nonresident executor, administrator, receiver, trustee, or any other selected or appointed representative of such nonresident as is provided by the Mississippi Rules of Civil Procedure, and when such process or summons is served, made or had against the nonresident executor, administrator, receiver, trustee, or other selected or appointed representative of such nonresident it shall be deemed sufficient service of such summon or process to give any court in this state in which such action may be filed, in accordance with the provisions of the statutes of the State of Mississippi or the Mississippi Rules of Civil Procedure, jurisdiction over the cause of action and over such nonresident executor, administrator, receiver, trustee or other selected or appointed representative of such nonresident insofar as such cause of action is involved.

The provisions of this section shall likewise apply to any person who is a nonresident at the time any action nor proceeding is commenced against him even though said person was a resident at the time any action or proceeding accrued against him.

The Mississippi Supreme Court has had many occasions to determine this state's jurisdiction over nonresident defendants via the long-arm statute.

"The proper order when analyzing personal jurisdiction over nonresident defendants is to first consider whether the long-arm statute subjects a nonresident defendant to personal jurisdiction and then to consider whether the statute's application to that defendant offends the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution".   *Estate of Jones v. Phillips,* 992 So. 2d 1131, 1137 (Miss. 2008), citing *Sorrells v. R&R Custom Coach Works, Inc.*, 636 So. 2d 661, 671 (Miss. 1994).

Plaintiffs bear the burden of establishing personal jurisdiction by *prima facie* evidence.   The court considers affidavits, discovery, and oral testimony including any "uncontroverted allegations".   *Long v. Vitkauskas,* 287 So. 3d 171, 178 (Miss. 2019).

"The threshold condition for application of the long-arm statute is the requirement that the nonresident corporation, over which personal jurisdiction is sought, is not a corporation [limited liability company] qualified to do business in this state". *Estate of Jones,* 1138, citing *Sorrels*, 671.   McClatchy, LLC is a foreign (nonresident) limited liability company.

The next issue is whether the trial court's assertion of jurisdiction over the nonresident defendant under Mississippi's long-arm statute offends the Due Process Clause of Fourteenth Amendment.  *Estate of Jones,* 1139.  Due process requires "that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'".  *Estate of Jones,* 1139, citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

"Historically, minimum contacts have been split into two types:   those which invoke specific jurisdiction over a defendant and those that lead to general jurisdiction over a defendant".  *Estate of Jones,* 1140, citing *Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 414-415, notes 8, 9.

Chatham does not have minimum contacts with Mississippi sufficient to allow this Court to exercise specific jurisdiction over it.  See the Affidavit of James Ruggerio, Jr. [Doc. # 14.]   As previously discussed in this brief, Chatham has engaged in no activities in this state from which Plaintiff's claims arise or to which those claims relate.   Instead, Plaintiffs allege causes of action related to or arising from a classified ad published by Defendant McClatchy *Sun Herald* newspaper.   Chatham has no employees within Mississippi, and it did not take or publish the ad.   In light of these facts, Plaintiffs cannot

establish Chatham has had sufficient minimum contacts with Mississippi upon which to base specific personal jurisdiction.

Plaintiffs likewise cannot establish that Chatham has undertaken continuous and systematic activities in Mississippi so as to warrant exercising general jurisdiction over it. "[W]hether a defendant is subject to general personal jurisdiction does not rest on 'whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). Rather, the "defendant's affiliations with the forum must be so systematic and continuous that they are rendered to be *at home in the forum state*." *Daimler*, 571 U.S. at 127 (emphasis added). "A corporate defendant is considered *at home in its place of incorporation and its principal place of business*." *Daimler*, 571 U.S. at 137 (emphasis added).

Plaintiffs' suit neither arises out of nor relates to any activity of Chatham in Mississippi. Chatham does not carry out business activities within Mississippi that are continuous or systematic so to render it at home in the state. Chatham is a Delaware limited liability company with its principal place of business in New Jersey. (Ruggerio Affidavit). Chatham is not registered to do business in Mississippi and does not do business in Mississippi. (Ruggerio Affidavit). Chatham's headquarters is in New Jersey, where Chatham directs and controls its business activities. (Ruggerio Affidavit). Moreover, Chatham owns no real property in Mississippi nor does it have any employees in Mississippi (Ruggerio Affidavit).

Nowhere in the Complaint do Plaintiffs articulate any specific act or omission which states a claim against Defendant Chatham. Due to Chatham's lack of minimum contacts to the State of Mississippi and due to Plaintiffs' failure to state any set of facts against

Chatham which would impose liability, the Plaintiffs seem to claim that Chatham is the agent or alter ego of McClatchy.  As a matter of law that attempt should fail and the Complaint against Chatham be dismissed.

"…. [A]bsent a sufficient allegation of particularized facts, judicial economy requires that the corporate veil should not be preliminarily pierced for long-arm jurisdiction on the mere unsubstantiated allegations in the pleadings".  *Canadian National Railway Co. v. Waltman,* 94 So. 3d 1111, 1116 (Miss. 2012), citing with approval *North American Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.* 592 F. Supp. 875, 879 (N.D. Miss. 1984).

In order for Plaintiffs to prove that Chatham is vicariously liable for the alleged torts of McClatchy and its employee, Defendant Blake Kaplan, or to prove that Chatham is the alter ego of McClatcy, the Complaint must allege facts indicating "(1) some frustration of expectations regarding the party to whom he looked for performance; (2) a flagrant disregard of corporate finalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of …." Chatham. *Canadian National Railway,* 1116.  Plaintiffs have not made any such allegations, nor can they according to Mr. Ruggerio's affidavit.

> Piercing the corporate veil of a subsidiary to reach the parent corporation is not "lightly undertaken" by Mississippi courts.  *Johnson v. Higgins,* 321 So. 2d at 285.  "Courts do not take piercing the corporate veil lightly because of the chilling effect it has on corporate risk-taking."  *Nash Plumbing, Inc. v. Shasco Wholesale Supply, Inc.,* 875 So. 2d 1077, 1082 (Miss. 2004).

*Buchanan v. Ameristar Casino Vicksburg, Inc.* 957 So. 2d 696, 978 (Miss. 2007).

 *Canadian National Railway* also held:

> A non-resident defendant may, on his pre-trial Rule 12(b)(2) motion to dismiss, litigate the inherent factual questions through the use of live testimony or affidavits…. If the court finds facts that sustain his defense, it

should dismiss, as the presumption implicit in the well-pleaded allegations rule has "spent its forces and vanished."

*Canadian National Railway,* 111.

Affidavits contesting personal jurisdiction over nonresident limited liability companies, such as the Affidavit submitted by Mr. Ruggerio in this case, should be considered by the trial court early on.   *R.C. Construction Company, Inc. v. National Office Systems, Inc.,*      622 So. 2d 1253, 1254 (Miss. 2012).   "A non-resident defendant may, on his pre-trial Rule 12(b)(2) motion to dismiss, litigate the inherent factual questions through the use of live testimony or affidavits".   *R.C. Construction Co., Inc.,* 1255.

## CONCLUSION

For the reasons set forth, the Court should dismiss the Complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(2) since as a matter of law, the Court lacks personal jurisdiction over Chatham.

**RESPECTFULLY SUBMITTED** this the 8th day of October, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**

By:    *s/ Henry Laird*_____
        HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 8th day of October, 2021.

<div align="right">
s/ Henry Laird

HENRY LAIRD
</div>

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

### IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                               **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 30Cl1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                          **DEFENDANTS**

---

### AFFIDAVIT OF BLAKE KAPLAN

---

**STATE OF MISSISSIPPI
COUNTY OF HARRISON**

I Blake Kaplan declare as follows:

1.      I am over 18 years of age and am competent to make this Affidavit.   I have personal knowledge of the facts stated herein, and they are true and correct to the best of my knowledge, information, and belief.

2.      I have been an adult resident citizen of Gautier, Mississippi since before 2021.

3.      From 2019 forward I have been a Regional Executive Editor for The McClatchy Company which later became The McClatchy Company, LLC.   In that capacity, I am the Executive Editor of three newspapers owned by The McClatchy Company: the Sun Herald in Gulfport, Mississippi, The Telegraph in Macon, Georgia, and the Ledger-Enquirer in Columbus, Ga. I am also the general manger of the Sun Herald. I do not have GM duties at the Georgia properties.

4.      As Regional Executive Editor my responsibilities are primarily news-related. I plan and strategize stories for each market and help edit the stories for fairness, spelling,

grammar, truthfulness and libel. At times, I take calls from customers primarily about delivery and billing issues at the three newspapers. I represent each market in company meetings and work to deliver the best possible news report for each paper. As general manager of the Sun Herald, I represent the paper at public events, take calls as an official representative of the paper and deal with physical building and maintenance issues. I have no responsibility for the paper's advertising department or its revenues. I also am not in charge of financial budgeting.

5.     In the 2016-2017 timeframe The McClatchy Company and now The McClatchy Company, LLC had all of its newspapers, including the *Sun Herald* of Gulfport, Mississippi, go to a company-wide approach to classified advertising. Requests for classified advertising are currently processed two ways. A customer may access an online computer page, type in the ad and pay by credit card, or they can verbally give the ad to representatives who work in a Texas call center. Because of the pandemic, employees at the call center are working remotely and could be elsewhere than Texas.

6.     The classified ad at the center of this lawsuit was placed through the online computer page and paid for with a credit card. It was done anonymously, and the company's efforts to track the credit card to a specific person have been unsuccessful. I did not see or review the ad in question, as this is not part of my job duties.

7.     I have no day-to-day knowledge of what content appears in the classified advertising section of the *Sun Herald* newspaper since the advertising is processed either electronically or by remote workers outside Mississippi. This was the process in place at the time the ad ran in December 2020.

8.      It is not part of my responsibility to review, edit, or proof classified ads.   I do not see them until they are published by the *Sun Herald*.

9.      I knew nothing about the classified ad which is the subject of this litigation until after it was published and had no responsibility for accepting or publishing the classified ad which is the subject of this litigation.

Blake Kaplan

SWORN TO AND SUBSCRIBED before me, this the 11th day of October, 2021.

Notary Public

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                      **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                 **DEFENDANTS**

---

### DEFENDANT CHATHAM ASSET MANAGEMENT, LLC
### AND BLAKE KAPLAN'S NOTICE OF SERVICE

---

COME NOW Defendants, Chatham Asset Management, LLC and Blake Kaplan by

and through counsel of record and give notice to the Court that the following discovery

has been mailed and emailed to opposing counsel:

1. Defendant Chatham Asset Management, LLC's Responses to Plaintiffs'
   First Set of Request for Admissions; and

2. Defendant Blake Kaplan's Responses to Plaintiffs' First Set of Request for
   Admissions.

Respectfully submitted, this the 13th day of October, 2021.

CHATHAM ASSET MANAGEMENT, LLC
Defendant

BY:   s/ Henry Laird
      HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 13th day of October, 2021.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                                **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                             **DEFENDANTS**

---

### DEFENDANT THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

---

COMES NOW Defendant, The McClatchy Company, LLC, by and through counsel of record and gives notice to the Court that the following discovery has been mailed and emailed to opposing counsel:

1.   Defendant The McClatchy Company, LLC's Responses to Plaintiffs' First Set of Request for Admissions.

Respectfully submitted, this the 14th day of October, 2021.

THE McCLATCHY COMPANY, LLC
Defendant

BY:   s/  Henry Laird
HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 14th day of October, 2021.

s/ Henry Laird

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                              **PLAINTIFFS**

**v.**                                     **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                            **DEFENDANTS**

---

### BRIEF OF DEFENDANT BLAKE KAPLAN IN SUPPORT
### OF MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

---

This brief is submitted in support of Defendant Blake Kaplan's ("Kaplan") Motion to Dismiss [Doc. #6] on failure to state a claim pursuant to Mississippi Rule of Civil Procedure 12(b)(6) and his supporting Affidavit [Doc. #18].

Plaintiffs filed their Complaint on August 9, 2021 [Doc. #2] alleging defamation and false light claims against Chatham Asset Management, LLC, The McClatchy Company, LLC, and Blake Kaplan.

In ¶ 5 of their Complaint, Plaintiffs allege that Blake Kaplan is an adult resident citizen of Jackson County, Mississippi and "At all times relevant, Kaplan was employed by Defendant, Sun Herald, and supervised, controlled, and/or managed Sun Herald's newspaper with facilities located at 2505 14th Street, Suite 400 Gulfport, MS  39501".

In ¶ 6, Plaintiffs allege that Kaplan "played a role in the publication of the libelous advertisement at issue in this complaint (the "advertisement"), failed to prevent the Advertisement's publication, and/or are generally liable to Plaintiffs as a result of the Advertisement's publication".

At ¶ 15, Plaintiffs allege that Blake Kaplan acted individually and in his official capacity as General Manager and Executive Editor, and published defamatory classified ad.

At ¶ 19 of the Complaint, Plaintiffs allege that "…. the Sun Herald, with Kaplan acting individually and in his official capacity as General Manager and Executive Editor, re-published in mass, both in print and in digital format, the same false and defamatory Advertisement of and concerning Plaintiff and Co-Plaintiff in a separate edition of its newspaper on page "6B".

Mississippi is a "notice-pleadings" state, but Plaintiffs are required to place Blake Kaplan on reasonable notice of the claims they have. *City of Meridian v. $104,960.00 U.S. Currency,* 231 So. 3d 972, 974-73 (Miss. 2017). In that case, the city of Meridian retained custody of personal property seized in a drug arrest. The city filed a petition for forfeiture of that property under §§ 41-29-153 (a)(5) and/or 41-29-153 (a)(7). The owner objected and opposed the petition. She filed a motion to dismiss the petition under Rule 12(b)(6).

The trial court granted the forfeiture, and on appeal, the Mississippi Supreme Court found that the petition alleged "Both the currency and the truck were subject to forfeiture under Section 41-29-153(b)…." It alleges that "the truck and currency had been used, or intended for use, or constituted proceeds in violation of the Mississippi Uniform Controlled Substances Law. …. And it states that the "truck and currency should be forfeited pursuant to Mississippi Code Annotated §§ 41-29-179(4) and 41-29-181(2). …." The Supreme Court went on to hold that the forfeiture petition put the owner of the personal property "on reasonable notice of the city's claims, and it sufficiently

demonstrates a recognized cause of action exists upon which the city might prevail under some set of facts.   The petition describes with specificity the property subject to forfeiture and provides when, where, and why it was seized".

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and an inquiry as to the legal sufficiency is essentially limited to the content of the complaint." *Griffin v. Citimortgage, Inc.*, 296 So. 3d 767, 771 (Miss. COA).   In that case, the Court of Appeals affirmed the trial court's decision to dismiss that complaint for failure to state a claim pursuant to Rule 12(b)(6).   The gist of the complaint was the mortgagor homeowners' claim against the mortgagee lender to stop foreclosure proceedings.   The Court of Appeals found that the mortgagors alleged that the mortgagee breached the deed of trust but also found that the mortgagors cited only a single sentence in the deed of trust that had nothing to do with limiting the mortgagee's right of foreclosure upon mortgagors' default.   The mortgagors therefore failed to put the mortgagee on notice of the basis for their claim that the foreclosure should have been stopped.   The factual allegations failed to state a claim for relief against the mortgagee, Citimortgage.   The complaint was dismissed.   *Griffin*, 771-72.

## CONCLUSION

Since Plaintiffs' Complaint fails to put Defendant Blake Kaplan on notice of the basis of any claim, the Complaint should be dismissed pursuant to Mississippi Rule of Civil Procedure 12(b)(6).   As a matter of law Plaintiffs completely fail to show why Blake Kaplan, as Editor and General Manager of the *Sun Herald* newspaper, can ever be held liable for the alleged defamation or false light invasion of privacy.

**RESPECTFULLY SUBMITTED** this the 14th day of October, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**

By:     *s/ Henry Laird*_____
         HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS    39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

**SO CERTIFIED**, this the 14th day of October, 2021.

*s/ Henry Laird*
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                  **DEFENDANTS**

### BRIEF OF CHATHAM ASSET MANAGEMENT, LLC IN SUPPORT
### OF MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

This brief is submitted in support of Chatham Asset Management, LLC's ("Chatham") Motion to Dismiss [Doc. #9] on failure to state a claim pursuant to Mississippi Rule of Civil Procedure 12(b)(6).   On October 8, 2021 Chatham filed its Brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss for Lack of Personal Jurisdiction on the ground of 12(b)(2) personal jurisdiction [Doc. #17].   Without re-urging its argument in the latter brief, Chatham incorporates those arguments in this brief.

Plaintiffs filed their Complaint on August 9, 2021 [Doc. #2] alleging defamation and false light claims against Chatham, and The McClatchy Company, LLC, and Blake Kaplan.

At ¶ 3 of the Complaint, Plaintiffs allege that Chatham is a non-resident company located in New Jersey which owns Co-Defendant The McClatchy Company, LLC which publishes the *Sun Herald* newspaper in Gulfport, Mississippi.

At ¶ 9 of the Complaint, Plaintiffs allege:

9. Personal jurisdiction is appropriate over Defendant, Chatham, the New Jersey based owner of Defendant, Sun Herald, by means of

piercing the corporate veil.  Personal jurisdiction is appropriate over Defendant, Sun Herald, a Delaware company with it principal office in California, as Defendant committed a tort against two Mississippi residents and pursued business in he state of Mississippi, specifically in Jackson County.  Personal jurisdiction is appropriate over Kaplan because he is an adult, Mississippi state resident.

Other than merely alleging that they were piercing the corporate veil, Plaintiffs make no further allegation concerning that claim and completely fail to allege any facts to support the allegation.

At ¶ 14 of the Complaint, Plaintiffs allege that "….Defendant, Chatham, acquired 'substantially all assets' of Defendant, Sun Herald, in a Chapter 11 Bankruptcy auction". Plaintiffs make *no* allegation that Chatham has some sort of duty to Plaintiffs, particularly some duty which was breached.

Mississippi is a "notice-pleadings" state, but Plaintiffs are required to place Chatham on reasonable notice of the claims they have.

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and an inquiry as to the legal sufficiency is essentially limited to the content of the complaint." *Griffin v. Citimortgage, Inc.*, 296 So. 3d 767, 771 (Miss. COA).   In that case, the Court of Appeals affirmed the trial court's decision to dismiss that complaint for failure to state a claim pursuant to Rule 12(b)(6).   The gist of the complaint was the mortgagor homeowners' claim against the mortgagee lender to stop foreclosure proceedings.   The Court of Appeals found that the mortgagors alleged that the mortgagee breached the deed of trust but also found that the mortgagors cited only a single sentence in the deed of trust that had nothing to do with limiting the mortgagee's right of foreclosure upon mortgagors' default.   The mortgagors therefore failed to put the mortgagee on notice of

the basis for their claim that the foreclosure should have been stopped.  The factual

allegations failed to state a claim for relief against the mortgagee, Citimortgage.  The

complaint was dismissed.  *Griffin*, 771-72.

Dismissal is particularly appropriate in the instant case in light of the holding in

*Canadian National Railway,* 94 So. 3d 1111, 1116 (Miss. 2012) cited in Chatham's brief

at page 7 supporting dismissal for lack of personal jurisdiction [Doc. #17], which held:

> [A]bsent a sufficient allegation of particularized facts, judicial economy
> requires that the corporate veil should not preliminarily pierced for long-arm
> jurisdiction on the mere unsubstantiated allegation in the pleadings.

## CONCLUSION

Since Plaintiffs' Complaint fails to put Defendant Chatham on notice of the basis

of any claim, the Complaint should be dismissed pursuant to Mississippi Rule of Civil

Procedure 12(b)(6).  As a matter of law Plaintiffs completely fail to show why Chatham,

as owner of the *Sun Herald* newspaper, can ever be held liable for the alleged defamation

or false light invasion of privacy.

**RESPECTFULLY SUBMITTED** this the 14th day of October, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**

By:     *s/ Henry Laird*
        HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS   39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

**SO CERTIFIED**, this the 14th day of October, 2021.

*s/ Henry Laird*
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

4

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                        **PLAINTIFFS**

**v.**                              **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                      **DEFENDANTS**

---

### ANSWER OF THE McCLATCHY COMPANY, LLC

---

COMES NOW Defendant The McClatchy Company, LLC and files this its Answer to the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are precluded from any recovery by virtue of the First Amendment to the United States Constitution guaranteeing freedom of speech and the press.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovery by virtue of Mississippi Constitution Article III, § 13 guaranteeing the right to free speech and the press guaranteeing that free speech is a cherished right.

## FOURTH AFFIRMATIVE DEFENSE

Despite Defendant's good faith efforts, the classified advertisement was the result of a good faith mistake.

## FIFTH AFFIRMATIVE DEFENSE

Upon learning Plaintiffs' complaints, Defendant immediately published a correction concerning the mistaken identity.

## SIXTH AFFIRMATIVE DEFENSE

Section 95-1-5 Mississippi Code applies to this case.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is free of any negligence in the publication of the classified advertisement at issue.

## EIGHTH AFFIRMATIVE DEFENSE

The news story about which Plaintiffs complains involves an issue of public interest and concern requiring Plaintiffs to prove *New York Times v. Sullivan* malice by clear and convincing evidence, which as a matter of law, Plaintiffs cannot do.

## NINETH AFFIRMATIVE DEFENSE

Plaintiffs are vortex public figures requiring them to prove *New York Times v. Sullivan* malice by clear and convincing evidence, which as a matter of law, Plaintiffs cannot do.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovery by the Fair Comment Doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovery by the Neutral Reportage Doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to presumed damages.

## <u>PARTIES</u>

1.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint and as a result deny them.

2.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint and as a result deny them.

3.    Defendant denies the allegations contained in Paragraph 3 of the Complaint, except it admits it is a foreign limited liability company at the address alleged.

4.    Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.    Defendant denies the allegations contained in Paragraph 5 of the Complaint, except it admits Blake Kaplan resides in Jackson, County, Mississippi.

6.    Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.    Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## <u>JURISDICTION AND VENUE</u>

8.    Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## FACTS

12.     Defendant adopts and realleges its heretofore pleaded admissions and denials.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint, except it admits the circulation of the *Sun Herald*.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15, but it admits the classified advertisement was published in print and digital format.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 and as a result denies them; but Defendant admits someone called about the advertisement on December 8, 2020.

18.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 18 and as a result denies them.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint, but it admits a retraction was published.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## STATUTORY REQUIREMENTS

22.     Defendant adopts and realleges its heretofore pleaded admissions and denials.

23.     Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and as a result, denies them.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint, except it admits they received the notice.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## APPLICABLE STANDARD

30.     Defendant adopts and realleges its heretofore pleaded admissions and denials.

31.     Defendant admits *Whitten v. Commercial Dispatch Pub. Co.,* 487 So. 2d 843, 844 (Miss. 1986) and *Staheli v. Smith,* 548 So. 2d 1299, 1304 (Miss. 1989) are reported decisions in Mississippi but deny the balance of the allegations.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:   DEFAMATION

43.     Defendant adopts and realleges its heretofore pleaded admissions and denials.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint, but admit, among others, four of the elements of a defamation claim.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint, except Defendant admits the *Sun Herald* learned that the Health Department said it did not forward the advertisement to the newspaper; except Defendant is without sufficient knowledge to admit or deny the alleged telephone calls and as a result, denies them.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 56 of the Complaint and as a result denies them.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.   Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.   Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.   Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.   Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.   Defendant denies the allegations contained in Paragraph 64 of the Complaint.

**SECOND CAUSE OF ACTION:   INVASION OF PRIVACY FALSE LIGHT**

65.   Defendant adopts and realleges its heretofore pleaded admissions and denials.

66.   Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.   Defendant admits the allegations contained in Paragraph 67 of the Complaint.

68.   Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.   Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.   Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.    Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

**DAMAGES**

75.    Defendant denies the allegations contained in Paragraph 75 of the Complaint.

Defendant denies the allegations in the unnumbered ad damnum clause, denies that the Plaintiffs are entitled to any relief for any amount whatsoever, and requests that the Complaint be dismissed with prejudice at Plaintiffs' cost with attorney's fees to Defendants.

**RESPECTFULLY SUBMITTED** this the 18th day of October, 2021.

**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD**


By:    _s/  Henry Laird_____
       HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS   39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

**SO CERTIFIED**, this the 18th day of October, 2021.

*s/ Henry Laird*
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III AND**
**CHARLES FOUNTAIN**                                             **PLAINTIFFS**


**v.**                                     **CIVIL ACTION NO. 30Cl1:21-cv-00135-DH**


**CHATHAM ASSET MANAGEMENT, LLC;**
**THE MCCLATCHY COMPANY, LLC**                          **DEFENDANTS**
**D/B/A SUN HERALD;**
**BLAKE KAPLAN; AND JOHN DOES 1-12**

---

### NOTICE OF ENTRY OF APPEARANCE

---

**PLEASE TAKE NOTICE,** that Karmel L. Keeton of The Mitchell Firm, PLLC enters her

appearance on behalf of Plaintiffs, Robert Lett, III and Charles Fountain, in the above-captioned

action. Please note that Karmel L. Keeton's firm address is 1062 Highland Colony Parkway, Suite 150

Ridgeland, Mississippi 39157, and firm phone number (769) 300-0462.

**RESPECTFULLY SUBMITTED,** this the 22nd day of October 2021.

**QUEWANDRA DANIEL**
**AND TATTIANA BELL**


By:     /s/ Karmel L. Keeton
        Karmel L. Keeton (MS Bar No. 106308)
        Jesse Mitchell, III (MS Bar No. 103020)
        *Attorneys for Plaintiff*


**OF COUNSEL:**

**THE MITCHELL FIRM, PLLC**
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS 39157
Telephone: (769) 300-0462
Facsimile: (601) 510-1981
Email: jmitchell@tmflegal.com
        kkeeton@tmflegal.com

## CERTIFICATE OF SERVICE

I, <u>Karmel L. Keeton,</u> attorney for Plaintiffs, hereby certify that on this day, I electronically filed the foregoing *Notice of Entry of Appearance* with the Clerk of the Court using the MEC system, which sent notification of such filing to all counsel of record.

**THIS,** the <u>22nd</u> day of <u>October</u> 2021.

By:     <u>/s/ Karmel L. Keeton</u>
Karmel L. Keeton (MS Bar No. 106308)

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                      **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                  **DEFENDANTS**

---

### DEFENDANT CHATHAM ASSET MANAGEMENT, LLC's NOTICE OF SERVICE

---

COME NOW Defendant, Chatham Asset Management, LLC, by and through

counsel of record and gives notice to the Court that the following discovery has been

mailed and emailed to opposing counsel:

1. Defendant, Chatham Asset Management, LLC's Answers to Plaintiffs' First
   Set of Interrogatories; and

2. Defendant, Chatham Asset Management, LLC's, Responses to Plaintiffs'
   First Set of Request for Requests for Production of Documents.

Respectfully submitted, this the 27th day of October, 2021.

CHATHAM ASSET MANAGEMENT, LLC
Defendant

BY:    s/ Henry Laird
       HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 27th day of October, 2021.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                                **PLAINTIFFS**

**v.**                                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                            **DEFENDANTS**

---

### DEFENDANT BLAKE KAPLAN'S NOTICE OF SERVICE

---

COME NOW Defendant, Blake Kaplan, by and through counsel of record and gives

notice to the Court that the following discovery has been mailed and emailed to opposing

counsel:

1.     Defendant, Blake Kaplan's, Answers to Plaintiffs' First Set of
       Interrogatories; and

2.     Defendant, Blake Kaplan's, Responses to Plaintiffs' First Set of Request
       for Requests for Production of Documents.

Respectfully submitted, this the 29th day of October, 2021.

BLAKE KAPLAN
Defendant

BY:    s/ Henry Laird
       HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29th day of October, 2021.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                                      **PLAINTIFFS**


**v.**                                     **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**


**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                                      **DEFENDANTS**

---

### MOTION OF DEFENDANT THE McCLATCHY COMPANY, LLC FOR
### ADDITIONAL TIME TO RESPOND TO DISCOVERY

---

COMES NOW Defendant, The McClatchy Company, LLC, by and through counsel of record and files this its motion for fourteen (14) days additional time in which to answer interrogatories and respond to requests for production of documents from Plaintiffs. These discovery responses are due November 1, 2021, but Defendant needs an additional fourteen (14) days' time to respond as fully and accurately as possible.

Employees of The McClatchy Company, LLC are in multiple locations, and in some cases, individuals with information to make the responses are no longer with Defendant, causing Defendant to find the information necessary to make the responses from different sources.

Defendant now requests the Court until November 15, 2021 to make those discovery responses.

Respectfully submitted, this the 29th day of October, 2021.

THE McCLATCHY COMPANY, LLC
Defendant

BY:   s/ Henry Laird
      HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

2

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29th day of October, 2021.


s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III AND**
**CHARLES FOUNTAIN**                                                         **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE MCCLATCHY COMPANY, LLC**                                  **DEFENDANTS**
**D/B/A SUN HERALD;**
**BLAKE KAPLAN; AND JOHN DOES 1-12**

---

### PLAINTIFFS' RULE 41 STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT CHATHAM ASSET MANAGEMENT, LLC

---

**COME NOW**, Plaintiffs, Robert Lett, III and Charles Fountain, by and through their counsel

of record, and pursuant to Rule 41(a)(1)(ii) of the Mississippi Rules of Civil Procedure and so stipulate

with Defendant's counsel to dismiss all of Plaintiffs' claims in this action against Defendant, Chatham

Asset Management, LLC, without prejudice.  This action shall remain pending as to the remaining

Defendants, The McClatchy Company, LLC d/b/a Sun Herald and Blake Kaplan.  This Court, being

advised of this dismissal by all counsel hereto, finds that this Stipulation is well taken and should be

granted.

**IT IS THEREFORE, ORDERED AND ADJUDGED** that any and all claims asserted

by Plaintiffs, Robert Lett, III and Charles Fountain, in this cause be and are hereby dismissed

without prejudice as to Defendant, Chatham Asset Management, LLC, leaving all parties to bear

their own respective costs.

SO ORDERED AND ADJUDGED this the _____ day of _____ 2021.


                                                    _____
                                                    HONORABLE DALE HARKEY
                                                    JACKSON COUNTY CIRCUIT JUDGE

STIPULATED AND AGREED TO BY:

_____
Jesse Mitchell, III (MS Bar No. 103020)

_____
Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone: 769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com
*Attorneys for Plaintiffs*

_____
Henry Laird (MS Bar No. 1774)
Wise Carter Child & Caraway, P.A.
2150 14th Street, Ste. 1125
Gulfport, MS 39501
Telephone: 228.867.7141
hfl@wisecarter.com
*Attorney for Defendants*

PREPARED AND PRESENTED BY:

Jesse Mitchell, III (MS Bar No. 103020)
Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone: 769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III AND
CHARLES FOUNTAIN**                                                          **PLAINTIFFS**

**v.**                                        CIVIL ACTION NO. 30CI1:21-cv-00135-DH

**CHATHAM ASSET MANAGEMENT, LLC;**            ~~FILED~~
**THE MCCLATCHY COMPANY, LLC**
**D/B/A SUN HERALD;**                         NOV 1 0 2021          **DEFENDANTS**
**BLAKE KAPLAN; AND JOHN DOES 1-12**
                                              RANDY CARNEY, CLERK
                                              BY_____D.C.

**PLAINTIFFS' RULE 41 STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS
TO DEFENDANT CHATHAM ASSET MANAGEMENT, LLC**

COME NOW, Plaintiffs, Robert Lett, III and Charles Fountain, by and through their counsel

of record, and pursuant to Rule 41(a)(1)(ii) of the Mississippi Rules of Civil Procedure and so stipulate

with Defendant's counsel to dismiss all of Plaintiffs' claims in this action against Defendant, Chatham

Asset Management, LLC, without prejudice. This action shall remain pending as to the remaining

Defendants, The McClatchy Company, LLC d/b/a Sun Herald and Blake Kaplan. This Court, being

advised of this dismissal by all counsel hereto, finds that this Stipulation is well taken and should be

granted.

IT IS THEREFORE, ORDERED AND ADJUDGED that any and all claims asserted

by Plaintiffs, Robert Lett, III and Charles Fountain, in this cause be and are hereby dismissed

without prejudice as to Defendant, Chatham Asset Management, LLC, leaving all parties to bear

their own respective costs.

SO ORDERED AND ADJUDGED this the 9th day of November 2021.

_____
HONORABLE DALE HARKEY
JACKSON COUNTY CIRCUIT JUDGE

STIPULATED AND AGREED TO BY:

Jesse Mitchell, III (MS Bar No. 103020)

Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone:  769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com
*Attorneys for Plaintiffs*

Henry Laird (MS Bar No. 1774)
Wise Carter Child & Caraway, P.A.
2150 14th Street, Ste. 1125
Gulfport, MS 39501
Telephone: 228.867.7141
hfl@wisecarter.com
*Attorney for Defendants*

PREPARED AND PRESENTED BY:

Jesse Mitchell, III (MS Bar No. 103020)
Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone:  769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                                    PLAINTIFFS


v.                                         CIVIL ACTION NO. 30CI1:21-cv-00135-DH


CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                                      DEFENDANTS
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12


## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT BLAKE KAPLAN'S MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

**COME NOW** Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, by and through

their counsel of record and file this their *Response in Opposition to Defendant, Blake Kaplan's Mississippi Rule*

*of Civil Procedure 12(b)(6) Motion to Dismiss*, and in support would state to wit the following:

### INTRODUCTION

This is a defamation case (or alternatively, an invasion of privacy false light case) arising out

of a libelous advertisement (the "Advertisement") imputing a loathsome disease to Plaintiffs. As a

result of the Advertisement's publication, Plaintiffs' lives, their marriages, and children have been

severely affected by the "Scarlet Letters" forever attached to their names. This blatantly false

Advertisement was published in print and online in the *Sun Herald* newspaper, on December 8, 2020,

and again on December 9, 2020. The Advertisement was published by Defendant newspaper

company, The McClatchy Company, LLC d/b/a Sun Herald ("McClatchy"), for which Defendant,

Blake Kaplan ("Kaplan"), serves as Executive Editor and General Manager. Kaplan moves this Court

to dismiss Plaintiffs' Complaint for alleged failure to state a claim, arguing that Plaintiffs failed "to put

Defendant Blake Kaplan on notice of the basis of any claim [. . . .]"[1]  However, Plaintiffs' Complaint more than sufficiently pleads their claims against Kaplan for libel per se (or alternatively invasion of privacy false light) and negligence due to lack of supervision/management, failure to employ good journalistic practices, failure to follow internal policies and procedures, failure to employ processes of review and safeguard, failure to edit and fact check, and an overall failure to prevent the Advertisement's publication.  Accordingly, Defendant, Blake Kaplan's motion should be denied.

### LEGAL STANDARD

Generally, Mississippi is a notice pleading state.  A plaintiff, therefore, is only required to set out, "a short and plain statement of the claim showing that [he/she] is entitled to relief [. . . .]"[2]  Further, documents incorporated by reference or attached as exhibits are considered to be a part of the pleadings for all purposes.[3]  When considering a motion to dismiss for failure to state a claim, a court must accept as true the well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.[4]  Therefore, a complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim."[5]

### ARGUMENT

1. **Plaintiffs' claims are sufficiently stated to provide Defendant, Blake Kaplan with notice.**

Plaintiffs' Complaint places Kaplan on notice through sufficient claims that entitle Plaintiffs to relief.  On August 9, 2021, Plaintiffs filed their Complaint alleging libel per se (or alternatively invasion of privacy false light) and negligence on the part of Defendants, Chatham Asset Management,

---

[1] Brief of Def. Blake Kaplan in Support of Miss. R. Civ. P. 12(b)(6) Motion to Dismiss 3, MEC No. 21.
[2] Miss. R. Civ. P. 8(a)(1).
[3] *See* Miss. R. Civ. P. 10(c).
[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).
[5] *City of Meridian v. $104,960.00 United States Currency*, 231 So. 3d 972, 974 (¶8) (Miss. 2017) (citations omitted).

LLC; The McClatchy Company, LLC d/b/a Sun Herald; and Blake Kaplan.   Specifically, that

Defendants' unprivileged publication of a false health notice attributing possible STDs/HIV to

Plaintiffs constituted libel per se as the advertisement not only "imputed the existence of some

contagious disease,"[6] but "tend[ed] to injure [their] reputation and thereby expose[d them] to public

hatred, contempt, or ridicule, degrade[d them] in society, lessen[ed them] in public esteem or lower[ed

them] in the confidence of the community[. . . .]"[7]   In fact, Plaintiffs' Complaint included a copy of

the Advertisement originally published in the *Sun Herald* newspaper.[8]



The Advertisement was included in Exhibits B and C of the Complaint, and as an incorporated image

in Exhibit E's Statutory Notice Requirement, which was originally served upon Defendant, Kaplan,

on April 17, 2021, in compliance with Mississippi Code Section 95-1-5.   Like the Complaint, the

Statutory Notice Requirement also put Kaplan on notice of Plaintiffs' potential claims.[9]

Plaintiffs further allege in their Complaint that Defendants "played a role in the publication of

the libelous advertisement at issue [. . . ], failed to prevent the Advertisement's publication, and/or are

---

[6] Complaint 14 (¶63), MEC No. 2 (citing *Phillips Brothers, L.P. v. Winstead*, 129 So. 3d 906, 928 (¶76) (Miss. 2014)).

[7] Complaint 14 (¶62), MEC No. 2 (citing *Fulton*, 498 So. 2d at 1217).

[8] *Id.* at Ex. B, C, and E.

[9] *Id.* at Ex. E.

generally liable to Plaintiffs as a result of the Advertisement's publication." As it relates to negligence,

Plaintiffs assert that,

> Defendants owed Plaintiff[s] a duty of care to act with a reasonable level of care in
> publishing the Advertisement at issue. Defendants breached this duty when
> Defendants failed to act in a manner consistent with those in the journalism
> profession. Specifically, Defendants failed to research, fact check, or verify the
> obviously false information contained within the Advertisement. Defendants failed to
> verify the source of information, let alone the source's trustworthiness. Defendants
> failed to review the Advertisement and edit for any errors or falsities and/or
> Defendants' processes for review and safeguard failed or were not properly employed.
> Defendants further failed to supervise or manage the editing process. Overall
> Defendants failed to follow good journalistic practices, including internal policies and
> procedures.[10]

Moreover, "Defendants invaded Plaintiffs' privacy by [. . .] negligently publicizing statements about

Plaintiff[s] which were highly offensive to a reasonable person, and which Defendants knew or should

have known to be false."[11]

Under Rule 8(a) of the Mississippi Rules of Civil Procedure, a complaint need only "provide

sufficient notice to the defendant of the claims and grounds upon which relief is sought."[12] Plaintiffs

have done so here. Plaintiffs are not required, however, to recite all the underlying facts entitling them

to relief.[13] In their Complaint, Plaintiffs assert several means of negligence, all of which boil down to

Defendant Kaplan's failure to act accordingly with the journalism profession, company policies and

procedures, and within the scope of his position as a supervisor/manager resulting in the

Advertisement's publication. As such, a more definite statement pleading specific evidentiary details

is not necessary, especially when Plaintiffs' Complaint is intelligible and provides sufficient notice.[14]

For it is through liberal discovery and summary judgment motions that disputed facts will become

---

[10] *Id.* at 13 (¶58).
[11] Complaint 14 (¶66), MEC No. 2.
[12] Miss. R. Civ. P. 8 Advisory Comm. Notes (citing *DynaSteel Corp. v. Aztec Industries, Inc.* 611 So. 2d 977 (Miss. 1992)).
[13] *See Crowe v. Crowe,* 641 So. 2d 1100, 1104 (Miss. 1994) (citing Miss. R. Civ. P. 8 Comment).
[14] *See* Miss. R. Civ. P. 12 Advisory Comm. Notes.

defined and unmeritorious claims disposed of.[15]  Thus, with Plaintiffs' short and plain statements,

Plaintiffs have sufficiently plead their claims and have put all Defendants on notice, including Kaplan.

### 2.   Based on Plaintiffs' statements, this Court could find that facts exist against Defendant, Blake Kaplan, entitling Plaintiffs to relief.

Given Kaplan's position within the company, this Court could easily find that Kaplan's actions

or inactions played a direct role in the publication of the Advertisement, entitling Plaintiffs to relief.

On October 11, 2021, Defendant, Blake Kaplan, filed his Affidavit with this Court.[16]  Within this

Affidavit, Kaplan states that he serves as Regional Executive Editor for Defendant, McClatchy, and

as General Manager for the *Sun Herald*.[17]  Despite serving within these executive and managerial roles,

Kaplan alleges that his "responsibilities are primarily news-related."[18]  Kaplan further asserts that he

has "no responsibility for the paper's advertising department or its revenues,"[19] and has "no day-to-

day knowledge of what content appears in the classified advertising section of the *Sun Herald*

newspaper since the advertising is processed either electronically or by remote workers outside

Mississippi."[20]

In opposition, Plaintiffs argue that as Regional Executive Editor for McClatchy, and General

Manager for the *Sun Herald*, Kaplan is within the company hierarchy, if not at the top of the structure,

to implement and enforce company policies and procedures, to include processes for review and

safeguard, and to train, supervise, and manage employees within relevant departments.  Clearly, the

Advertisement is blatantly false and fake on its face, however, Kaplan, nor anyone under his

supervision as the Regional Executive Editor and General Manager, took the time to prevent let alone

review the Advertisement before publishing it – twice.

---

[15] *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).
[16] Affidavit of Blake Kaplan, MEC No. 18.
[17] *Id.* at 1 (¶3).
[18] Affidavit of Blake Kaplan 1 (¶4), MEC No. 18.
[19] *Id.* at 2 (¶4).
[20] *Id.* at 2 (¶7).

Based on Kaplan's assertions, no general manager or executive would ever be held responsible for their managerial or executive actions or inactions within a company as they were not in "direct" control. This simply cannot be the case. Processes and policies must be in place, and employees must be trained and supervised to act in accordance with company processes and policies and overall good journalistic practices. Kaplan's position places him uniquely within such authority to regulate processes, policies, and people, regardless of his proximity or control over a specific issue.

Kaplan is not a mere employee with zero involvement, as he would have the Court believe. No. Rather, as Kaplan states in his affidavit, he is responsible for "plan[ning] and strategiz[ing news] stories [. . .,] edit[ing news] stories for fairness, spelling, grammar, **truthfulness and libel** [. . .,] tak[ing] calls from customers [. . .,] represent[ing] each market in company meetings [. . .,] represent[ing] the paper at public events, [and] tak[ing] calls as an official representative of the paper [. . .],"[21] among other listed responsibilities. However, this brief, seven sentence description of Kaplan's duties and responsibilities as Regional Executive Editor of McClatchy and General Manager of the *Sun Herald* is and in no way can be exhaustive. Therefore, additional discovery into Kaplan's duties and responsibilities is required to negate his involvement given the definitions of his titles. As defined by Webster's Dictionary, an "executive" is "one who holds a position of administrative or managerial responsibility in a business or other organization."[22] Meanwhile, Black Law's Dictionary defines a "manager" as "[a] person who administers or supervises the affairs of a business, office, or other organization."[23] More specifically, a general manager is "[a] manager who has overall control of a nosiness, office, or other organization, including authority over other managers."[24] Thus, Kaplan's

---

[21] Affidavit of Blake Kaplan 1-2 (¶4), MEC No. 18 (emphasis added).
[22] *Webster's Third New Int'l Dictionary* 794 (1993).
[23] *Black's Law Dictionary* 979 (8th ed. 2004).
[24] *Id.*

executive, supervisory, and managerial roles need to be further explored, and will likely prove Kaplan's negligence.

From the limited discovery that was conducted however, Kaplan states that he "request[ed] assistance [from Tony Berg and Dan Morgenstern] to find out how the ad was placed[, . . . discussed] print related issues concerning the ad [with Sarah Patterson and Kerry Bean, . . . and told his] boss, Robyn Tomlin, [. . .] what happened [to] loop her into things."[25] What is important to note is that each person listed above is a member of management.[26] So, just as Kaplan was able to message and converse with other members of management after the Advertisement's publication, he could have conversed with, messaged, trained, supervised, and managed other members of management in the relevant departments to adhere to company policies and procedures, to stay abreast of issues, and to employ and enforce the necessary safeguards prior to the Advertisement's publication to avoid what occurred in this case.

Further, Kaplan produced a voicemail from Plaintiff, Robert Lett, III, in which Mr. Lett puts both Kaplan and the *Sun Herald* on notice of the defamatory advertisement on the first date of publication, December 8, 2020.[27] Kaplan also "received a communication from reporter Anita Lee [. . .] asking about the origin of the ad."[28] Yet, despite being made personally aware of the defamatory advertisement on the afternoon of December 8, 2020, through several means, and swearing to as much in interrogatories, Kaplan as the official representative of the *Sun Herald* and within his executive and managerial roles, failed to stop the Advertisement's re-print in a separate publication on December 9,

---

[25] *See* Exhibit "A" - Def. Blake Kaplan's Answers to Pls' 1st Set of Interrogs., 3-4 Interrog. No. 6.

[26] Based on their LinkedIn profiles and McClatchy's website, Tony Berg is McClatchy's Senior Vice President of Advertising; Dan Morgenstern was McClatchy's East Region Sales Director at the time of the subject incident; Sarah Patterson is the Director of Production at McClatchy; Kerry Bean is McClatchy's Senior Director of News Publishing; and Robyn Tomlin now the McClatchy Vice President of Local News was a President and Editor at News & Observer/Herald-Sun and McClatchy's Southeast Regional Editor at the time of the subject incident.

[27] *See* Exhibit "B.1" - Def. Blake Kaplan's Resp. to Pls' 1st Set of Req. for Produc. of Docs., 2 Req. No. 4. *See also* Exhibit "B.2" - Tr. of Req. No. 4. Note: A copy of the voicemail audio has been mailed to the Court Clerk on a jump drive for conventional filing.

[28] *See* Ex. A at 1-2 Interrog. No. 2.

2020.  In his affidavit, Kaplan claims he "knew nothing about the classified ad which is the subject of this litigation until after it was published and had no responsibility for accepting or publishing the classified ad which is the subject of this litigation."[29]  To claim zero involvement, while being aware and maintaining the authority to address the situation as the official representative of the newspaper raises reasonable doubt to say the least.

Kaplan's position coupled with the discovery currently conducted presents reasonable facts beyond doubt that substantiate Plaintiffs' claims and entitle them to relief.  Had Kaplan not neglected his duties and responsibilities as Regional Executive Editor of McClatchy and General Manager of the *Sun Herald*, and enforced or implemented company policies, processes, and procedures, and trained and managed people or departments to review advertisements for libel and trustworthiness prior to their dissemination to millions of viewers, a situation like this would not have happened.  Kaplan not only failed to enforce or implement safeguards and company policies, processes, and procedures, but he failed to properly train, supervise, and/or manage relevant employees or departments, and prevent or mitigate the Advertisement's publication despite knowledge of its defamatory nature.  Kaplan's actions and inactions resulted in Plaintiffs' damages, for which Plaintiffs are entitled to sue.  Plaintiffs have properly asserted these claims in their Complaint, as previously addressed, therefore Defendant, Blake Kaplan's motion to dismiss should fail.

## CONCLUSION

In conclusion, Plaintiffs' Complaint fully complies with the pleading requirements of Rule 8 of the Mississippi Rules of Civil Procedure and provides Defendant Kaplan with fair notice of the charges against him and the grounds therefor.  Moreover, the discovery conducted thus far provides this Court with plausible evidence of Kaplan's wrongdoing, and additional discovery and argument

---

[29] Affidavit of Blake Kaplan 3 (¶9), MEC No. 18.

will add further detail as the case progresses.  Accordingly, for the reasons set forth herein, Plaintiffs

respectfully requests this Court deny Defendant's 12(b)(6) Motion to Dismiss.

        **RESPECTFULLY SUBMITTED**, this the <u>11th</u> day of <u>November</u> 2021.

                                    **ROBERT LEE LETT, III AND
CHARLES LAMONT FOUNTAIN**

                        By:    <u>/s/ Karmel L. Keeton</u>
                                     Karmel LeDonia Keeton (MSB No. 106308)
                                     Jesse Mitchell, III (MSB No. 103020)
                                     *Attorneys for Plaintiffs*

**OF COUNSEL:**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:   601.510.1981
Email:  jmitchell@tmflegal.com
       kkeeton@tmflegal.com
       legalassistant@tmflegal.com

## CERTIFICATE OF SERVICE

I, <u>Karmel L. Keeton</u> hereby certify, that on <u>November 11, 2021</u>, I electronically filed the foregoing with the Clerk of Court using the ECF/MEC system which will send notification of such filing to all counsel of record.

<div align="center">

RESPECTFULLY SUBMITTED,

</div>

By:    <u>/s/Karmel L. Keeton</u>
       Karmel LeDonia Keeton (MSB No. 106308)

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                **PLAINTIFFS**

**v.**                                                 **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                              **DEFENDANTS**

---

### DEFENDANT BLAKE KAPLAN'S ANSWERS TO
### PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

COMES NOW Defendant, Blake Kaplan, and answers Plaintiffs' First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:**          Please provide your full name, social security number, current address, current employer and job title, and any and all telephone numbers (including but not limited to mobile telephones).

> **ANSWER:**   Blake Kaplan
> c/o The McClatchy Company, LLC
> 1601 Alhambra Blvd., Suite 100, Sacramento, CA 95816
> Employer: The McClatchy Company, LLC
> Job title: Regional Executive Editor and Sun Herald General
> Manager
> 601-909-0637

**INTERROGATORY NO. 2:**          Please identify when and how you learned about the subject Advertisement at issue in this cause of action. Please include the date and the person or medium that communicated the information to you, your location when you learned of it, and the method (telephone call, text message, email, face-to-face, written etc.) of the communication.

PLAINTIFF'S
EXHIBIT
A

ANSWER:                        I learned of the ad on the afternoon of December 8, 2020. I received a communication from reporter Anita Lee who had received communications from Liz Sharlot, Director, Office of Communications, for the Mississippi Department of Health, asking about the origin of the ad. Ms. Sharlot told Ms. Lee the department had received questions about the ad. At the time of all this communication, I was at my home in Gautier, Mississippi.

**INTERROGATORY NO.3:**       Please identify the company(ies), entity(ies), or person(s) responsible for making decisions concerning the solicitation, editing, and publication process(es) for advertisements at The McClatchy Company, LLC d/b/a Sun Herald ("McClatchy"), from November 2020 to present.

**ANSWER:**                   Tony Gray is the manager of general classifieds, and he works with Shannon Hayden, who manages an advertising call center in Texas. These are the people who handle classified ads.

**INTERROGATORY NO. 4:**      Please cite your role, duties, responsibility(ies), and authority for any and all decisions concerning the solicitation, editing, and publication process(es) for advertisements at McClatchy, from November 2020 to present.

**ANSWER:**                   I have no role in the solicitation, editing, and publication process(es) for advertisements at McClatchy from November 2020 to present.

**INTERROGATORY NO. 5:**      Describe any educational or work-related coursework, degrees, certifications, licenses, and/or training you have received as it relates to newspapers, advertisements, journalism, and the solicitation, editing, and publication process of newspapers and advertisements, and include in your response:

2

(a) The title and/or description of said coursework, degree, certification, license, and/or training;

(b) The authority who administered or granted said coursework, degree, certification, license, and/or training; and

(c) The date conferred or completed.

**ANSWER:** I have a bachelor's degree in journalism from LSU in 1988. I have attended management training at the Poynter Institute in Florida in 1996 and 2001. I have a completed a Kiplinger Fellowship at Ohio State University in 2015. I am a graduate of the Local Media Association's fundraising cohort in 2020. In 2018, I attended and graduated from "Blueprint," a McClatchy-sponsored training program in Dallas, Texas, on how to sell advertising, though classified ads were not a specific part of the program.

**INTERROGATORY NO. 6:** Identify and describe all communications and/or meetings you have had with any McClatchy agent, servant, employee, etc. or with any other company, entity, or person(s) (including Plaintiffs) regarding: (1) Plaintiffs, Charles Lamont Fountain and Robert Lee Lett, III, and (2) the subject matter of this litigation. Please include in your response:

(a) The date(s) of each communication or meeting;

(b) The method(s) of communication;

(c) The identity of the company, entity, or person(s) who received or sent the communication;

(d) The identity of the individuals present at each meeting;

and (e) The substance of the communication or discussion at each meeting.

3

**ANSWER:** Upon learning of the ad on December 8, 2020, I sent email messages to Tony Berg and Dan Morgenstern requesting assistance to find out how the ad was placed. They began looking into it. I had a telephone conversation with Mr. Berg on December 9 where he explained to me he found that the ad came in via a computer portal and that fake credentials may have been used. Mr. Morgenstern sent an email with similar information. I had conversations with Sarah Patterson and Kerry Bean about print related issues concerning the ad. Sometime that same week, I had a telephone conversation with my boss, Robyn Tomlin, to tell her what happened and loop her into things.

I object to furnishing any information covered by the attorney-client privilege and work product of counsel.

Respectfully submitted, this the 29 day of October, 2021.

Blake Kaplan 10-29-21
BLAKE KAPLAN

As to Objections:

Henry Laird
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

**STATE OF**

**COUNTY OF**

Personally appeared before me, the undersigned authority in and for the County and State aforesaid, on this the 29th day of October, 2021, within my jurisdiction, the within named BLAKE KAPLAN who upon oath, states that the matters and facts set forth above in the above and foregoing answers to interrogatories are true and correct as therein state, and where stated on information and belief, he verily believes the same to be true.

By: _____
Blake Kaplan

SWORN TO AND SUBSCRIBED BEFORE ME, this the 29th day of October, 2021.

_____
NOTARY PUBLIC

My Commission Expires:

_____

STATE OF MISSISSIPPI
LEIGH DAVIS
NOTARY PUBLIC
ID No. 4C491
Commission Expires
November 12, 2022
HARRISON COUNTY

5

**CERTIFICATE OF SERVICE**

I, Henry Laird, do hereby certify that I have sent a true and correct copy of the

foregoing by regular U.S. Mail and Email:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

This the ___29___ day of October, 2021.

Henry Laird

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14ʰ Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                                          **PLAINTIFFS**

**v.**                                     **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                                        **DEFENDANTS**

---

### DEFENDANT BLAKE KAPLAN'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS PRODUCTION OF DOCUMENTS

---

COMES NOW Defendant, Blake Kaplan, and responds to Plaintiffs' First Set of Requests for Production of Documents as follows:

**REQUEST NO. 1:** Please produce a copy of the Advertisement for each publication issued, by date and medium **(McClatchy Interrog. No. 5.)**

**RESPONSE:**      Please see Attachment No. 1.

**REQUEST NO. 2:** Please produce a copy of any written memorandum or order submitted in the publication request for the Advertisement. **(McClatchy Interrog. No. 9.)**

**RESPONSE:**      Please refer to responses from Defendant, The McClatchy Company, LLC.

**REQUEST NO. 3:** Please produce a copy of the rules, guidelines, procedures, and/or terms and conditions in effect and used during the period of January 1, 2020 through December 31, 2020 for McClatchy's online Classified Self-Service Site.

**RESPONSE:**      Please refer to responses from Defendant, The McClatchy Company, LLC.



**REQUEST NO. 4:** Please produce a copy of any written (including digital) or oral (if recorded) response or comment provided to you by any person or entity, to include but not limited to Plaintiff and the public at large. (McClatchy Interrog. No. 15 & 16.)

**RESPONSE:** Please see audio recordings in Attachment No. 4.

**REQUEST NO. 5:** Please produce all documents and/or communications (including written memorandum, electronic mail, facsimile, recorded oral communication, text message, etc.) related to any meeting or communication held to discuss the Advertisement or publication thereof. **Note**: In requesting this documentation, Plaintiffs only seek information kept in the regular course of business, and not in anticipate of litigation or for the purposes of legal consultation. **(Chatham Interrog. No. 5; McClatchy Interrog. 17; and Kaplan Interrog. No. 6.)**

**RESPONSE:** I have no such documents.

**REQUEST NO. 6:** Please provide a copy of the written and signed job descriptions, duties, and/or responsibilities for advertising department employees (including but not limited to general employees, directors, managers, supervisors, etc.) and editors (including but not limited to the Executive Editor, Managing Editor, (Chief) Copy Editor, etc.). Specifically, as it relates to this request, please provide the written and signed job description, duties, and/or responsibilities for Blake Kaplan. **(Kaplan Interrog. No. 4.)**

**RESPONSE:** Production will not be allowed because the request is overly broad and burdensome and not calculated to lead to discovery of admissible evidence except this Defendant has no such documents.

**REQUEST NO. 7:**  Please produce all employee manuals, handbooks, training materials, and required rules or procedures for advertising department employees (including  but not limited to general employees, directors, managers, supervisors, etc.) and editors (including but not limited to the Executive Editor, Managing Editor, (Chief) Copy Editor, etc.), in effect and used during the period of January 1, 2020 through December 31, 2020.

**RESPONSE:**      I have no such documents.

**REQUEST NO. 8:**  Please  produce  declaration  pages  for  any  insurance agreements, including excess polices, umbrella policies, self-insurance arrangements, or any other policy owned or application to you that may satisfy part or all of any judgment which may be entered against you or to reimburse you for payments made to satisfy such a judgment.

**RESPONSE:**      Please refer to responses from Defendant, The McClatchy Company, LLC.

**REQUEST NO. 9:**  At is relates to each expert witness you expect to call at trial, please produce a copy of his/her:

(a)      Written report;

(b)      The exhibits utilized in summarization or support of his/her opinions; and

(c)      Current resume and/or curriculum vitae.

**(McClatchy Interrog. No. 22.)**

**RESPONSE:**      I have no such documents.

**REQUEST NO. 10:** For all interrogatory responses not specifically identified above, please provide any and all documents and communications identified or referred to in your responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:**          I have no such documents.

Respectfully submitted, this the ___29___ day of October, 2021.

Henry Laird
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Email:  hfl@wisecarter.com
Telephone:  228/867-7141
Facsimile:  228/867-7142

As to Objections:

Henry Laird
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Email:  hfl@wisecarter.com
Telephone:  228/867-7141

4

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have sent a true and correct copy of the foregoing by regular U.S. Mail and Email:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29 day of October, 2021.

Henry Laird

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## TRANSCRIPTION OF REQUEST NO. 4

"Yes sir, my name is Robert Lett. My number is (228) 249-4963. I'm calling because there was an ad put up in the Classified . . . falsely, like it was from thhhe-- Department of Health. From the State of Mississippi. Stating that I needed to be tested for HIV. Along with two other gentlemen. Annnd-- I called the State Department, and it's not true. And I was trying to call and see how it was allowed to be posted. Against HIPAA laws and everything when it's not the truth? So, could you please give me a call back? As soon as you can? Thank yah."

Transcribed this the <u>11th</u> day of <u>November</u> 2021, by:

Karmel LeDonia Keeton (MSB No. 106308)



IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III AND**
**CHARLES FOUNTAIN**                                                       **PLAINTIFFS**


**v.**                                              CIVIL ACTION NO. 30CI1:21-cv-00135-DH


**CHATHAM ASSET MANAGEMENT, LLC;**
**THE MCCLATCHY COMPANY, LLC**
**D/B/A SUN HERALD;**
**BLAKE KAPLAN; AND JOHN DOES 1-12**                      **DEFENDANTS**

---

## NOTICE OF SERVICE

---

      **NOTICE** is hereby given that Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain

have this day served the following:

      *Plaintiffs' Second Set of Requests for Production of Documents to Defendant, The McClatchy*
*Company, LLC D/B/A Sun Herald.*

The undersigned retains the original of the above pleading as custodian thereof.

      **RESPECTFULLY SUBMITTED**, this the 29th day of November 2021.

                            **ROBERT LEE LETT, III AND**
                            **CHARLES LAMONT FOUNTAIN**

                            /s/ Karmel L. Keeton
                            Karmel L. Keeton (MS Bar No. 106308)
                            Jesse Mitchell, III (MS Bar No. 103020)
                            *Attorneys for Plaintiffs*

OF COUNSEL:

The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile: 601.510.1981
Email:  jmitchell@tmflegal.com
       kkeeton@tmflegal.com

## CERTIFICATE OF SERVICE

I, <u>Karmel L. Keeton</u>, attorney for Plaintiffs, do hereby certify that a true and correct copy of

the foregoing pleadings have been sent to the following:

Henry Laird
Wise Carter Child & Caraway, P.A.
2510 14th Street, Ste. 1125
Gulfport, Mississippi 39501
Telephone: 228.867.7141
Facsimile: 228.867.7142
Email: hfl@wisecarter.com

THIS, the <u>29th</u> day of <u>November</u> 2021

BY:    <u>/s/ Karmel L. Keeton</u>
Karmel L. Keeton

### IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | |
|---|---|
| **ROBERT LETT, III and**<br>**CHARLES FOUNTAIN** | **PLAINTIFFS** |
| **v.** | **CIVIL ACTION NO. 30CI1:21-cv-00135-DH** |
| **CHATHAM ASSET MANAGEMENT, LLC;**<br>**THE McCLATCHY COMPANY, LLC**<br>**d/b/a/ SUN HERALD; BLAKE KAPLAN;**<br>**and JOHN DOES 1-12** | **DEFENDANTS** |

### DEFENDANT, THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

COME NOW Defendant, The McClatchy Company, LLC, by and through counsel of record and gives notice to the Court that the following discovery has been mailed and emailed to opposing counsel:

1.    Defendant, The McClatchy Company, LLC's, First Set of Interrogatories Propounded to Plaintiff, Robert Lett, III;

2.    Defendant, The McClatchy Company, LLC's, First Set of Requests for Production of Documents Propounded to Plaintiff, Robert Lett, III;

3.    Defendant, The McClatchy Company, LLC's, First Set of Request for Admissions Propounded to Plaintiff, Robert Lett, III;

4.    Defendant, The McClatchy Company, LLC's, First Set of Interrogatories Propounded to Plaintiff, Charles Fountain;

5.    Defendant, The McClatchy Company, LLC's, First Set of Requests for Production of Documents Propounded to Plaintiff, Charles Fountain; and

6.    Defendant, The McClatchy Company, LLC's, First Set of Request for Admissions Propounded to Plaintiff, Charles Fountain.

Respectfully submitted, this the 29th day of December, 2021.

THE McCLATCHY COMPANY, LLC
Defendant

BY:    s/ Henry Laird
       HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

2

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29th day of December, 2021.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                          **PLAINTIFFS**

**v.**                                           **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                        **DEFENDANTS**

---

### DEFENDANT, THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

---

COME NOW Defendant, The McClatchy Company, LLC, by and through counsel

of record and gives notice to the Court that the following discovery has been mailed and

emailed to opposing counsel:

1.    Defendant, The McClatchy Company, LLC's, Responses to Plaintiff, Robert
      Lett, III's, Second Set of Requests for Production; and

2.    Defendant, The McClatchy Company, LLC's, Responses to Plaintiff,
      Charles Fountain's, Second Set of Requests for Production.

Respectfully submitted, this the 24th day of January, 2022.

                                          THE McCLATCHY COMPANY, LLC
                                          Defendant


                                     BY:   s/ Henry Laird
                                           HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

Case: 30CI1:21-cv-00135-DH     Document #: 33     Filed: 01/24/2022     Page 2 of 2

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 24th day of January, 2022.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                                      **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                                 **DEFENDANTS**

---

## DEFENDANT, THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

---

COME NOW Defendant, The McClatchy Company, LLC, by and through counsel

of record and gives notice to the Court that the following discovery has been mailed and

emailed to opposing counsel:

1.  Defendant, The McClatchy Company, LLC's, First Supplemental
    Interrogatory Propounded to Plaintiff, Robert Lett, III; and

2.  Defendant, The McClatchy Company, LLC's, First Supplemental
    Interrogatory Propounded to Plaintiff, Charles Fountain.

Respectfully submitted, this the 24th day of January, 2022.

                                        THE McCLATCHY COMPANY, LLC
                                        Defendant


                                        BY:     s/ Henry Laird
                                                HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 24th day of January, 2022.

s/ Henry Laird

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III AND
CHARLES FOUNTAIN**                                                      **PLAINTIFFS**


**v.**                                                       **CIVIL ACTION NO. 21-135(3)**


**CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12**                    **DEFENDANTS**

---

### NOTICE OF SERVICE

---

**NOTICE** is hereby given that Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain

have this day served the following documents upon opposing counsel via first class mail and electronic

correspondence:

1. *Plaintiff, Robert Lett's, Responses to Defendant, The McClatchy Company, LLC's, First Set of*

   *Requests for Admissions; and*

2. *Plaintiff, Charles Fountain's, Responses to Defendant, The McClatchy Company, LLC's, First Set of*

   *Requests for Admissions;*

**RESPECTFULLY SUBMITTED**, this the 28th day of January 2022.

                                        **ROBERT LEE LETT, III AND
                                        CHARLES LAMONT FOUNTAIN**

                              BY:   */s/ Karmel LeDonia Keeton*
                                    Jesse Mitchell, III (MS Bar No. 103020)
                                    Karmel LeDonia Keeton (MS Bar No. 106308)
                                    *Attorneys for Plaintiff*

**OF COUNSEL:**

The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile: 601.510.1981
Email:  jmitchell@tmflegal.com
      kkeeton@tmflegal.com
      legalassistant@tmflegal.com

## CERTIFICATE OF SERVICE

    I, <u>Karmel L. Keeton</u>, attorney for Plaintiffs, hereby certify that I electronically filed the

foregoing pleading with the Clerk of the Court using the MEC system which sent notice of said

filing to the following:

    Henry Laird
    Wise Carter Child & Caraway, P.A.
    2510 14th Street, Ste. 1125
    Gulfport, Mississippi 39501
    Telephone: 228.867.7141
    Facsimile: 228.867.7142
    Email: hfl@wisecarter.com

    **THIS,** the <u>28th</u> day of January 2022.

                         /s/ *Karmel LeDonia Keeton*
                         Karmel LeDonia Keeton (MS Bar No. 106308)

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III AND**
**CHARLES FOUNTAIN**                                                         **PLAINTIFFS**

**v.**                                                              **CIVIL ACTION NO: 21-135**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE MCCLATCHY COMPANY, LLC**                                      **DEFENDANTS**
**D/B/A SUN HERALD;**
**BLAKE KAPLAN; AND JOHN DOES 1-12**

---

### PLAINTIFFS' MOTION FOR SEVERANCE OF CLAIMS

---

**COME NOW**, Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, and file this their *Motion for Severance of Claims*. In support of said Motion, Plaintiffs state to wit the following:

1. Plaintiffs filed their Complaint against Defendants, Chatham Asset Management, LLC; The McClatchy Company, LLC d/b/a Sun Herald; and Blake Kaplan, on August 9, 2021. MEC No. 2.

2. In their Complaint, Plaintiffs allege defamation (or in the alternative, invasion of privacy false light) as a result of Defendants' negligent publication of a libelous advertisement (the "Advertisement") imputing a loathsome disease to Plaintiffs, which was published both in print and online within in the Biloxi *Sun Herald* newspaper on December 8 and 9, 2020. *Id.*

3. As Plaintiffs' claims arise out of the same nucleus of operative fact and law, and Plaintiffs seek the same right to relief, for efficiency and economy purposes, Plaintiffs claims were jointly filed by means of permissive joinder.

4. Generally,

[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction,

occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

Miss. R. Civ. P. 20(a).

5.   Although properly joined, due to recent events—namely, the incarceration of Fountain—

Plaintiffs now seek to sever their case into two, separate and distinct actions.

6.   When parties are improperly joined, the proper form of relief is severance. *See* Miss. R.

Civ. P. 21.  Nonetheless, severance may also be obtained in order to "prevent delay or prejudice"

pursuant to Rule 20(b) of the Mississippi Rules of Civil Procedure.  Miss. R. Civ. P. 20(b).

> The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.

*Id.*  Moreover, the ordering of separate trials is also applicable under Rule 42(b) of the

Mississippi Rules of Civil Procedure, which states that:

> [t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by Section 31 of the Mississippi Constitution of 1890.

Miss. R. Civ. P. 42(b).

7.   On September 14, 2021, Fountain was sentenced to serve a concurrent term of eight years

in the Mississippi Department of Corrections for two counts of Possession of Controlled Substance

and one count of Marijuana Possession. *See* Exhibit "A" – Inmate Details.  As such, Fountain's release

is tentatively set for September 12, 2029. *Id.*

8.   Prior to sentencing, Fountain worked at S.T. Engineer Halter Marine and Offshore as a

painter and blaster.

9.   Fountain's incarceration, while unrelated and irrelevant to Plaintiffs' claims against

Defendants, unduly prejudices Lett due to no fault of his own, creating issues of expense, delay, and

bias, as well as the potential to confuse the issues and mislead the jury. In the interest of justice and judicial efficiency, therefore, Plaintiffs pray this Court sever this matter into two, separate and distinct actions.

10. Granting or denying severance lies within the trial court's broad discretion. *See Wyeth-Ayerst Labs v. Caldwell*, 905 So. 2d 1205, 1207 (¶ 6) (Miss. 2005). In making its determination, "the trial court "must weigh whether one trial or separate trials will best serve the convenience of the parties and court, avoid prejudice, and minimize expense and delay. The major consideration, of course, must be which procedure is more likely to result in a just, final disposition of the litigation." *Capital City Ins. Co. v. G.B. "Boots" Smith Corp.*, 889 So. 2d 505, 509 (¶ 10) (Miss. 2004) (citing Miss. R. Civ. P. 42(b) cmt.).

11. At best, trying Plaintiffs' claims together will only assist with the production, timing, and cost of discovery that is within Defendants' possession. This discovery can easily be consolidated by the Court however, if deemed necessary. Access to discovery possessed by Fountain, including his ability to provide documentation and releases, be deposed, and to speak with experts, will likely be prolonged due to his incarceration, and may result in additional expenses for both counsel and client as it relates to communication, travel, documentation, etc. In this vein, judicial economy would not be best met through a single action.

12. More importantly however, Fountain's incarceration unduly prejudices Lett, not only through delay of discovery, and likely trial, but also through bias, which will likely confuse the issues and mislead the jury. As Plaintiffs' defamation claim involves their reputation within the community, Fountain's incarceration, while unrelated to Plaintiffs' claims against Defendants, has the likelihood to taint the jury against Lett. In order for justice to be best served, separation of Plaintiffs' case is warranted.

13.     Plaintiffs respectfully move this Court for an order severing their claims against Defendants on the grounds that the joining in one action and one complaint is individually prejudicial to Plaintiffs, injures their substantial rights, will cause embarrassment and undue expense, will confuse the issues and mislead the jury, and will delay trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, pray this Court separate their case into two, separate and distinct actions.

**RESPECTFULLY SUBMITTED**, this the 16th day of February 2022.

<div style="text-align:right">

**ROBERT LEE LETT, III AND
CHARLES LAMONT FOUNTAIN**

</div>

By:     /s/ *Karmel L. Keeton*
        Karmel LeDonia Keeton (MSB No. 106308)
        Jesse Mitchell, III (MSB No. 103020)
        *Attorneys for Plaintiffs*

**OF COUNSEL:**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:  601.510.1981
Email:  jmitchell@tmflegal.com
        kkeeton@tmflegal.com
        legalassistant@tmflegal.com

## CERTIFICATE OF SERVICE

I, <u>Karmel L. Keeton</u> hereby certify, that on <u>February 16, 2022,</u> I electronically filed the foregoing with the Clerk of Court using the ECF/MEC system which will send notification of such filing to all counsel of record.

RESPECTFULLY SUBMITTED,

By:     /s/ *Karmel L. Keeton*
        Karmel LeDonia Keeton (MSB No. 106308)

Mississippi Department
of Corrections
Promoting ★ Public ★ Safety

INMATE
SEARCH

# Inmate Details

## CHARLES FOUNTAIN

### MDOC ID Number: 236200

**Race:** BLACK    **Sex:** MALE    **Date of Birth:** 07/20/1978

**Height:**    **Weight:**    **Complexion:**

**Build:**    **Eye Color:**    **Hair Color:**

**Entry Date:**    **Location:** SOUTH MISSISSIPPI COUNTY JAIL    **UNIT:** JACKSON CJ

**Location Change Date:** 11/29/2021    **Number of Sentences:** 3    **Total Length:** 8 YEARS

### OFFENSE 1: POSSESSION OF CONTROLLED SUBSTANCE

**Sentence Length:** 3 YEARS    **County of Conviction:** JACKSON    **Sentence Date:** 09/14/2021

### OFFENSE 2: POSSESSION OF CONTROLLED SUBSTANCE

**Sentence Length:** 8 YEARS    **County of Conviction:** JACKSON    **Sentence Date:** 09/14/2021

### OFFENSE 3: MARIJUANA-POSSESS

**Sentence Length:** 8 YEARS    **County of Conviction:** JACKSON    **Sentence Date:** 09/14/2021

**Tentative Release:** 09/12/2029



## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                   **PLAINTIFFS**

**v.**                                      **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                **DEFENDANTS**

### NOTICE OF FILING NOTICE OF REMOVAL

Defendants, The McClatchy Company, LLC and Blake Kaplan, file in this Court pursuant to 28 U.S.C. §§ 1332 and 1446, a copy of its Notice of Removal filed on February 24, 2022, in the United States District Court for the Southern District of Mississippi, Southern Division, thereby removing this action to federal district court. The Notice of Removal is attached as Exhibit "1" to this filing.

This the 24th day of February, 2022.

THE McCLATCHY COMPANY, LLC and BLAKE KAPLAN, Defendants

BY:   s/ Henry Laird
      HENRY LAIRD (MSB 1774)
      Wise Carter Child & Caraway, P.A.
      2510 14th Street, Suite 1125
      Gulfport, MS 39501
      Email: hfl@wisecarter.com
      Telephone: 228/867-7141
      Facsimile: 228/867-7142

Case: 30CI1:21-cv-00135-DH    Document #: 37    Filed: 02/24/2022    Page 2 of 2

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

<div align="center">

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

</div>

This the 24th day of February, 2022.

s/  Henry Laird
HENRY LAIRD (MSB 1774)
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Email:  hfl@wisecarter.com
Telephone:  228/867-7141
Facsimile:  228/867-7142

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

FEB 24 2022

ARTHUR JOHNSTON
BY_____ DEPUTY

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                            **PLAINTIFFS**

**v.**                                  CIVIL ACTION NO. 1:22cv 38 HSO - RHWR

**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                         **DEFENDANTS**

---

### NOTICE OF REMOVAL

---

TO:   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI, SOUTHERN DIVISION

Randy Carney
Jackson County Circuit Court Clerk
3104 South Magnolia Street
Pascagoula, MS 39567

JACKSON COUNTY, MISSISSIPPI CIRCUIT COURT CLERK

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
       kkeeton@tmflegal.com

ATTORNEYS FOR PLAINTIFFS

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1446,

Defendants, The McClatchy Company, LLC and Blake Kaplan, subject to all their

defenses, including its Rule 12 defenses, hereby remove this action from the Circuit Court

of Jackson County, Mississippi, to the United States District Court for the Southern District



EXHIBIT
1

of Mississippi, Southern Division. Removal of this case to federal court is appropriate

because the amount in controversy exceeds $75,000.00, exclusive of interest and costs,

and there is complete diversity of citizenship between Plaintiffs Robert Lett, III and

Charles Fountain and Defendants The McClatchy Company, LLC and Blake Kaplan. As

grounds for this removal, Defendants state as follows:

I.      **FACTUAL AND PROCEDURAL BACKGROUND.**

1.      On August 9, 2021, Plaintiff filed their Complaint styled: *Robert Lett, III and*

*Charles Fountain v. Chatham Asset Management, LLC; The McClatchy Company, LLC*

*d/b/a Sun Herald; Blake Kaplan; and John Does 1-12*; in the Circuit Court of Jackson

County, Mississippi; Cause No: 30CI1:21-cv-00135-DH.

2.      Attached hereto as Exhibit "A" is a certified copy of the documents that are

in the state court file and record as of February 17, 2022.

3.      Plaintiffs served Defendant The McClatchy Company, LLC ("McClatchy")

with a summons and complaint ("Complaint") through its registered agent on August 18,

2021; served Defendant Blake Kaplan with a summons and complaint on August 23,

2021; and served Chatham Asset Management, LLC ("Chatham") through its registered

agent with a summons and complaint on August 18, 2021.[1]

4.      The complaint filed in the state court [Doc. #2] seeks unspecified dollar

amounts of damages for defamation and false light invasion of privacy for, among other

damages, future psychiatric, psychological, and therapeutic expenses; injury to reputation

and humiliation; mental anguish and suffering; and all damages allowed by state and

federal defamation and invasion of privacy law.

---

[1] On November 9, 2021, the complaint filed against Defendant Chatham was dismissed [Doc. #29] leaving only McClatchy and Blake Kaplan as Defendants.

The complaint also seeks punitive damages and attorneys' fees, plus interest.

5.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed actions has been pending, and because a substantial part of the events giving rise to Plaintiffs' putative claims allegedly occurred in this district.

6.     As required by 28 U.S.C. § 1446(b)(3), this notice of removal is filed within thirty days after receipt of proof the case has become removable:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

See *Allen v. Bulk Logistics, Inc.*, 485 F.Supp.3d 691, 694-96 (S.D. Miss. 2020).

7.     Pursuant to 28 U.S.C. § 1446(d) all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Jackson County, Mississippi.

## II.   PLAINTIFFS' ACTION SATISFIES THE AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332(a).

8.     Plaintiffs' action satisfies the first requirement for diversity of citizenship jurisdiction under 29 U.S.C. § 1332 (a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Federal courts have original jurisdiction over civil actions between diverse parties where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

9.     Whereas here, a complaint requests an unspecified amount of damages, removal of the case under § 1332 is proper where it is "facially apparent" that it is likely

the amount in controversy would exceed $75,000.00.  See *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

10.    Plaintiff seeks an unlimited amount of actual claims for defamation and invasion of privacy, punitive damages, emotional distress damages, and attorneys' fees. (Complaint, pg. 16.)

11.    Federal district courts in Mississippi "have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum".  *Sun Life Assur. Co. v. Fairley,* 485 F.Supp.2d 731, 735 (S.D. Miss. 2007). Likewise, Mississippi's federal courts have held that "Mississippi juries routinely award damages for pain and suffering and/or emotional damages in excess of $75,000.00". *Holmes v. Citi Financial Morg. Co.* 436 F.Supp.2d 829, 830-31 (N.D. Miss. 2006).

12.    On January 28, 2022 Plaintiffs Robert Lett, III and Charles Fountain served Defendant McClatchy with their responses to requests for admissions which are attached hereto as Exhibits "B" and "C", respectively.  Their responses to requests for admissions are identical, and taking their responses to request numbers 12 through 15 together, Defendants are now on notice that Plaintiffs refused to deny the amount in controversy for each of their claims exceeds $75,000.00 and refused to admit their claims are less than $75,000.00.

Defendants McClatchy and Blake Kaplan are removing the state court case to the federal district court case within thirty (30) days' receipt and service of Plaintiffs' responses to requests for admissions by which, "it may be first ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(c).

4

If Plaintiffs want to prevent removal, they must file binding stipulations or affidavits once McClatchy and Blake Kaplan have removed this case to federal district court. *Holmes v. Citi Financial Morg. Co.* 436 F.Supp.2d 829, 830-31 (N.D. Miss. 2006). Furthermore, Plaintiffs' objections to and refusal to admit or deny the above referenced request for admissions which were intended to establish whether the federal jurisdictional threshold had been met, constitutes notice to Defendants that the amount in controversy indeed exceeds $75,000.00, exclusive of interest and costs. *Holmes,* 830. Removal to the federal district court is within thirty (30) days of the notice about damages to Defendants via Plaintiffs' responses to requests for admissions served on Defendant McClatchy on January 28, 2020.

13.    Thus, Plaintiffs' allegations more than meet the amount in controversy requirement under 28 U.S.C. § 1332(a).

## III.   PLAINTIFFS' ACTION SATISFIES THE DIVERSITY OF CITIZENSHIP REQUIREMENT OF 28 U.S.C. § 1332(a).

Complete diversity of citizenship exists between all parties to this action, thereby satisfying the second prong of the diversity of citizenship standard under 28 U.S.C. § 1332(a).

14.    Diversity of citizenship is normally determined at the time the action is commenced. *Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 830 (1989). See 28 U.S.C. § 1446(b)(3).

15.    Plaintiffs admit that, at the time the Complaint was filed, Plaintiffs were resident citizens of the State of Mississippi. (Complaint, ¶¶ 1 and 2.)

16.    On September 17, 2021, Chatham Asset Management, LLC filed its Mississippi Rule of Civil Procedure 12 Motion to Dismiss on the ground that Plaintiffs

failed to state a claim upon which relief could be granted, lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process. On November 10, 2021, the parties stipulated and agreed to a Mississippi Rule of Civil Procedure 41 Stipulation of Dismissal as to Defendant Chatham Asset Management, LLC, which was entered November 10, 2021. [Doc. #29.] Chatham Asset Management, LLC was therefore no longer a party to the state court proceeding, leaving only Defendants, The McClatchy Company, LLC and Blake Kaplan.

17.    At the time of the filing of the state court complaint and to the present time, Defendant McClatchy Company, LLC was and is a Delaware limited liability company and a citizen of the State of Delaware with its sole member being SIJ Intermediate, LLC, which was and is a Delaware limited liability company and a citizen of the State of Delaware with its sole member being SIJ Holdings, LLC which was and is a Delaware limited liability company and a citizen of the State of Delaware.

18.    At the time of the filing of the state court complaint and to the present time, Defendant Blake Kaplan was and is an adult resident citizen of Jackson County, Mississippi, but his citizenship should be disregarded for the purposes of determining federal diversity jurisdiction and removability of the state court action.

19.    Blake Kaplan was improperly joined as a defendant in the state court proceeding. Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Davidson v. Georgia-Pacific, LLC,* 819 F.3d 758, 765 (5th Cir. 2016). The second situation is before us on this removal. The test is "whether the defendant has demonstrated that there is no possibility of recovery by the

6

plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant". *Davidson*, 765. Defendants have now so demonstrated.

20.     On this removal the court should first look to see if the Plaintiffs can survive a Rule 12(b)(6) challenge for failure to state a claim. However, even when a complaint states a claim that satisfies Rule 12(b)(6) but has misstated or omitted "discreet facts that would determine the propriety of the joinder... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry". *Davidson*, 765.

Although "a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which in absence in the plaintiff's proof alone can be fatal". *Davidson,* 766.

"Rather than a standard in which no-evidence on the plaintiff's part may be dispositive, 'the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant....'". Examples of improper joinder based on "discreet and undisputed facts" outside the pleadings requiring a defendant to preclude the possibility of recovery are:  evidence showing that the in-state doctor defendant did not treat the plaintiff; that the in-state pharmacist defendant did not fill a prescription for the plaintiff patient; and that a party's residence was not as alleged or any other fact that easily can be *disproved* if not true. Davidson, 766.

In their state court complaint Plaintiffs articulate no specific duty Blake Kaplan, as Regional Executive Editor of the *Sun Herald* newspaper, owed to Plaintiffs.

21.    Neither do Plaintiffs articulate any breach of duty by Blake Kaplan. Such is an impossibility since Blake Kaplan had no responsibility for the publication of the allegedly defamatory and false light classified advertisement published by the *Sun Herald* newspaper on December 8, 2020. Blake Kaplan was the Regional Executive Editor of the newspaper, but he had no responsibility for any advertising at all. That was handled by a completely different office within the McClatchy newspaper chain in Fort Worth, Texas. Blake Kaplan's office at the time of the classified advertisement in issue was Gulfport, Mississippi. [Doc. # 18.] Blake Kaplan did not even know about the classified advertisement until after it was published and Plaintiffs complained about it. These are "discreet and undisputed facts".

22.    In this diversity case the federal district court looks to the substantive law in Mississippi on liability of officers, directors and employees of business organizations for acts and omissions of those organizations. "Mississippi follows the general rule that individual liability of corporate officers or directors may not be predicated merely on their connection to the corporation but must have as their foundation individual wrongdoing. *Lancaster v. Miller,* 319 So. 3d 1174, 1179 (Miss. Ct. App. 2021).

> .... [I]n a limited liability company, no member, manager or officer such as [Blake Kaplan] shall be obligated for a debt **solely** by reason of being a member, acting as a manager or acting as an officer of the limited liability company. But [Blake Kaplan] can be liable for [his] own individual tortious actions…

*Lancaster,* 1180.

Again, Plaintiffs make no allegations in their state court complaint of any specific tortious action on the part of Defendant Blake Kaplan.

8

Similarly, Defendant Blake Kaplan incurs no personal liability for torts of a corporation "merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong..." *First Mobile Home Corp. v. Little,* 298 So. 2d 676 (Miss. 1974).

## IV.    SATISFACTION OF ADDITIONAL REMOVAL REQUIREMENTS.

23.    Pursuant to 28 U.S.C. § 1446(a) and Local Uniform Civil Rule 5(b) Defendant has provided a copy of all process, pleadings, and orders served upon Defendant as attachments to this removal petition.  Pursuant to 28 U.S.C. § 1446(d) written notice of the filing of this notice of removal is being given to all adverse parties promptly after the filing of the notice of removal, as indicated in the attached certificate of service.  Pursuant to 18 U.S. C. § 1446(d) a true and correct copy of this Notice, along with accompanying exhibits, will be promptly filed with the Circuit Court of Jackson County, Mississippi.

## V.    CONCLUSION.

Defendants The McClatchy Company, LLC and Blake Kaplan have met their burdens to establish federal jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), thereby entitling Defendant to remove this case to this Court under 28 U.S.C. § 1441(a). Defendant respectfully request that this Court assume jurisdiction over this case for all further proceedings.

Respectfully submitted, this the ___24___ day of February, 2022.


THE McCLATCHY COMPANY, LLC and
BLAKE KAPLAN, Defendants

BY: _____

HENRY LAIRD (MSB 1774)
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Email:  hfl@wisecarter.com
Telephone:  228/867-7141
Facsimile:  228/867-7142

10

**CERTIFICATE OF SERVICE**

I, Henry Laird, do hereby certify that I have this day mailed by first class United States Mail, postage prepaid, a true and correct copy of the above document to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the __24__ day of February, 2022.

HENRY LAIRD (MSB 1774)
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Email: hfl@wisecarter.com
Telephone: 228/867-7141
Facsimile: 228/867-7142

**ROBERT LEE. III**
**CHARLES FOUNTAIN**                                                **PLAINTIFF**

**VS**                                                           **CI- CV-21-135**

**CHATHAM ASSET MANAGEMENT, LLC:**
**THE MCCLATCHY COMPANY, LLC**
**D/B/A SUN HARALD**
**BLAKE KAPLAN(TERMINATED 10/4/21)**
**JOHN DOES 1-13**                                                  **DEFENDANT**

I, Randy Carney, Clerk of the County Court, in and for said County and State the same being a Court of Record, having a seal, do hereby officially certify that I am the proper custodian of all the books, papers, records, files and documents of said Court and of the Seal thereof, and that the foregoing is a full, true and complete copy of documents listed for the above styled case:

**- ENTIRE FILE**

recorded, as full, true and complete as the same now appears of record in the records of JACKSON COUNTY, COUNTY COURT, PASCAGOULA, MISSISSIPPI in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at my office in Pascagoula in said County and State on this the ⎯17⎯ Day of _Feb_ , 202_2_ .

RANDY CARNEY, Clerk
Circuit Court
Jackson County, Mississippi

By _BJ McClary_ ⎯⎯⎯⎯ D.C.





**EXHIBIT**

_A_

## Mississippi Electronic Courts
### Nineteenth Circuit Court District (Jackson Circuit Court)
### CIVIL DOCKET FOR CASE #: 30CI1:21-cv-00135-DH
### Internal Use Only

| | |
|---|---|
| LETT, III et al v. CHATHAM ASSET MANAGEMENT, LLC et al | Date Filed: 08/09/2021 |
| Assigned to: Dale Harkey | Current Days Pending: 192 |
| | Total Case Age: 192 |
| | Jury Demand: None |
| **Upcoming Settings:** | Nature of Suit: Other Torts (175) |

None Found

---

**Plaintiff**

**ROBERT LETT, III**          represented by   **Jesse Mitchell, III**
                                               The Mitchell Firm, PLLC
                                               1062 Highland Colony Pkwy
                                               Suite 150
                                               RIDGELAND, MS 39157
                                               769-300-0462
                                               Fax: 601-510-1981
                                               Email: jmitchell@tmflegal.com
                                               *ATTORNEY TO BE NOTICED*

                                               **Karmel Ledonia Keeton**
                                               The Mitchell Firm, PLLC
                                               1062 Highland Colony Pkwy Suite 150
                                               RIDGELAND, MS 39157
                                               769-300-0462
                                               Fax: 601-510-1981
                                               Email: kkeeton@tmflegal.com
                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHARLES FOUNTAIN**          represented by   **Jesse Mitchell, III**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Karmel Ledonia Keeton**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**CHATHAM ASSET MANAGEMENT, LLC**          represented by   **Henry F Laird, mr.**
*TERMINATED: 11/09/2021*                                    Wise Carter
                                                            Wise Carter
                                                            2510 14th Street
                                                            Suite 1125
                                                            GULFPORT, MS 39501
                                                            228-867-7141
                                                            Fax: 228-867-7142
                                                            Email: hfl@wisecarter.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD**          represented by   **Henry F Laird, mr.**
                                                                          (See above for address)

Case: 30Cl1:21-cv-00135-DH    Document #: 37-1    Filed: 02/24/2022    Page 14 of 203

<u>Defendant</u>

**BLAKE KAPLAN**                        represented by   **Henry F Laird, mr.**
*TERMINATED: 10/04/2021*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**JOHN DOES 1-12**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2021 | 1 | Civil Cover Sheet. (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/09/2021 | 2 | COMPLAINT against CHATHAM ASSET MANAGEMENT, LLC, JOHN DOES 1-12, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD, filed by CHARLES FOUNTAIN & ROBERT LETT, III. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E.) (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/09/2021 | 4 | SUMMONS Issued to CHATHAM ASSET MANAGEMENT, LLC. (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/11/2021 | 3 | SUMMONS Issued to THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (McCreary, B.J.) (Entered: 08/11/2021) |
| 08/11/2021 | 5 | SUMMONS Issued to BLAKE KAPLAN. (McCreary, B.J.) (Entered: 08/11/2021) |
| 09/15/2021 | 6 | MOTION to Dismiss by Defendant BLAKE KAPLAN (Laird, Henry) (Entered: 09/15/2021) |
| 09/15/2021 | 7 | MOTION for Extension of Time to File *Affidavits and Brief in Support of Motion to Dismiss* by Defendant BLAKE KAPLAN (Laird, Henry) (Entered: 09/15/2021) |
| 09/15/2021 | 8 | MOTION for Extension of Time to File Answer re 2 Complaint, by Defendant THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD (Laird, Henry) (Entered: 09/15/2021) |
| 09/17/2021 | 9 | MOTION to Dismiss by Defendant CHATHAM ASSET MANAGEMENT, LLC (Laird, Henry) (Entered: 09/17/2021) |
| 09/17/2021 | 10 | MOTION for Extension of Time to File *Affidavits and Brief in Support of Motion to Dismiss* by Defendant CHATHAM ASSET MANAGEMENT, LLC (Laird, Henry) (Entered: 09/17/2021) |
| 09/17/2021 | 11 | AFFIDAVIT *of Henry Laird* by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 09/17/2021) |
| 09/22/2021 | 12 | NOTICE of Hearing re 6 MOTION to Dismiss, 9 MOTION to Dismiss by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN (Laird, Henry) (Entered: 09/22/2021) |
| 09/28/2021 | 13 | ORDER granting 10 Motion for Extension of Time to File.Signed by Dale Harkey on 09/27/2021. (McCreary, B.J.) (Entered: 09/28/2021) |
| 09/29/2021 | 14 | AFFIDAVIT *of James Ruggerio, Jr.* by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 09/29/2021) |
| 10/04/2021 | 15 | ORDER granting 6 Motion to Dismiss.Signed by Dale Harkey on 10/01/2021. (McCreary, B.J.) (Entered: 10/04/2021) |
| 10/04/2021 | 16 | ORDER granting 8 Motion for Extension of Time to Answer.Signed by Dale Harkey on 10/01/2021. (McCreary, B.J.) (Entered: 10/04/2021) |

| 10/08/2021 | 17 | MEMORANDUM in Support re 9 MOTION to Dismiss by CHATHAM ASSET MANAGEMENT, LLC. (Laird, Henry) (Entered: 10/08/2021) |
|---|---|---|
| 10/11/2021 | 18 | AFFIDAVIT *of Blake Kaplan* by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN, THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 10/11/2021) |
| 10/13/2021 | 19 | NOTICE OF SERVICE of Responses to Request for Admissions by CHATHAM ASSET MANAGEMENT, LLC, BLAKE KAPLAN. (Laird, Henry) (Entered: 10/13/2021) |
| 10/14/2021 | 20 | NOTICE OF SERVICE of Responses to Request for Admissions by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 10/14/2021) |
| 10/14/2021 | 21 | RESPONSE in Support re 6 MOTION to Dismiss by BLAKE KAPLAN. (Laird, Henry) (Entered: 10/14/2021) |
| 10/14/2021 | 22 | MEMORANDUM in Support re 9 MOTION to Dismiss by CHATHAM ASSET MANAGEMENT, LLC. (Laird, Henry) (Entered: 10/14/2021) |
| 10/18/2021 | 23 | ANSWER to 2 Complaint, by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 10/18/2021) |
| 10/22/2021 | 24 | NOTICE of Appearance by Karmel Ledonia Keeton on behalf of CHARLES FOUNTAIN, ROBERT LETT, III (Keeton, Karmel) (Entered: 10/22/2021) |
| 10/27/2021 | 25 | NOTICE OF SERVICE of Responses to Interrogatories, NOTICE OF SERVICE of Responses to Request for Production by CHATHAM ASSET MANAGEMENT, LLC. (Laird, Henry) (Entered: 10/27/2021) |
| 10/29/2021 | 26 | NOTICE OF SERVICE of Responses to Interrogatories, NOTICE OF SERVICE of Responses to Request for Production by BLAKE KAPLAN. (Laird, Henry) (Entered: 10/29/2021) |
| 10/29/2021 | 27 | MOTION for Extension of Time to File *Responses to Interrogatories and Requests for Production of Documents* by Defendant THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD (Laird, Henry) (Entered: 10/29/2021) |
| 11/09/2021 | 28 | STIPULATION of Dismissal *as to Defendant, Chatham Asset Management, LLC* by CHARLES FOUNTAIN, ROBERT LETT, III. (Keeton, Karmel) (Entered: 11/09/2021) |
| 11/10/2021 | 29 | PLAINTIFFS RULE 41 STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT CHATHAM ASSET MANAGEMENT, LLC. Signed by Dale Harkey on 11/09/2021. (McCreary, B.J.) (Entered: 11/10/2021) |
| 11/11/2021 | 30 | RESPONSE in Opposition re 6 MOTION to Dismiss by CHARLES FOUNTAIN, ROBERT LETT, III. (Attachments: # 1 Exhibit A - Def Blake Kaplan's Answers to Pls' 1st Set of Interrogs, # 2 Exhibit B.1 - Def Blake Kaplan's Resp to Pls' 1st Set of RFPD, # 3 Exhibit B.2 - Tr of Req No 4,) (Keeton, Karmel) (Entered: 11/11/2021) |
| 11/29/2021 | 31 | NOTICE OF SERVICE of Request for Production of Documents Propounded to The McClatchy Company, LLC d/b/a Sun Herald by CHARLES FOUNTAIN, ROBERT LETT, III. (Keeton, Karmel) (Entered: 11/29/2021) |
| 12/29/2021 | 32 | NOTICE OF SERVICE of Interrogatories Propounded to Robert Lett, III and Charles Fountain, NOTICE OF SERVICE of Request for Admissions Propounded to Robert Lett, III and Charles Fountain, NOTICE OF SERVICE of Request for Production of Documents Propounded to Robert Lett, III and Charles Fountain by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 12/29/2021) |
| 01/24/2022 | 33 | NOTICE OF SERVICE of Responses to Request for Production by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 01/24/2022) |
| 01/24/2022 | 34 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiffs, Robert Lett, III and Charles Fountain by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Laird, Henry) (Entered: 01/24/2022) |

| | | |
|---|---|---|
| 01/28/2022 | 35 | NOTICE OF SERVICE of Responses to Request for Admissions by CHARLES FOUNTAIN, ROBERT LETT, III. Related document: 32 Notice of Service of Interrogatories,, Notice of Service of Request for Admissions,, Notice of Service of Request for Production of Documents, filed by THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD. (Keeton, Karmel) (Entered: 01/28/2022) |
| 02/16/2022 | 36 | MOTION to Sever *Claims* by Plaintiffs CHARLES FOUNTAIN, ROBERT LETT, III (Attachments: # 1 Exhibit A - Inmate Details,) (Keeton, Karmel) (Entered: 02/16/2022) |

Case 20CI1:21-cv-00100-BP2 Document2EIB21   Filed 02/02/2021   Page 1 of 303

| | | |
|---|---|---|
| **COVER SHEET** | **Court Identification Docket #** | |
| **Civil Case Filing Form** | | |
| *(To be completed by Attorney/Party Prior to Filing of Pleading)* | | |

| County # | Judicial District | Court ID (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|---|---|
| 3 6 | 1 9 | C I | 2 0 2 1 | 0 0 1 3 5 |

Local Docket ID

| Month | Date | Year |
|---|---|---|
| 0 2 | 0 2 | 2 1 |

This area to be completed by clerk

21-135 (3)
Case Number if filed prior to 1/1/94

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2020)

In the **CIRCUIT** [X] Court of **JACKSON** [✓] County   — [✓] Judicial District

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Lett** **Robert** | **L** | **III**
Last Name    First Name    Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff **4972 Huntington Dr. Gautier, MS 39553**

Attorney (Name & Address) **Jesse Mitchell, II)-1062 Highland Colony Pkwy. Ste. #150 Ridgeland, MS 39157**   MS Bar No. **103020**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____
Last Name    First Name    Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business **Chatham Asset Management, LLC - Incorporated in New Jersey**
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - if Known _____   MS Bar No. _____

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property* |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce: Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Other _____ | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other _____ | [ ] Will Contest | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other _____ | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [X] Other Defamation; False Light |

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other _____

IN THE _CIRCUIT_____ ☑ COURT OF _JACKSON_____ ☑ COUNTY, MISSISSIPPI

_____ ☑ JUDICIAL DISTRICT, CITY OF _JACKSON_____

Docket No. _____ - _____ _____ _____          Docket No. if Filed
       File Yr     Chronological No.    Clerk's Local ID          Prior to 1/1/94

### PLAINTIFFS IN REFERENCED CAUSE - Page 1 of _1_ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

Individual: _Fountain_____     _Charles_____     ( _____ )   _L_
          Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _103020_ Bar # or Name: _Jesse Mitchell, III_____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

Individual: _____     _____     ( _____ )   _____
          Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

Individual: _____     _____     ( _____ )   _____
          Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

In the __CIRCUIT__ ☑ COURT OF __JACKSON__ ☑ COUNTY, MISSISSIPPI

☑ JUDICIAL DISTRICT, CITY OF __JACKSON__

Docket No. _____ - _____ _____ _____     Docket No. If Filed
     File Yr    Chronological No.    Clerk's Local ID     Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of _1_ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: _____ ( _____ ) _____ _____
    Last Name    First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business  The McClatchy Company, LLC – Incorporated in Delaware
    Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

✔ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A  Sun Herald

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: Henry Laird _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: Kaplan _____ Blake _____ ( _____ ) _____ _____
    Last Name    First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
    Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: Henry Laird _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ ( _____ ) _____ _____
    Last Name    First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business _____
    Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

# THE MITCHELL FIRM
### TRIAL ATTORNEYS

**FILED**

**AUG 0 9 2021**

RANDY CARNEY, CLERK

BY_____D.C.

August 6, 2021

**VIA PRIORITY MAIL**

Jackson County Circuit Court
P.O. Box #998
Pascagoula, MS 39568-0998

Re:   Robert Lett, III & Charles Fountain v. Chatham Asset Mgmt., LLC et al.

Jackson County Circuit Court Clerk,

Please find enclosed Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, Civil Cover Sheet, check in the amount of $161.00, Summons, and Complaint with Exhibits A through E against Defendants, Chatham Asset Management, LLC; The McClatchy Company, LLC d/b/a Sun Herald; Blake Kaplan; and John Docs 1-12.

Please file this Complaint in your usual order, issue summons so that we may properly serve the named parties and return court-stamped filed copies in the enclosed pre-paid postage envelope to our office. Should any questions or concerns arise regarding this matter please do not hesitate to contact me. Thank you for your assistance in this matter.

Respectfully,

Jesse Mitchell, III (MS Bar No. 103020)
*Attorney for Plaintiffs*

CIRCUIT—CIVIL

№ 41335   HANDED

MAILED

Received Of *The Mitchell Firm*

Cause No. *21-135*

For: Clerk's Fees .......................$35.00
JSO Fund ...........................$40.00
Steno Tax .........................$10.00
Jury Tax ...........................$3.00
Law Library .........................$2.50
SCEF ...............................$2.00
Court Adm. Fund .....................$2.00
CECSF...............................$10.00
CLAF.................................$5.00
SCCF ...............................$0.50
RM FEE .............................$1.00
Copy of Summons Return .........
Other Advance Cost .............
TOTAL ....................$ *161.00*

Total Amount Paid $ *161.00*   Check No. *3990*

For *New Complaint*

**RANDY CARNEY**
CIRCUIT CLERK OF JACKSON COUNTY

By _____
DEPUTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

ROBERT LETT, III AND
CHARLES FOUNTAIN

AUG 0 9 2021

RANDY CARNEY, CLERK

BY_____

**PLAINTIFFS**

CIVIL ACTION NO. _21-135(5)_

v.

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

**DEFENDANTS**

## COMPLAINT
### (JURY TRIAL DEMANDED)

COME NOW Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, by and through their counsel of record, and files this, their Complaint against Defendants, Chatham Asset Management, LLC; The McClatchy Company, LLC d/b/a Sun Herald; Blake Kaplan in his individual and official capacity as General Manager and Executive Editor; and John Does #1-12. In support of this Complaint, Plaintiffs state to wit the following:

### PARTIES

1.      Plaintiff, Robert Lee Lett, III, is an adult, male resident of Jackson County, Mississippi, residing at 4972 Huntington Drive Gautier, MS 39553.

2.      Co-Plaintiff, Charles Lamont Fountain, is an adult, male resident of Jackson County, Mississippi, residing at 3002 10th Street Pascagoula, Mississippi 39567.

3.      Defendant, Chatham Asset Management, LLC ("Chatham"), is a foreign corporation organized and existing under the laws of the state of New Jersey, with its principal office located at 26 Main Street Suite 204 Chatham, NJ 07928. Chatham was at the time of the incident in question, and currently still is the owner of Defendant, The McClatchy Company, LLC d/b/a Sun Herald.

4.     Defendant, The McClatchy Company, LLC d/b/a Sun Herald ("Sun Herald"), is a foreign corporation, incorporated in Delaware and licensed to do business in the State of Mississippi, with its principal office located at 2100 Q Street Sacramento, CA 95816. It may be served with process through its registered agent CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5.     Defendant, Blake Kaplan, is upon information and belief, an adult, male resident citizen of Jackson County, Mississippi and may be served with process at his place of residence, located at 1629 Springridge Road Gautier, MS 39553 or pursuant to Rule 4 of the Mississippi Rules of Civil Procedure, wherever he may be found. At all times relevant, Kaplan was employed by Defendant, Sun Herald, and supervised, controlled, and/or managed Sun Herald's newspaper with facilities located at 2505 14th Street Suite 400 Gulfport, MS 39501.

6.     John Does #1-12 include those persons or entities unknown to Plaintiffs at this time who were owners, directors, managers, supervisors, editors, writers, journalists, producers, employees, contractors, and/or agents of Defendants, Chatham; Sun Herald; or Kaplan; and who played a role in the publication of the libelous advertisement at issue in this complaint (the "Advertisement"), failed to prevent the Advertisement's publication, and/or are generally liable to Plaintiffs as a result of the Advertisement's publication.  Upon information and belief, John Does #1-12 are resident and nonresident Defendants doing business in the State of Mississippi or residing as citizens in the State of Mississippi. The filing of this Complaint is a filing against all Defendants and this Complaint will be appropriately amended in accordance with the Mississippi Rules of Civil Procedure when their identities are ascertained.

7.     Plaintiffs reserve the right to identify and/or change the identity of these Defendants based on further investigation or any pre-trial discovery conducted in this action.

2

## JURISDICTION, VENUE, AND JOINDER

8..      Subject matter jurisdiction is appropriate pursuant to Miss. Const. art. VI §156 (1890) and Miss. Code Ann. § 9-7-81 because the Circuit Court of Jackson County, Mississippi has original jurisdiction and the amount in controversy in this action exceeds $200.00.

9.      Personal jurisdiction is appropriate over Defendant, Chatham, the New Jersey based owner of Defendant, Sun Herald, by means of piercing the corporate veil. Personal jurisdiction is appropriate over Defendant, Sun Herald, a Delaware company with its principal office in California, as Defendant committed a tort against two Mississippi residents and pursued business in the state of Mississippi, specifically in Jackson County. Personal jurisdiction is appropriate over Kaplan because he is an adult, Mississippi state resident.

10.      Venue is proper pursuant, to Miss. Code Ann. §11-11-3, because the substantial alleged acts or omissions which led to Plaintiffs' injuries occurred in Jackson County, Mississippi. Moreover, in *Short v. Versiga*, the Mississippi Supreme Court held that, "'venue . . . is proper in the district where the injured party resides and where the defamatory statements were published.'" *Short v. Versiga*, 283 So. 3d 182, 186 (¶12) (Miss. 2019) (citing *Seidel v. Kirby*, 296 F. Supp. 3d 745, 747 (D. Md. Oct. 27, 2017) (internal citations omitted)).

11.      Joinder is appropriate pursuant to Miss. Civ. R. Proc. 20(a) as Plaintiffs assert against Defendants rights to relief arising out of the same series of transactions or occurrences, and questions of law and facts common to all these persons will arise in this action.

## FACTS

12.      Plaintiffs hereby incorporate and re-allege all claims herein set forth in the previous paragraphs.

13.      At all times relevant in this case, Defendant, Sun Herald, was and currently is in name, the owner and publisher of a newspaper of general circulation known as the *Sun Herald*, which is

3

published in the city of Gulfport, Mississippi, at 2505 14th Street Suite #400 Gulfport, Mississippi 39501, and circulated daily throughout South Mississippi, including Jackson and Harrison counties. In addition to print publications, the *Sun Herald* is also published online at www.sunherald.com.

14.    Upon information and belief, on, or about September 4, 2020, Defendant, Chatham, acquired "substantially all assets" of Defendant, Sun Herald, in a Chapter 11 Bankruptcy auction. (*See* Ex. A - The McClatchy Co., LLC Press Release). Per the exhibited press release, "the entirety of McClatchy's 30 news organizations and all of its employees transitioned to a new private entity under Chatham ownership." (*See* Ex. A).

15.    On, or about December 8, 2020, the Sun Herald, with Kaplan acting individually and in his official capacity as General Manager and Executive Editor, published in mass, both in print and in digital format, the alleged false and defamatory Advertisement of and concerning Plaintiff and Co-Plaintiff within the Classifieds section of its newspaper. (*See* Ex. B - Sun Herald Defamatory Advertisement 12/08/20). Specifically, the Advertisement was listed on page "4B" under the Classifieds' "Announcements" heading, and subheadings "Misc. Announcements" and "Health Notification."

16.    The Advertisement names "Robert Lee Lett" and "Charles Lamont Fountain" as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing.

17.    On, or about December 8, 2020, Plaintiff, Robert Lee Lett, III, personally called the Sun Herald call center inquiring into the Advertisement's publication and demanding a retraction.

18.    On, or about December 8, 2020, a family member of Co-Plaintiff, Charles Lamont Fountain, called the Sun Herald call center inquiring into the same.

19.    On, or about December 9, 2020, the Sun Herald, with Kaplan acting individually and in his official capacity as General Manager and Executive Editor, re-published in mass, both in print

4

and in digital format, the same false and defamatory Advertisement of and concerning Plaintiff and Co-Plaintiff in a separate edition of its newspaper on page "6B." (*See* Ex. C - Sun Herald Defamatory Advertisement 12/09/20).

20.    On, or about December 11, 2020, the Sun Herald published a retraction, printed in three locations: (1) on page "5B" of the Classifieds section of the newspaper where the false and defamatory Advertisement initially appeared, (2) on page "2A" of the newspaper where retractions are generally posted, and (3) online. (*See* Ex. D - Sun Herald Retraction 12/11/20). Overall, the retraction was generic in nature and woefully deficient. Most notably, it lacked specificity, accountability, and any remorse given the severity of harm caused by the initial Advertisement's publication. Furthermore, the retraction failed to address the Sun Herald's second re-print of the Advertisement on December 9, 2020, and failed to acknowledge Robert Lee Lett, III, Charles Lamont Fountain, or Neal Rainey, the other gentleman harmed, by name.

21.    Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, now bring this, their Complaint against Defendants for Defamation and Invasion of Privacy: False Light.

<center>STATUTORY REQUIREMENTS</center>

22.    Plaintiffs hereby incorporate and re-allege all claims set forth in the previous paragraphs.

23.    Pursuant to Mississippi Code § 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory.

24.    On April 12, 2021, Plaintiffs Certified Mailed Defendant, Chatham, written notice; detailing with specificity each false and defamatory statement within the Advertisement in question,

<center>5</center>

which was signed for and received on April 15, 2021. (*See* Ex. E - Pl's Letters of Notice for Statutory Compliance).

25.     On April 12, 2021, and April 17, 2021, Plaintiffs served Defendants, Sun Herald and Kaplan, written notice respectively via process server, detailing with specificity each false and defamatory statement within the Advertisement in question. (*See* Ex. E).

26.     As such, Plaintiffs have met the statutory requirement of Mississippi Code § 95-1-5.

27.     Pursuant to Mississippi Code § 15-1-35 and case law, the statute of limitations for a defamation and invasion of privacy: false light claim in Mississippi is one year, beginning on "the date of publication of the allegedly libelous statement to a third person." *Staheli v. Smith*, 548 So. 2d 1299, 1302 (Miss. 1989) (citing Miss. Code Ann. § 15-1-35) (citations omitted).

28.     Publication of the false and defamatory Advertisement to the Mississippi Gulf Coast community occurred on December 8, 2020, and December 9, 2020.

29.     Plaintiffs' claims are therefore timely and are not barred by the statute of limitations.

## APPLICABLE STANDARD

30.     Plaintiffs hereby incorporate and re-allege all claims set forth in the previous paragraphs.

31.     The standard of liability applied to "a defamatory falsehood [is] according to the plaintiff's status as either a private individual or public figure." *Whitten v. Commercial Dispatch Pub. Co.*, 487 So. 2d 843, 844 (Miss. 1986). Generally, "a showing of negligence [is required] before a private figure may recover an award of actual damages for libel; a public figure must show actual malice . . . ." *Id.* (citations omitted). "[W]hether the actual malice standard should be applied in a given defamation case [bears on two questions.] The first is 'Is the plaintiff a public official/public figure or a private figure?'. The second is, 'Regardless of the plaintiff's status, is the alleged defamation a

matter of public concern or interest?'." *Staheli v. Smith*, 548 So. 2d 1299, 1304 (Miss. 1989) (citations omitted).

32.   Plaintiffs are neither public officials nor public figures. Plaintiffs are private figures.

33.   Plaintiffs have not sought or held any public office or government position. Nor have Plaintiffs appeared to the public to have a significant role in the business of government or public affairs.

34.   Plaintiffs are not public figures as they are not candidates for public office, nor have they achieved pervasive fame or notoriety to be considered as such. Furthermore, as private figures, Plaintiffs have not voluntarily "thrust [themselves] . . . into the vortex of a matter of legitimate public interest" so as to be considered quasi- or vortex public figures. *Ferguson v. Watkins*, 448 So. 2d 271, 277 (Miss. 1984) (citations omitted).

35.   Based on the facts, Plaintiffs are not public officials or figures within the meaning of *New York Times v. Sullivan*, 376 U.S. 254 (1964) or its progeny.

36.   Regardless of Plaintiffs' status, the sexual partners and STD/ HIV status of Plaintiffs are not a matter of public concern or interest. In fact, the Supreme Court has held that, "no aspects of life [are] more personal and private than those having to do with one's sexual organs and reproductive system." *Young v. Jackson*, 572 So. 2d 378, 382 (Miss. 1990). The Restatement Second of Torts further states that, "[s]exual relations . . . are normally entirely private matters, as are . . . many unpleasant or disgraceful or humiliating illnesses . . . ." Restatement (Second) of Torts § 652D cmt. b (Am. Law Inst. 1977).

37.   Based on the facts, the alleged defamation is a private matter.

38.   Because Plaintiffs are private figures and the alleged defamation is a private matter, actual malice is not applicable. Rather, liability should be evaluated using a negligence standard.

39.     Liability for an invasion of privacy: false light claim should also be evaluated using a negligence standard when a private figure is involved.  While "[t]here is no consensus as [to] the applicable standard [to apply to a false light privacy action by a private plaintiff], and the Mississippi Supreme Court has not [yet] addressed the issue[, in light of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974),] numerous courts have logically concluded that a negligence standard should apply." *Am. Nat'l Gen. Ins. Co. v. Jackson*, 203 F. Supp. 2d 674, 685 n.17 (S.D. Miss 2001).

40.     In *Gertz*, "[t]he Court substantially altered the direction of First Amendment law [. . . when it] established a public figure-private figure dichotomy." *Wood v. Hustler Magazine, Inc.*, 736 F.2d 1084, 1090 (5th Cir. 1984).  This dichotomy was first utilized in defamation lawsuits, in which an actual malice standard was applied to public and quasi-public officials and figures in evaluating liability, while a negligence standard was applied to private figures. *See generally Gertz*, 418 U.S. 323 (1974).  The Court opined that, "states had a greater interest in protecting private figures who had not 'invite[d] attention and comment' and who generally 'lack effective opportunities for rebuttal.'" *Wood*, 736 F. 2d at 1090 (quoting *Gertz*, 418 U.S. at 344).

41.     In the same manner, *Gertz'* dichotomy and analysis should be applied to Plaintiffs' claim for invasion of privacy: false light.  In fact, "[o]n the particular issue of standard of care under false light . . . the Restatement [Second of Torts] qualifies its actual malice standard with a caveat [that . . .] leaves open the possibility that liability may be based on a showing of negligence as to truth or falsity." *Id.* at 1091.

42.     Because the matter at issue in Plaintiffs' invasion of privacy: false light claim is their public defamation by Defendants, and the standard applied in Plaintiffs' defamation claim is a negligence standard, it follows that Plaintiffs be allowed to apply a negligence standard here.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: DEFAMATION

43.     Plaintiffs hereby incorporate and re-allege all claims set forth in the previous

paragraphs.

44.     Defendants defamed Plaintiffs by negligently publishing statements about them in

which Defendants knew or should have known to be false.

45.     To recover in a defamation lawsuit under Mississippi law, a plaintiff must establish:

(1) a false and defamatory statement concerning another; (2) an unprivileged
publication to a third party; (3) fault amounting at least to negligence on the part of
the publisher; and (4) either actionability of the statement irrespective of special harm
or the existence of special harm caused by the publication.

*Fulton v. Mississippi Publishers Corp.*, 498 So. 2d 1215, 1216 (Miss. 1986) (citing Restatement (Second) of

Torts § 558 (Am. Law Inst. 1997)).

46.     Defendants' statement that:

Health Notification **HEALTH DEPT.** has been notified to contact 3 more alleged
person(s) to be tested for STD/HIV due to person(s) been reported of having contact
with positive person(s) REPORT TO NEARBY HEALTH DEPT www.msdhs.com:
NEAL RAINEY 38 of PASCAGOULA , CHARLES LAMONT FOUNTAIN 42 of
PASCAGOULA , ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-
2020) , 601-576-7400 mshealthdept@mail.com

*(See* Ex. B) is false as it concerns Plaintiffs. Specifically, per a December 2020 phone call between

Plaintiff, Robert Lee Lett, III, and the Mississippi State Department of Health ("MSDH"), and a

December 2020 phone call between a family member of Co-Plaintiff, Charles Lamont Fountain, the

health department was not notified to contact Plaintiff or Co-Plaintiff for alleged contact with a

STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff or Co-Plaintiff to

report to the nearby health department on December 7, 2020 or at any time as it relates to this matter.

Moreover, Plaintiff and Co-Plaintiff are not STD/HIV positive, nor have they had sexual relations

with a STD/HIV positive person or persons as Defendants' statement unmistakably portrays and as

9

Plaintiff and Co-Plaintiff reasonably understood Defendants' statement to mean. Plainly stated, Defendants' statement concerning Plaintiff and Co-Plaintiff is not true. Defendants' later retraction further supports this falsity noting that, "[t]he Sun Herald has learned that the health department did not forward the advertisement to the newspaper . . . ." (*See* Ex. C). In fact, simple review of Defendants' statement shows that both the MSDH's website and email address are fictitious accounts, ending in ".com" rather than ".gov," the domain used by official government organizations in the United States.

47.     Defendants' statement is defamatory as it concerns Plaintiff and Co-Plaintiff in that Defendants' false narrative about Plaintiff and Co-Plaintiff's private lives, including their sexual partners and STD/HIV status, "tends . . . to harm the reputation[s] of [Plaintiff and Co-Plaintiff so] as to lower [them] in the estimation of the community or to deter third persons from associating or dealing with [them]." Restatement (Second) of Torts § 559 (Am. Law Inst. 1997).

48.     Defendants' false and defamatory statement is also "of and concerning Plaintiff" as the written statement specifically lists Plaintiff, Robert Lee Lett, III's name: "Robert Lee Lett," and identifying information: "39," and "of Moss Point." While the Advertisement does not list Plaintiff's entire legal name, "Robert Lee Lett, III," Plaintiff generally goes by "Robert Lee Lett" or "Robert Lett" within the community. As it relates to Plaintiff's age, while the Advertisement incorrectly states that Plaintiff is "39," (Plaintiff is 35 years old with a date of birth of June 16, 1985), Plaintiff is the only Robert Lee Lett of Moss Point, Mississippi and the surrounding area that is close enough in age to be the party referred to. Lastly, while Plaintiff currently resides in Gautier, Mississippi, and did so at the time of the Advertisement's publication, Plaintiff is originally from and well-known in Moss Point, Mississippi. A reasonable person could therefore understand the Advertisement as intending to refer to Plaintiff.

10

49.     The Restatement Second of Torts states that "[a] defamatory communication is made concerning the person to whom its recipient correctly, or mistakenly but reasonably, understands that it was intended to refer." Restatement (Second) of Torts § 564 (Am. Law Inst. 1997) (emphasis added). The comment section further notes that, "[i]t is enough that it is so understood even though he is so inaccurately described that it is extraordinary that the communication is correctly understood." Id. at cmt. a (emphasis added). Despite the inaccuracies in Defendants' statement, Plaintiff understood Defendants' statement as intending to refer to him. In fact, Plaintiff understood Defendants' statement as intending to refer to him so much so that on the first date of publication, Plaintiff called the Sun Herald's call center demanding a retraction.

50.     Furthermore, "[i]t is not necessary that the plaintiff be designated by name; it is enough that there is such a description of or reference to him that those who hear or read reasonably understand the plaintiff to be the person intended." Id. at cmt. b (emphasis added). Members of the Mississippi Gulf Coast community who heard or read the Advertisement reasonably understood Plaintiff as being the person intended. Not only did members of the community reach out to Plaintiff and Plaintiff's family members via phone call and text message regarding the Advertisement, but social media posts naming Plaintiff as the intended party as well as a picture of Plaintiff and his wife were associated with the Advertisement and circulated.

51.     Although the Advertisement failed to list Plaintiff, Robert Lee Lett, III's, entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff as well as other members of the Mississippi Gulf Coast community reasonably understood the Advertisement as intending to refer to Plaintiff.

52.     Defendants' false and defamatory statement is "of and concerning Co-Plaintiff" as the written statement specifically lists Co-Plaintiff's name: "Charles Lamont Fountain," and identifying information: "42," and "of Pascagoula." Given the information provided, Co-Plaintiff as well as other

11

members of the Mississippi Gulf Coast community reasonably understood the Advertisement as intending to refer to Co-Plaintiff.

53.    Defendants published defamatory matter about Plaintiff and Co-Plaintiff to a third party. Specifically, Defendants intentionally or negligently communicated false and defamatory information about Plaintiff and Co-Plaintiff to parties other than Plaintiff and Co-Plaintiff, when on or about December 8, 2020, Defendants printed and distributed to readers a paper-copy of its daily newspaper, containing the alleged libelous Advertisement about Plaintiff and Co-Plaintiff within the Classifieds section. Defendants further published defamatory matter about Plaintiff and Co-Plaintiff to a third party when said Advertisement was posted in Sun Herald's online newspaper at www.sunherald.com, and when Defendants re-printed and distributed a second paper edition to readers on or about December 9, 2020. As a result of Defendants' publication, the Advertisement was further circulated within the Mississippi Gulf Coast Community via social media platforms, word of mouth, and text message.

54.    As it relates to publication amongst Defendants, Plaintiff and Co-Plaintiff assert an agency theory. *See* Restatement (Second) of Torts § 577 cmt. f (Am. Law Inst. 1997) (stating that "One is liable for the publication of defamation by a third person whom as his servant, agent or otherwise he directs or procures to publish defamatory matter.").

55.    Defendants' publication constitutes two publications, each with their own cause of action. The Restatement Second of Torts states that, "[a]ny one edition of a book or newspaper . . . is a single publication." *Id.* at § 577A(3). Defendants published two separate editions of the *Sun Herald* on December 8, 2020, and December 9, 2020, respectively, each containing the alleged defamatory Advertisement.

56.    Plaintiff and Co-Plaintiff did not consent to the publication of defamatory matter concerning them.

57.     Defendants' publication was unprivileged.     Neither an absolute nor conditional/qualified privilege was in existence at the time of the Advertisement's publication to provide Defendants immunity from liability.

58.     Defendants were negligent.  Defendants owed Plaintiff and Co-Plaintiff a duty of care to act with a reasonable level of care in publishing the Advertisement at issue.  Defendants breached this duty when Defendants failed to act in a manner consistent with those in the journalism profession. Specifically, Defendants failed to research, fact check, or verify the obviously false information contained within the Advertisement.  Defendants failed to verify the source of information, let alone the source's trustworthiness.  Defendants failed to review the Advertisement and edit for any errors or falsities and/or Defendants' processes for review and safeguard failed or were not properly employed. Defendants further failed to supervise or manage the editing process.  Overall, Defendants failed to follow good journalistic practices, including internal policies and procedures.  Defendants were the direct and proximate cause of Plaintiff and Co-Plaintiff's damages.  Due to Defendants' breach, a false and defamatory statement about Plaintiff and Co-Plaintiff was published to the Mississippi Gulf Coast community.  As a result of Defendants' publication, Plaintiff and Co-Plaintiff suffered and will suffer damages as set out below.

59.     Actionability of Defendants' statement is apparent as Plaintiff and Co-Plaintiff claim the existence of special harm due to its publication.   Namely, psychiatric, psychological, and therapeutic expenses.

60.     Actionability of Defendants' statement is also apparent irrespective of special harm as Defendants published a false statement about Plaintiff and Co-Plaintiff that is considered "defamation per se."

61.     The Supreme Court has held that if a statement is "libelous per se, proof of a malicious intent is not necessary to sustain the action; [further] it is not necessary to allege or prove special

damages, because the law presumes damages per se from the writing of the libelous words." *Smith v.*

*Byrd*, 225 Miss. 331, 342 (1955) (citations omitted).

      62.      Generally, Mississippi follows the common law rule that, "[a]ny written or printed

language which tends to injure one's reputation, and thereby expose him to public hatred, contempt

or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the

community is actionable per se." *Fulton*, 498 So. 2d at 1217 (citations omitted).

      63.      Statements are further actionable *per se* if they are:

> (1) Words imputing the guilt or commission of some criminal offense involving moral
> turpitude and infamous punishment. (2) Words imputing the existence of some
> contagious disease. (3) Words imputing unfitness in an officer who holds an office
> of profit or emolument, either in respect of morals or inability to discharge the duties
> thereof. (4) Words imputing a want of integrity or capacity, whether mental or
> pecuniary, in the conduct of a profession, trade or business; and . . . (5) words imputing
> to a female a want of chastity.

*Phillips Brothers, LP v. Winstead*, 129 So. 3d 906, 928 (¶76) (Miss. 2014) (citing *Speed v. Scott*, 787 So. 2d

626, 632 (Miss. 2001) (emphasis added) (citations omitted)).

      64.      Defendants' Advertisement alleging Plaintiff and Co-Plaintiff were being sought by a

government agency for testing of a communicable disease is defamation *per se*, and more precisely

"libel *per se*" as it is written defamation.  (*See* Ex. B).

### SECOND CAUSE OF ACTION: INVASION OF PRIVACY FALSE LIGHT

      65.      Plaintiffs hereby incorporate and re-allege all claims set forth in the previous

paragraphs.

      66.      Defendants invaded Plaintiffs' privacy by knowingly, intentionally, willfully, or

negligently publicizing statements about Plaintiff and Co-Plaintiff which were highly offensive to a

reasonable person, and which Defendants knew or should have known to be false.

67.    Generally,

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) The false light in which the other was placed would be highly offensive to a reasonable person, and

(b) The actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E (Am. Law Inst. 1997).

68.    Defendants gave publicity to a matter concerning Plaintiffs when Defendants published a defamatory advertisement about Plaintiff and Co-Plaintiff in two editions of their print and online newspaper on, or about December 8 and 9, 2020. This matter was "of and concerning Plaintiff and Co-Plaintiff," as previously discussed in their claim for defamation, as the Advertisement specifically identified Plaintiff and Co-Plaintiff by name and included additional identifying information. By printing this matter in a newspaper with a daily circulation rate of 13,848 print readers in the year 2020 and 794,000 unique online visitors in the month of December[1], Defendants "communicat[ed] this matter] to the public at large, or to so many persons that the matter [was] regarded as substantially certain to become one of public knowledge." Id. at § 652D cmt. a. Moreover, Defendants' publication was further circulated within the Mississippi Gulf Coast Community via social media platforms, word of mouth, and text message.

69.    The matter publicized placed Plaintiff and Co-Plaintiff in a false light. As addressed in their defamation claim, Defendants' statement regarding Plaintiff and Co-Plaintiff was false and defamatory in nature.

70.    The false light Plaintiff and Co-Plaintiff were placed in was highly offensive to the reasonable person. The Restatement Second of Torts states that "[i]t is only when there is such a

---

[1] The McClatchy Co., LLC, *Our Impact: Markets*, https://www.mcclatchy.com/our-impact/markets/sun-herald/#navlink=mi_footer (last visited Apr. 1, 2021).

major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position . . . ." *Id.* at § 652D cmt. c. Here, publicity given to Plaintiff and Co-Plaintiff's alleged sexual partners and STD/ HIV status would be highly offensive to the reasonable person as one's sexual organs and reproductive system are strongly regarded as personal and private. *See Young*, 572 So. 2d 378, 382 (Miss. 1990).

71.     A negligence standard of liability should be applied as it relates to the actor's knowledge of the truth or falsity of the publicized matter as more thoroughly discussed in the Applicable Standard heading above and as analyzed in Plaintiff and Co-Plaintiff's defamation claim.

72.     Plaintiffs plead their second cause of action as an additional remedy.

### DAMAGES

75.     As a direct and proximate consequence and result of the negligence alleged above, Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, suffered, and will suffer, the following injuries and damages:

        a.     Future psychiatric, psychological, and therapeutic expenses;

        b.     Injury to reputation and personal humiliation;

        c.     Mental anguish and suffering;

        d.     All damages allowed by law in defamation and invasion of privacy actions specified under the Mississippi Constitution, federal, and state laws.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, demand a trial by jury and a judgment from and against Defendants for actual and compensatory damages in an amount to be determined by a jury, together with pre-judgment and post-judgment interest in an amount to be determined at trial. Plaintiffs further pray that this Court will award punitive damages against the individual Defendants, Plaintiffs' costs in pursing this lawsuit, including attorneys' fees, and any other relief to which they may be entitled under Mississippi law.

Plaintiffs reserve the right to amend this Complaint as needed.

RESPECTFULLY SUBMITTED, this the 6th day of August 2021.

                                        **ROBERT LEE LETT, III AND
                                        CHARLES LAMONT FOUNTAIN**

                              By:    /s/ Jesse Mitchell, III
                                     Jesse Mitchell, III (MSB #103020)
                                     *Attorney for Plaintiff*

**OF COUNSEL:**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:   601.510.1981
Email:  jmitchell@tmflegal.com
        kkeeton@tmflegal.com
        legalassistant@tmflegal.com

https://www.mcclatchy.com/about/news/mcclatchy-acquired-by-chatham-asset-management-llc



**◢ MCCLATCHY**

Our Impact   Markets   Careers   About   Employees   Awards   Pension   **INVESTOR**   ♀

Community   Extend the Excess   Awards   History   Leadership   News

# McClatchy Acquired by Chatham Asset Management, LLC

McClatchy emerges with strong balance sheet, positioned for success



**EXTRA**
VIRUS PUTS STRAIN ON LAB WORKERS
Testing teams have worked non-stop to help diagnose cases of COVID-19. And they're burned out.

SPORTS
**Southern Miss officially welcomes new football coach Will Hall ■**



# SunHerald

FRIDAY, DECEMBER 4 2020   $1.50

# Thanksgiving surge in COVID-19 cases arrives at Gulf Coast

**FAMILIES AND FRIENDS GATHERING FOR THANKSGIVING DINNER AND SHOPPING TOGETHER WAS EXPECTED TO LEAD TO A SURGE. NOW CHRISTMAS FESTIVITIES COULD PRODUCE ANOTHER SPIKE.**

## Reeves plans Christmas parties despite his own orders



Harry Speaker Philip Gunn, R-Clinton, right, is the chairman of the 14-member Budget Committee. He said the proposal released Monday is a starting point for budget discussions that will happen in early January. The committee proposes just over $6.1 billion in state spending.

## State budget proposal includes vast spending cuts





PLAINTIFFS' EXHIBIT

B

## NFL RALLIES

# The bad, the worse, and the truly ugly come out

BY [author] / Associated Press

## SIDNEY BALESTRA, 1942-2021

# Five-time Grand Slam doubles champion, Hall of Famer dies at 78

BY BETH HARRIS / Associated Press





SunHerald

READ LOCAL.
SUPPORT LOCAL.

MAKE A CONTRIBUTION TODAY

# Local news needs you

This year has been difficult – but it has also highlighted how critical local journalism is in our community. Help the Sun Herald continue to bring important stories to life. Please consider making a tax-deductible donation to support local news.

## Give today at givebutter.com/ biloxisunherald

Or send a check payable to
Local Media Foundation
with "Sun Herald" written on the memo line.

Local Media Foundation
PO Box 85015
Chicago, IL 60689-5015

# CLASSIFIEDS

## MERCHANDISE PRICED $100 OR LESS!

Case 1:21-cv-00038-HSO-RHWR Document 2 Filed 02/25/22 Page 226 of 387
Case 3:00cv123-cv-00038-DHH Document #:37-3 Filed 02/09/2021 Page 2 of 23
Case 3:00cv123-cv-00038-DHH Document #:37-3 Filed 02/09/2021 Page 2 of 203





**Test pilot broke sound barrier in 1947**

# SunHerald

## Coast man pleads guilty to price gouging on virus protective gear

## COVID-19 deaths in Mississippi top 4,000



The Mississippi River flows near the breached Pin Oak levee June 3, 2019. Flooding homes and buildings to Winfield, Mo. The group America's Watershed Initiative on Tuesday released a report card giving the watershed a C grade.

## Water quality, flooding mean low grade for major watershed

## Court: Mississippi school disparity lawsuit may proceed




PLAINTIFF'S EXHIBIT C



In Cardiff, Wales, an Nursing Chris Hingston, an intensive care unit doctor, is given the Pfizer-BioNTech COVID-19 vaccine. The United States hasn't yet approved the vaccine, but FDA regulators are expected to decide soon.

# FDA analysis favors approval for Pfizer's vaccine for use in US

## Safe harbor law marks key step for Biden victory

By Steve Peoples
Associated Press

# Test pilot in X-1 was first to break sound barrier



CHUCK YEAGER, 1923-2020

# CLASSIFIEDS

## MERCHANDISE PRICED $100 OR LESS!




**Critical hurdle for Pfizer vaccine** 6A

# SunHerald

## Reeves expands state mask mandate, tightens limitations

Mississippi, Coast setting new highs daily during virus surge





## Harrison County official lost race, questions foe




PLAINTIFF'S EXHIBIT D

CORRECTIONS AND CLARIFICATIONS

DEAR ABBY

# Ex-husband and his new wife invited to Christmas

On this date

Birthdays

PEOPLE

## Time magazine names BTS year's top entertainer

## Swift announces surprise ninth album 'Evermore'

Today in history

SOUND OFF

CROSSWORD By Eugene Sheffer

CROSSWORD By THOMAS JOSEPH

Yesterday's answer

SUN HERALD

Customer Service: 1-800-345-2472

SPORTS IN BRIEF

# NFL Man of Year nominees include Wilson, T. Kelce



## Baseball

## Golf

## NBA

## Colleges

# Abdul-Jabbar reveals past prostate cancer



## WOMEN'S COLLEGE BASKETBALL

# CLASSIFIEDS

## CORRECTION

## MERCHANDISE PRICED $100 OR LESS!

## PROOF OF SERVICE – MISS. CODE § 95-1-5 NOTICE

**Chatham Asset Management, LLC**
**26 Main Street Suite #204**
**Chatham, NJ 07928**

I, the undersigned process server, served the requisite *Miss. Code § 95-1-5 Notice* upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

( ) **FIRST CLASS MAIL AND ACKNOWLEDGMENT OF SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

( ) **PERSONAL SERVICE.** I personally delivered copies of the Notice on the ___ day of April, 2021, to _Chatham Asset Management, LLC_, where I found said person(s) in _____ County of the State of Mississippi.

(X) **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of the service I was at least 18 years of age and not a party to this action.
Fee for service: $ _25.00_
Process server must list below (Please print or type)

Name: _Dedra Martin Brent_
Address: _1062 Highland Colony Parkway Suite #150_
_Ridgeland, MS 39157_
Telephone: _(769) 300-0462_

STATE OF MISSISSIPPI
COUNTY OF _Madison_

_Dedra Martin Brent_ personally appeared before me, the undersigned authority in and for the state and county aforesaid, and states on oath, upon first being duly sworn by me, that the matters and facts set forth in the foregoing "Proof of Service-Miss. Code § 95-1-5 Notice" are true and correct as therein stated.

Process Server (Signature)

Sworn to and subscribed before me this the _12th_ day of April, 2021.

Notary Public

JUSTIN GAUTHIER
ID # 85362
Commission Expires
Feb. 13, 2023

PLAINTIFF'S
EXHIBIT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chatham Asset Management, LLC
26 Main St. Suite #204
Chatham, NJ 07928

9590 9402 6516 0346 5640 57

2. Article Number (Transfer from service label)

7018 0680 0002 0837 3652

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

USPS TRACKING #

9590 9402 6516 0346 5640 57

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

The Mitchell Firm, PLLC
1062 Highland Colony Pkwy
Suite #150
Ridgeland, MS 39157

---

## Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

*Important Reminders:*

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Chatham NJ 07928

**OFFICIAL USE**

7018 0680 0002 0837 3652

| | | |
|---|---|---|
| Certified Mail Fee | $3.60 | 0110 04 |
| $ | $2.85 | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☒ Return Receipt (hardcopy) | $ $0.00 | Postmark Here |
| ☐ Return Receipt (electronic) | $ $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☒ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $0.55 | 04/12/2021 |
| Total Postage and Fees | $7.00 | |

Sent To Chatham Asset Management, LLC
Street and Apt. No., or PO Box No. 26 Main Street Suite 204
City, State, ZIP+4® [illegible]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chatham Asset Management, LLC
26 Main St. Suite #204
Chatham, NJ 07928

9590 9402 6516 0346 5640 40

2. Article Number (Transfer from service label)

7019 2970 0002 0360 8561

PS Form 3811, July 2020 PSN 7530-02-000-9053 — Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [signature] — C. Date of Delivery 4/15/21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☒ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

---

USPS TRACKING#

9590 9402 6516 0346 5640 40

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

The Mitchell Firm, PLLC
1062 Highland Colony Pkwy
Suite #150
Ridgeland, MS 39157

---

**Certified Mail service provides the following benefits:**

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

*Important Reminders:*

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is not available for international mail.
- Insurance coverage is not available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

---

7019 2970 0002 0360 8561

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Chatham, NJ 07928

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.60 |
| $ | $2.85 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☒ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☒ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ [illegible] |
| Postage | $0.75 |
| Total Postage and Fees | $7.20 |

0110
04

Postmark Here

04/12/2021

Sent To: Chatham Asset Management LLC
Street and Apt. No., or PO Box No.: 26 Main Street, Suite 204
City, State, ZIP+4®: Chatham, NJ 07928

# THE MITCHELL FIRM
TRIAL ATTORNEYS

April 12, 2021

Chatham Asset Management, LLC                                    **VIA CERTIFIED MAIL**
26 Main Street Suite 204
Chatham, NJ 07928

To Whom It May Concern,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Robert Lee Lett, III's, written notice in compliance with the Code.

On, or about December 8, 2020, The McClatchy Company, LLC, whose assets are owned by you, Chatham Asset Management, LLC, and for whom Blake Kaplan serves as Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within its daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Robert Lee Lett as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. These statements are false. Specifically, the following statements from the article are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-2020) . . ."

RIDGELAND | PASCAGOULA | OXFORD

Per a December 2020 phone call between Plaintiff and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "39"

Plaintiff is 35 years old. DOB: 6/16/1985. This identifier is false, but not necessarily defamatory.

4. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

While this advertisement does not list Plaintiff's entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this article as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements.

By printing and disseminating an advertisement of this nature, journalism standards and ethics for accuracy and truth in reporting were violated, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by the editing department at The McClatchy Company, LLC, or by Blake Kaplan through simple review. Both The McClatchy Company, LLC and Blake Kaplan utterly failed in this regard, neglecting their editorial duties. As owner of The McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for both your company's and employees' actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. This response should have been as loud and as powerful as the initial actions The McClatchy Company, LLC and Blake Kaplan took when they first defamed Robert Lee Lett, III.

Page 2

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Page3

Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com/customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF



DEA

Ex
wi

BYA

DI
pass
and l
forw
ning
Chri
been
or ch
it's h
time
W
husb
their
wife,
ago,
emot

# THE

# MITCHELL

# FIRM TRIAL ATTORNEYS

April 12, 2021

Chatham Asset Management, LLC                         **VIA CERTIFIED MAIL**
26 Main Street Suite 204
Chatham, NJ 07928

To Whom It May Concern,

    Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Charles Lamont Fountain's written notice in compliance with the Code.

    On, or about December 8, 2020, The McClatchy Company, LLC, whose assets are owned by you, Chatham Asset Management, LLC, and for whom Blake Kaplan serves as Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within its daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

    Enclosed herein, this advertisement names Charles Lamont Fountain as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. Based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory advertisement. However, these statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

    1.  "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA (NOTIFIED 12-7-2020) . . . ."

1062 Highland Colony Parkway, Suite 150 ❚ Ridgeland, MS 39157 ❚ (O) 769.300.0162 ❚ (F) 601.510.1981 ❚ www.mflegal.com

RIDGELAND | PASCAGOULA | OXFORD

Per a December 2020 phone call between Plaintiff's family member and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

By printing and disseminating an advertisement of this nature, journalism standards and ethics for accuracy and truth in reporting were violated, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by the editing department at The McClatchy Company, LLC, or by Blake Kaplan through simple review. Both The McClatchy Company, LLC and Blake Kaplan utterly failed in this regard, neglecting their editorial duties. As owner of The McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for both your company's and employees' actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. This response should have been as loud and as powerful as the initial actions The McClatchy Company, LLC and Blake Kaplan took when they first defamed Charles Lamont Fountain.

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

## Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF



DEA

**Ex**
**wi**

BY A

DI
pass
and l
forw
ning
Chri
been
or ch
it's it
time

W
husb
their
wife.
ago,
emoi

## PROOF OF SERVICE – MISS. CODE § 95-1-5 NOTICE

The McClatchy Company, LLC d/b/a Sun Herald
Attn: C.T. Corporation System
Registered Agent
645 Lakeland East Drive Suite #101
Flowood, MS 39232

I, the undersigned process server, served the requisite *Miss. Code § 95-1-5 Notice* upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT OF SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

(X) PERSONAL SERVICE. I personally delivered copies of the Notice on the 12th day of April, 2021, to The McClatchy Company, LLC d/b/a Sun Herald, where I found said person(s) in Rankin County of the State of Mississippi.

( ) CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of the service I was at least 18 years of age and not a party to this action.
Fee for service: $ 25.00
Process server must list below (Please print or type)

Name: Dedra Martin Brent.
Address: 1062 Highland Colony Parkway Suite #150
              Ridgeland, MS 39157
Telephone: (769) 300-0462

STATE OF MISSISSIPPI
COUNTY OF Madison

Dedra Martin Brent personally appeared before me, the undersigned authority in and for the state and county aforesaid, and states on oath, upon first being duly sworn by me, that the matters and facts set forth in the foregoing "Proof of Service-Miss. Code § 95-1-5 Notice" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the 12th day of April, 2021.

_____
Notary Public

STATE OF MISS.
NOTARY PUBLIC
ID # 95302
JUSTIN GAUTHIER
Commission Expires
Feb. 23, 2022
MADISON COUNTY

(SEAL)

# THE
# MITCHELL
# FIRM  TRIAL ATTORNEYS

April 12, 2021

The McClatchy Company, LLC d/b/a Sun Herald          **VIA PROCESS SERVER**
Attn: C.T. Corporation System
Registered Agent
645 Lakeland East Drive Suite 101
Flowood, MS 39232

To Whom It May Concern,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Robert Lee Lett, III's, written notice in compliance with the Code.

On, or about December 8, 2020, you, The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, and for whom Blake Kaplan serves as your Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within your daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Robert Lee Lett as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. These statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT ... ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-2020) ...."

Per a December 2020 phone call between Plaintiff and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time, as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com":

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "39"

Plaintiff is 35 years old. DOB: 6/16/1985. This identifier is false, but not necessarily defamatory.

4. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

While this advertisement does not list Plaintiff's entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements.

By printing and disseminating an advertisement of this nature, journalism standards and ethics for accuracy and truth in reporting were violated, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by your editing department at The McClatchy Company, LLC, or by Blake Kaplan through simple review. Both you and Blake Kaplan utterly failed in this regard, neglecting your editorial duties. As owner of The McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for both your company's and employees' actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. This response should have been as loud and as powerful as your initial actions when you and Blake Kaplan first defamed Robert Lee Lett, III.

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Page 3

**Defamatory Advertisement**



Retraction

# CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald rejects the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com/customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF



# THE MITCHELL FIRM TRIAL ATTORNEYS

April 12, 2021

The McClatchy Company, LLC d/b/a Sun Herald          **VIA PROCESS SERVER**
Attn: C.T. Corporation System
Registered Agent
645 Lakeland East Drive Suite 101
Flowood, MS 39232

To Whom It May Concern,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Charles Lamont Fountain's written notice in compliance with the Code.

On, or about December 8, 2020, you, The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, and for whom Blake Kaplan serves as your Executive Editor and General Manager, printed and published in mass a fictitious and defamatory advertisement or article within your daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain, but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Charles Lamont Fountain as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. Based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements. However, these statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1062 Highland Colony Parkway, Suite 150 ‖ Ridgeland, MS 39157 ‖ (O) 769.300.0462 ‖ (F) 601.510.1931 ‖ www.mtllegal.com

RIDGELAND | PASCAGOULA | OXFORD

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA (NOTIFIED 12-7-2020) . . . ."

   Per a December 2020 phone call between Plaintiff's family member and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

   The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "mshealthdept@mail.com"

   The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

By printing and disseminating an advertisement of this nature, journalism standards and ethics for accuracy and truth in reporting were violated, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by your editing department at The McClatchy Company, LLC, or by Blake Kaplan through simple review. Both you and Blake Kaplan utterly failed in this regard, neglecting your editorial duties. As owner of The McClatchy Company, LLC, Chatham Asset Management, LLC is also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for both your company's and employees' actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. This response should have been as loud and as powerful as your initial actions when you and Blake Kaplan first defamed Charles Lamont Fountain.

Page 2

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel in this case. Should any questions or concerns arise regarding this matter, feel free to contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

## Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The San Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF

DEA

Ex

wi



BY A

DI
pass
and I
forw
ning
Chri
been
or ch
it's ti
time
W
hush
their
wife.
ago,
emot



## PROOF OF SERVICE -- MISS. CODE § 95-1-5 NOTICE

Mr. Blake Kaplan
1629 Springridge Road
Gautier, MS 39553

I, the undersigned process server, served the requisite *Miss. Code § 95-1-5 Notice* upon the person or
entity named above in the manner set forth below (process server must check proper space and
provide all additional information that is requested and pertinent to the mode of service used):

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT OF SERVICE. By mailing (by first class
mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together
with copies of the form of notice and acknowledgment and return envelope, postage prepaid,
addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form
1B).

(X) PERSONAL SERVICE. I personally delivered copies of the Notice on the *17* day of April,
2021, to Blake Kaplan, where I found said person(s) in *Taylor* County of the State of
Mississippi.

( ) CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail,
postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt
or other evidence of actual delivery to the person served).

At the time of the service I was at least 18 years of age and not a party to this action.
Fee for service: $ *50.00*
Process server must list below (Please print or type)

Name: *Robert L. Blackie*
Address: *17709 CE MAIN Rd*
*Moss Point, MS*
Telephone: *228-990-8448*

STATE OF MISSISSIPPI
COUNTY OF *Jackson*

*Robert L. Blackie* personally appeared before me, the undersigned authority in and for the state
and county aforesaid, and states on oath, upon first being duly sworn by me, that the matters and facts
set forth in the foregoing "Proof of Service-Miss. Code § 95-1-5 Notice" are true and correct as therein
stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the *19th* day of April, 2021.

_____
Notary Public



THE **MITCHELL FIRM** TRIAL ATTORNEYS

April 12, 2021

Mr. Blake Kaplan                                              **VIA PROCESS SERVER**
1629 Springridge Road
Gautier, MS 39553

Mr. Kaplan,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Robert Lee Lett, III's, written notice in compliance with the Code.

On, or about December 8, 2020, you, Blake Kaplan, individually and as Executive Editor and General Manager of The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, printed and published in mass a fictitious and defamatory advertisement or article within the daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Robert Lee Lett as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. These statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . ROBERT LEE LETT 39 of MOSS POINT (NOTIFIED 12-7-2020) . . . ."

Per a December 2020 phone call between Plaintiff and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "39"

Plaintiff is 35 years old. DOB: 6/16/1985. This identifier is false, but not necessarily defamatory.

4. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

While this advertisement does not list Plaintiff's entire legal name, correct age, or current place of residence, based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements.

By printing and disseminating an advertisement of this nature, you violated journalism standards and ethics for accuracy and truth in reporting, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by you or the editing department at The McClatchy Company, LLC through simple review. You utterly failed in this regard however, neglecting your editorial duties. As owner of the *Sun Herald*, both The McClatchy Company, LLC and Chatham Asset Management, LLC are also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for your actions, or lack thereof, is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. Your response should have been as loud and as powerful as your initial actions when you first defamed Robert Lee Lett, III.

Page 2

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel. Should any questions or concerns arise regarding this matter, please contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Page 3

Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

_____

*See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472.*

## SOUND OFF

DEA

Ex

wi



STA

OI
pass
and I
forw
ning
Chri
been
or ch
It's ir
time
W.
husb
their
wife.
ago,
emot



# THE
# MITCHELL
# FIRM TRIAL ATTORNEYS

April 12, 2021

Mr. Blake Kaplan                                                **VIA PROCESS SERVER**
1629 Springridge Road
Gautier, MS 39553

Mr. Kaplan,

Pursuant to Mississippi Code Section 95-1-5, prior to filing a libel complaint against any newspaper domiciled and published in the state, or authorized to do business within, a plaintiff shall serve notice in writing on the defendant at its regular place of business, at least ten (10) days before instituting any such action, specifying the article and the statements therein, which he alleges to be false and defamatory. This letter serves as Plaintiff, Charles Lamont Fountain's written notice in compliance with the Code:

On, or about December 8, 2020, you, Blake Kaplan, individually and as Executive Editor and General Manager of The McClatchy Company, LLC, whose assets are owned by Chatham Asset Management, LLC, printed and published in mass a fictitious and defamatory advertisement or article within the daily Mississippi Gulf Coast newspaper, the *Sun Herald*. This advertisement was published both in print and digital (online) format. Specifically, it was located on page "4B" of the print edition, under the "Announcements" heading in the Classifieds section, and under the subheadings: "Misc. Announcements" and "Health Notification." This advertisement was further re-printed in a separate print edition of the *Sun Herald* on page "6B," on, or about December 9, 2020. Dates of online publication are uncertain but assumed to have occurred on, or about December 7, 2020 through December 10, 2020.

Enclosed herein, this advertisement names Charles Lamont Fountain as having been reported as coming into contact with an STD/HIV positive person or persons, and to report to the nearby health department for testing. Based on the information provided, Plaintiff along with other members of the Mississippi Gulf Coast community have reasonably understood this advertisement as intending to refer to Plaintiff. In fact, numerous friends, family members, and strangers via social media questioned and ridiculed Plaintiff regarding the defamatory statements. However, these statements are false. Specifically, the following statements from the advertisement are false and defamatory in nature as it relates to Plaintiff:

1. "Health Dept. has been notified to contact 3 more alleged person(s) to be tested for STD/HIV due to person(s) been reported of having contact with positive person(s) REPORT TO NEARBY HEALTH DEPT . . . CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA (NOTIFIED 12-7-2020) . . . ."

1062 Highland Colony Parkway, Suite 130, Ridgeland, MS 39157 | (O) 769.300.0162 | (F) 601.510.1981 | www.tmfirmlegal.com

RIDGELAND | PASCAGOULA | OXFORD

Per a December 2020 phone call between Plaintiff's family member and the Mississippi State Department of Health ("MSDH"), the health department has not been notified to contact Plaintiff for alleged contact with a STD/HIV positive person or persons, nor did MSDH request or notify Plaintiff to report to the nearby health department on December 7, 2020 or at any time as it relates to this matter. Moreover, Plaintiff is not STD/HIV positive, nor has he had sexual relations with a STD/HIV positive person or persons as the advertisement unmistakably portrays or as Plaintiff reasonably understood the statement to mean.

2. "www.msdhs.com"

The correct website for the MSDH is www.msdh.ms.gov. The MSDH website address published in the *Sun Herald* does not exist. Use of an alleged government entity website address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

3. "mshealthdept@mail.com"

The MSDH email address published in the *Sun Herald* does not exist. Further, email addresses for United States' government entities end in ".gov." Use of an alleged government entity email address attempts to create a sense of authority and validity for the defamatory statement, undermining Plaintiff's credibility.

By printing and disseminating an advertisement of this nature, you violated journalism standards and ethics for accuracy and truth in reporting, as well as internal policies and procedures. This advertisement was blatantly false on its face and should have been intercepted by you or the editing department at The McClatchy Company, LLC through simple review. You utterly failed in this regard, neglecting your editorial duties. As owner of the *Sun Herald,* both The McClatchy Company, LLC and Chatham Asset Management, LLC are also vicariously liable.

Due to the egregious nature of this false information, a full retraction and public apology expressing remorse and taking responsibility for your actions or lack thereof is warranted. The retraction published in print on, or about December 11, 2020, and enclosed herein, was woefully inadequate and extremely short in duration to suffice. Your response should have been as loud and as powerful as your initial actions when you first defamed Charles Lamont Fountain.

Nonetheless, due to the vast exposure this falsity has already received, a full retraction and public apology cannot and will not lessen the damage wreaked upon Plaintiff's reputation within the community; nor will it rectify the emotional and monetary harm caused. As such, Plaintiff has sought The Mitchell Firm's counsel. Should any questions or concerns arise regarding this matter, please contact the firm at (769) 300-0462.

Sincerely,

Jesse Mitchell, III (MS Bar No. 103020)
THE MITCHELL FIRM, PLLC

/klk
Enclosures

Page 2

Defamatory Advertisement



Retraction

## CORRECTIONS AND CLARIFICATIONS

On Dec. 8, 2020, the Sun Herald published a classified advertisement entitled "HEALTH NOTIFICATION." The Sun Herald has learned that the health department did not forward the advertisement to the newspaper, and it should not have been published. The Sun Herald retracts all the statements in the advertisement, including the identities of the three individuals named. The Sun Herald regrets the error.

_See an error or another problem with content in this edition? Report it by going to sunherald.com /customer-service or by calling 1-888-905-2036. To report delivery or account issues, call 800-346-2472._

## SOUND OFF

DEA

Ex
wi



BY A

DI
pass
and l
forw
ning.
Chr
been
orch
It's i
time
W
husb
their
wife.
ago,
emo

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN

**PLAINTIFFS**

v.

CIVIL ACTION NO. _21-135(3)_

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                     **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF JACKSON

TO:   THE MCCLATCHY COMPANY, LLC D/B/A SUN HERALD
      ATTN: C.T. CORPORATION SYSTEM
      645 LAKELAND EAST DRIVE, SUITE 101
      FLOWOOD, MS 39232

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. You are required to mail or hand-deliver a copy of a written response to the Complaint to Jesse Mitchell, III, Esq., the attorney for the Plaintiffs, whose mailing address is: The Mitchell Firm, PLLC, 1062 Highland Colony Parkway, Suite 150, Ridgeland, Mississippi; Telephone: (769)300-0462, Facsimile: (601) 510-1981.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the _11_ day of _August_, 2021.

Randy Carney
D.: BQ MCreamy, DC
JACKSON COUNTY CLERK

19

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN

**PLAINTIFFS**

v.                                                  CIVIL ACTION NO. _21·135(3)_

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC          **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

### SUMMONS

---

**THE STATE OF MISSISSIPPI
COUNTY OF JACKSON**

TO:   CHATHAM ASSET MANAGEMENT, LLC
      26 MAIN STREET, SUITE 204
      CHATHAM, NJ 07928

#### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. You are required to mail or hand-deliver a copy of a written response to the Complaint to Jesse Mitchell, III, Esq., the attorney for the Plaintiffs, whose mailing address is: The Mitchell Firm, PLLC, 1062 Highland Colony Parkway, Suite 150, Ridgeland, Mississippi, Telephone: (769)300-0462, Facsimile: (601) 510-1981.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the _11_ day of _Aug_, 2021.

_Randy Carney_

_by BCMCearpDr_
JACKSON COUNTY CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

v.                                          CIVIL ACTION NO. __21-135(3)__

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                                         **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF JACKSON

TO:   **BLAKE KAPLAN**
      **1629 SPRINGRIDGE ROAD**
      **GAUTIER, MISSISSIPPI 39553**

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. You are
required to mail or hand-deliver a copy of a written response to the Complaint to Jesse Mitchell, III,
Esq., the attorney for the Plaintiffs, whose mailing address is: The Mitchell Firm, PLLC, 1062
Highland Colony Parkway, Suite 150, Ridgeland, Mississippi, Telephone: (769)300-0462, Facsimile:
(601) 510-1981.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY (30)
DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A
JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR
OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your
response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the __11__ day of __August__, 2021.

Randy Carney
by B. McCream, DC
JACKSON COUNTY CLERK

20

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                              **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                           **DEFENDANTS**

---

### MISSISSIPPI RULE OF CIVIL PROCEDURE 12
### MOTION OF DEFENDANT BLAKE KAPLAN

---

COMES NOW Defendant Blake Kaplan pursuant to Mississippi Rule of Civil Procedure 12 and files this his motion to dismiss the Complaint on the grounds of improper venue and failure to state a claim upon which relief can be granted.

Defendant Blake Kaplan therefore moves to dismiss the Complaint filed by Plaintiffs.

**RESPECTFULLY SUBMITTED** this the 15th day of September, 2021.

**BLAKE KAPLAN**


By:   _s/ Henry Laird_
      HENRY LAIRD


**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:  jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED,** this the 15th day of September, 2021.

s/ Henry Laird
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                         **PLAINTIFFS**

v.                                      **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                       **DEFENDANTS**

---

### MOTION OF DEFENDANT BLAKE KAPLAN FOR TIME
### TO SUBMIT AFFIDAVITS AND BRIEF IN SUPPORT OF
### MISSISSIPPI RULE OF CIVIL PROCEDURE 12 MOTION TO DISMISS

---

COMES NOW Defendant Blake Kaplan and files this his motion for thirty days time in which to file affidavits and a memorandum brief in support of his Mississippi Rule of Civil Procedure 12 Motion to Dismiss.

**RESPECTFULLY SUBMITTED** this the 15th day of September, 2021.

**BLAKE KAPLAN**

By:  *s/ Henry Laird*
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 15th day of September, 2021.

<div style="text-align:right">

*s/ Henry Laird*
HENRY LAIRD

</div>

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

v.                                    CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                                 **DEFENDANTS**

---

### MOTION FOR TIME OF DEFENDANT THE McCLATCHY COMPANY, LLC

---

COMES NOW Defendant The McClatchy Company, LLC, and files this its motion

for thirty additional days time from September 17, 2021 in which to plead, answer, or

otherwise defend the Complaint filed by Plaintiff, including but not limited to all affirmative

defenses, including Mississippi Rule of Civil Procedure 12 defenses.

**RESPECTFULLY SUBMITTED** this the 15th day of September, 2021.

THE McCLATCHY COMPANY, LLC, a
Delaware limited liability company

By:    *s/ Henry Laird*
       HENRY LAIRD

OF COUNSEL:
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 15th day of September, 2021.


*s/ Henry Laird*
HENRY LAIRD


**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

2

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                                    **DEFENDANTS**

---

## MISSISSIPPI RULE OF CIVIL PROCEDURE 12
## MOTION OF DEFENDANT CHATHAM ASSET MANAGEMENT, LLC

---

COMES NOW Defendant Chatham Asset Management, LLC pursuant to Mississippi Rule of Civil Procedure 12 and files this motion to dismiss the Complaint on the grounds of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted.

Defendant Chatham Asset Management, LLC therefore moves to dismiss the Complaint filed by Plaintiffs.

**RESPECTFULLY SUBMITTED** this the 17th day of September, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**

By:    _s/ Henry Laird_
       HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 17th day of September, 2021.

<div align="right">

*s/ Henry Laird*
HENRY LAIRD

</div>

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                        **PLAINTIFFS**

v.                                        **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                        **DEFENDANTS**

---

**MOTION OF DEFENDANT CHATHAM ASSET MANAGEMENT, LLC
FOR TIME TO SUBMIT AFFIDAVITS AND BRIEF IN SUPPORT OF
MISSISSIPPI RULE OF CIVIL PROCEDURE 12 MOTION TO DISMISS**

---

COMES NOW Defendant Chatham Asset Management, LLC and files this motion

for thirty days time in which to file affidavits and a memorandum brief in support of his

Mississippi Rule of Civil Procedure 12 Motion to Dismiss.

**RESPECTFULLY SUBMITTED** this the 17th day of September, 2021.

CHATHAM ASSET MANAGEMENT, LLC

By:   _s/  Henry Laird_
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 17th day of September, 2021.

<div align="right">

*s/ Henry Laird*_____
HENRY LAIRD

</div>

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                                    PLAINTIFFS

v.                                          CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                                  DEFENDANTS

## AFFIDAVIT OF HENRY LAIRD

STATE OF MISSISSIPPI
COUNTY OF HARRISON

I, Henry Laird, make this Affidavit as follows:

1.      I am the attorney for Defendants, Chatham Asset Management, LLC; The

McClatchy Company, LLC; and Blake Kaplan.

2.      I make this Affidavit upon personal knowledge.

3.      As attorney for Defendants, I have filed the following pleadings:

[Doc. #6]     Mississippi Rule of Civil Procedure 12 Motion of Defendant
              Blake Kaplan filed on September 15, 2021;

[Doc. #7]     Motion of Defendant Blake Kaplan for Time to Submit
              Affidavits and brief in Support of Mississippi Rule of Civil
              Procedure 12 Motion to Dismiss filed on September 15, 2021;

[Doc. #8]     Motion for Time of Defendant The McClatchy Company, LLC
              filed on September 15, 2021;

[Doc. #9]     Mississippi Rule of Civil Procedure 12 Motion of Defendant
              Chatham Asset Management, LLC filed on September 17,
              2021; and

[Doc. #10]    Motion of Defendant Chatham Asset Management, LLC for
              Time to Submit Affidavits and brief in Support of Mississippi
              Rule of Civil Procedure 12 Motion to Dismiss filed on
              September 17, 2021.

4.    I need thirty (30) days additional time until October 18, 2021 in which to answer or otherwise defend the Complaint against Defendant, The McClatchy Company, LLC; to brief the motion to dismiss in favor of Defendant Chatham Asset Management, LLC with supporting affidavit/affidavits; and to brief the motion to dismiss of Defendant Blake Kaplan with supporting affidavit/affidavits.

5.    The Complaint was filed by Plaintiffs on August 9, 2021; I have been recently retained to represent all three Defendants in this litigation; and I need the requested additional time to adequately represent the Defendants' interests. I cannot do so without the obtaining the additional time.

6.    A representative of one of the Defendants with whom undersigned counsel is working to defend the Complaint is out of the country until on or about September 27, 2021; I need time to prepare affidavits in support of the two motions to dismiss; and I need time to research the facts of the case and analyze the law to adequately prepare briefs supporting the two motions to dismiss.

7.    Counsel for Plaintiffs and I are trying to reach agreement on the wording of agreed orders for additional time.

HENRY LAIRD

SWORN TO AND SUBSCRIBED before me, this the 17th day of September, 2021.

Notary Public

STATE OF MISSISSIPPI
LEIGH DAVIS
NOTARY PUBLIC
ID No. 46491
Commission Expires
November 12, 2022
HARRISON COUNTY

2

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                              **PLAINTIFFS**

v.                                          CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                           **DEFENDANTS**

---

### NOTICE OF HEARING

---

Please take notice that Defendants, Blake Kaplan and Chatham Asset Management, LLC, will bring their Mississippi Rule of Civil Procedure 12 Motions to Dismiss [Doc. # 6 and 9, respectively] on for hearing before the Honorable Dale Harkey, in the Circuit Court of Jackson County, located at 3104 Magnolia Street, Pascagoula, Mississippi at 1:30 p.m. on Friday, November 12, 2021 or as soon as counsel may be heard.

Respectfully submitted, this the 22nd day of September, 2021.

CHATHAM ASSET MANAGEMENT, LLC; and
BLAKE KAPLAN

BY: s/ Henry Laird
        HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> Karmel Keeton
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS  39157
> Email: jmitchell@tmflegal.com
>         kkeeton@tmflegal.com
>
> *Attorneys for Plaintiff*

This the 22nd day of September, 2021.

s/  Henry Laird
Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

ROBERT LETT, III and
CHARLES FOUNTAIN

SEP 2 8 2021

**PLAINTIFFS**

RANDY CARNEY, CLERK

v.

BY_____   CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12

**DEFENDANTS**

### ORDER GRANTING MOTION FOR TIME

ON Mississippi Rule of Civil Procedure 12 Motion to Dismiss of Defendant Chatham Asset Management, LLC [Doc. #9] and Motion of Defendant Chatham Asset Management, LLC for Time to Submit Affidavits and Brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss [Doc. #10] the Court finds that the motion for time is well taken and should be granted.

The Court finds that Plaintiffs want to propound discovery to Defendant Chatham Asset Management, LLC to be responded to prior to the hearing on its Rule 12 motion to dismiss, to which Chatham Asset Management, LLC objects unless the Court first enters an order finding that answering the objected to discovery to prepare Plaintiffs for the motion to dismiss hearing does not constitute a waiver by Chatham Asset Management, LLC of any of its Rule 12(b) grounds.   It is therefore

ORDERED AND ADJUDGED that Defendant Chatham Asset Management, LLC must respond to discovery requests from Plaintiffs to prepare them for the upcoming hearing on Chatham Asset Management, LLC's motion to dismiss; and that responding to discovery from Plaintiffs (including any specific objections) does not constitute a waiver

by Chatham Asset Management, LLC of any of its Rule 12(b) grounds for dismissal.   It
is further

ORDERED AND ADJUDGED that Chatham Asset Management, LLC has until
October 18, 2021 to file a brief and/or file affidavits supporting its Motion to Dismiss [Doc.
#9]; and Plaintiffs will have thirty (30) days from being served with the brief to respond;
and thereafter the Chatham Asset Management, LLC will have five days to serve any
rebuttal brief.

ORDERED AND ADJUDGED this the 27th day of September, 2021

_____
**CIRCUIT COURT JUDGE**

**AGREED:**

_____
Jessie Mitchell, III
*Counsel for Plaintiffs*
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS   39157
Telephone:   769/300-0462
Email:   jmitchell@tmflegal.com

_____
Henry Laird
*Counsel for Defendants*
Wise Carter
2150 14th Street, Ste. 1125
Gulfport, MS   39501
Telephone:   228/867-7141
Email:   hfl@wisecarter.com

Prepared by:

Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                    **PLAINTIFFS**

v.                                  **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                  **DEFENDANTS**

---

### AFFIDAVIT OF James Ruggerio, Jr.

---

STATE OF NEW JERSEY
COUNTY OF MORRIS

I, James Ruggerio, Jr., declare as follows:

1.      I am over 18 years of age and am competent to make this Affidavit.   I have personal knowledge of the facts stated herein, and they are true and correct to the best of my knowledge, information, and belief.

2.      I am the Chief Operating Officer for the Defendant, Chatham Asset Management, LLC ("Chatham, LLC").

3.      Chatham, LLC is a Delaware limited liability company with its principal place of business in Chatham, New Jersey.

4.      Chatham, LLC does not do business in Mississippi.   It is not registered to do business in Mississippi.   Chatham, LLC does not maintain an office in Mississippi, does not maintain any bank accounts in Mississippi, does not own, use or possess any real property in Mississippi, and does not have any employees in Mississippi.

5.     Chatham, LLC and The McClatchy Company, LLC. ("McClatchy, LLC") are separate limited liability companies.   McClatchy, LLC is a Delaware limited liability compay with its principal office in Sacramento, California.   McClatchy, LLC publishes the *Sun Herald* newspaper in Gulfport, Mississippi.

6.     Chatham, LLC and McClatchy, LLC each keep separate company books, financial records and bank accounts.   McClatchy, LLC files separate state tax returns and has its own Employer Identification Number; pays its own rent and expenses; purchases and owns its supplies, fixtures and furniture; hires and fires its own personnel; maintains all permits and licenses in its own name; runs its offices in Gulfport, Mississippi and is free of editorial control by Chatham, LLC.   McClatchy does not enter into contracts on behalf of Chatham, LLC.

7.     McClatchy, LLC is 100% owned by SIJ Intermediate, LLC.  SIJ Intermediate, LLC is 100% owned by SIJ Holdings, LLC. SIJ Holdings, LLC is 100% owned by SIJ Parent Holdings, LLC. SIJ Parent Holdings, LLC is 100% owned by Chatham, LLC.   These entities have no say in the newsroom or classified ads operations of any of the newspapers owned by Chatham, LLC.

8.     Chatham, LLC does not control personnel decisions made with regard to McClatchy, LLC employees, including Defendant Blake Kaplan.

9.     Chatham, LLC plays no part in the preparation of the news or classified ads published in the *Sun Herald* newspaper, including but not limited to the classified ad involved in this case.

*[Remainder of this page intentionally left blank]*

_____

James Ruggerio, Jr., Chief Operating Officer

SWORN TO AND SUBSCRIBED before me, this the 17th day of September, 2021.

_____
Notary Public

PETER ZDAZENSKI
NOTARY PUBLIC OF NEW JERSEY
Comm.# 50054580
My Commission Expires 2/10/2022

3

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

FILED

OCT 0 4 2021

RANDY CARNEY, CLERK

D.C.

ROBERT LETT, III and
CHARLES FOUNTAIN                                                     PLAINTIFFS

v.
                                                 CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                                  DEFENDANTS

---

### ORDER GRANTING MOTION FOR TIME

ON Mississippi Rule of Civil Procedure 12 Motion to Dismiss of Defendant Blake Kaplan [Doc. #6] and Motion of Defendant Blake Kaplan for Time to Submit Affidavits and Brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss [Doc. #7] the Court finds that the motion for time is well taken and should be granted.

The Court finds that Plaintiffs want to propound discovery to Defendant Blake Kaplan to be responded to prior to the hearing on his Rule 12 motion to dismiss, to which Blake Kaplan objects unless the Court first enters an order finding that answering the objected to discovery to prepare Plaintiffs for the motion to dismiss hearing does not constitute a waiver by Blake Kaplan of any of his Rule 12(b) grounds.   It is therefore

ORDERED AND ADJUDGED that Defendant Blake Kaplan must respond to discovery requests from Plaintiffs to prepare them for the upcoming hearing on Blake Kaplan's motion to dismiss; and that responding to discovery from Plaintiffs (including any specific objections) does not constitute a waiver by Blake Kaplan of any of his Rule 12(b) grounds for dismissal.   It is further

ORDERED AND ADJUDGED that Blake Kaplan has until October 18, 2021 to file

a brief and/or file affidavits supporting his Motion to Dismiss [Doc. #6]; and Plaintiffs will

have thirty (30) days from being served with the brief to respond; and thereafter the Blake

Kaplan will have five days to serve any rebuttal brief.

ORDERED AND ADJUDGED this the 1st day of October, 2021

**CIRCUIT COURT JUDGE**

AGREED:

Jessie Mitchell, III
*Counsel for Plaintiffs*
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS   39157
Telephone:   769/300-0462
Email:   jmitchell@tmflegal.com

Henry Laird
*Counsel for Defendants*
Wise Carter
2150 14th Street, Ste. 1125
Gulfport, MS   39501
Telephone:   228/867-7141
Email:   hfl@wisecarter.com

Prepared by:

Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                      **PLAINTIFFS**

OCT 0 4 2021

RANDY CARNEY, CLERK

BY_____ D.C.

V.                                                CIVIL ACTION NO. 30CI1:21-cv-00135-DH

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                     **DEFENDANTS**

### ORDER GRANTING MOTION FOR TIME

ON Motion for Time of Defendant The McClatchy Company, LLC to Answer Complaint [Doc. #8] the Court finds that the motion for time is well taken and should be granted.

The Court finds that Plaintiffs want to propound discovery to Defendant The McClatchy Company, LLC to be responded to prior to the hearing on any Rule 12 motion to dismiss it will file, to which The McClatchy Company, LLC objects unless the Court first enters an order finding that answering the objected to discovery to prepare Plaintiffs for The McClatchy Company, LLC's motion to dismiss hearing does not constitute a waiver by The McClatchy Company, LLC of any of its Rule 12(b) grounds. It is therefore

ORDERED AND ADJUDGED that Defendant The McClatchy Company, LLC must respond to discovery requests from Plaintiffs to prepare them for a upcoming hearing on The McClatchy Company, LLC's motion to dismiss; and that responding to discovery from Plaintiffs (including any specific objections) does not constitute a waiver by The McClatchy Company, LLC of any of its Rule 12(b) grounds for dismissal.

ORDERED AND ADJUDGED that The McClatchy Company, LLC has until October 18, 2021 to answer or otherwise defend the Complaint [Doc. #2], including but not limited to filing a Mississippi Rule of Civil Procedure 12 Motion to Dismiss; and Plaintiffs will have thirty (30) days from being served with the Rule 12 motion to respond; and thereafter the McClatchy Company, LLC will have five days to serve any rebuttal brief.

ORDERED AND ADJUDGED this the _15th_ day of ~~September~~ October, 2021

_CIRCUIT COURT JUDGE_

**AGREED:**

Jessie Mitchell, III
*Counsel for Plaintiffs*
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS   39157
Telephone:   769/300-0462
Email:   jmitchell@tmflegal.com

Henry Laird
*Counsel for Defendants*
Wise Carter
2150 14th Street, Ste. 1125
Gulfport, MS   39501
Telephone:   228/867-7141
Email:   hfl@wisecarter.com

Prepared by:

Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

2

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

v.                                          **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                                 **DEFENDANTS**

---

### BRIEF OF CHATHAM ASSET MANAGEMENT, LLC IN SUPPORT
### OF MISSISSIPPI RULE OF CIVIL PROCEDURE 12 MOTION TO
### DISMISS FOR LACK OF PERSONAL JURISDICTION

---

On August 9, 2021 Plaintiffs Robert Lett, III and Charles Fountain filed their Complaint alleging claims of defamation and false light invasion of privacy [Doc. #2].

On September 17, 2021 Defendant, Chatham Asset Management, LLC ("Chatham") filed its Motion to Dismiss [Doc. #9] on the following grounds: lack of jurisdiction over the person; improper venue; insufficiency of process; insufficiency of service of process; and failure to state a claim upon which relief can be granted.

Chatham's Motion to Dismiss is set for oral argument in Pascagoula, Mississippi on November 12, 2021 at 1:30 p.m. This brief is submitted to support that part of the motion grounded on lack of personal jurisdiction pursuant to Mississippi Rule of Civil Procedure 12(b)(2).

In their Complaint, Plaintiffs allege incorrectly that Chatham is a foreign corporation organized and existing pursuant to the laws of the State of New Jersey with its principal place of business at 26 Main Street, Suite 204, Chatham, New Jersey  07928.

(Complaint, ¶ 3.)   In fact, Chatham is a Delaware limited liability company with its
principal place of business at the New Jersey address alleged.

At ¶ 9 of their Complaint, Plaintiffs incorrectly claim that personal jurisdiction is
appropriate over Chatham, "the New Jersey based owner of Defendant, Sun Herald, by
means of piercing the corporate veil".

At ¶ 46 of their Complaint, Plaintiffs allege the following classified ad was published
by the *Sun Herald* on December 7, 2020:

> Health Notification HEALTH DEPT. has been notified to
> contact 3 more alleged person(s) to be tested for STD/HIV
> due to person(s) been report of having contact with positive
> person(s)   REPORT   TO   NEARBY   HEALTH   DEPT
> www.msdhs.com: NEAL RAINEY 38 of PASCAGOULA,
> CHARLES LAMONT FOUNTAIN 42 of PASCAGOULA,
> ROBERT LEE LETT 39 of MOSS PONT (NOTIFIED 12-7-
> 2020), 601-576-7400 mshealthdept@gmail.com

Nowhere in their Complaint do Plaintiffs allege any facts supporting the existence
of any duty by Chatham to Plaintiffs nor any such duty which was breached by some act
or omission of Chatham.   Defendant Chatham has no connection whatsoever to the facts
of this case as clearly set forth by James Ruggerio, Jr. in the following numbered
paragraphs of his affidavit [Doc. #14]:

3.      Chatham, LLC is a Delaware limited liability company with its
        principal place of business in Chatham, New Jersey.

4.      Chatham, LLC does not do business in Mississippi.   It is not
        registered to do business in Mississippi.   Chatham does not
        maintain an office in Mississippi, does not maintain any bank
        accounts in Mississippi, does not own, use or possess any real
        property in Mississippi, and does not have any employees in
        Mississippi.

5.      Chatham, LLC and The McClatchy Company, LLC ("McClatchy,
        LLC") are separate limited liability companies.   McClatchy, LLC is a
        Delaware limited liability company with its principal office in

2

Sacramento, California.   McClatchy, LLC publishes the *Sun Herald* newspaper in Gulfport, Mississippi.

6.   Chatham LLC and McClatchy, LLC each keep separate company books, financial records and bank accounts.   McClatchy, LLC files separate state tax returns and has its own Employer Identification Number; pays its own rent and expenses; purchases and owns it supplies, fixtures and furniture; hires and fires its own personnel; maintains all permits and licenses in its own name; runs its offices in Gulfport, Mississippi and is free of editorial control by Chatham, LLC McClatchy does not enter into contracts on behalf of Chatham, LLC.

7.   McClatchy, LLC is 100% owned by owned by SIJ Intermediate, LLC. SIJ Intermediate is 100% owned by SIJ Holdings, LLC.   SIJ Holdings, LLC is 100% owned by SIJ Parent Holdings, LLC.   SIJ Parent Holdings, LLC is 100% owned by Chatham, LLC.   These entities have no say in the newsroom operations of any of the newspapers owned by McClatchy.

8.   Chatham, LLC does not control personnel decisions made with regard to McClatchy, LLC employees, including Defendant Blake Kaplan.

9.   Chatham, LLC plays no part in the preparation of the news or classification ads published in the *Sun Herald* newspaper, including but not limited to the classified ad involved in this case.

Since Chatham is a foreign limited liability company, Plaintiffs attempted to serve Chatham with process under Mississippi's long arm status at §13-3-57 Mississippi Code which provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.   Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Any such cause of action against any such nonresident, in the event of death or inability to act for itself or himself, shall survive against the executor, administrator, receiver, trustee, or any other selected or appointed representative of such nonresident. Service of process or summons may be had or made upon such nonresident executor, administrator, receiver, trustee, or any other selected or appointed representative of such nonresident as is provided by the Mississippi Rules of Civil Procedure, and when such process or summons is served, made or had against the nonresident executor, administrator, receiver, trustee, or other selected or appointed representative of such nonresident it shall be deemed sufficient service of such summon or process to give any court in this state in which such action may be filed, in accordance with the provisions of the statutes of the State of Mississippi or the Mississippi Rules of Civil Procedure, jurisdiction over the cause of action and over such nonresident executor, administrator, receiver, trustee or other selected or appointed representative of such nonresident insofar as such cause of action is involved.

The provisions of this section shall likewise apply to any person who is a nonresident at the time any action nor proceeding is commenced against him even though said person was a resident at the time any action or proceeding accrued against him.

The Mississippi Supreme Court has had many occasions to determine this state's jurisdiction over nonresident defendants via the long-arm statute.

"The proper order when analyzing personal jurisdiction over nonresident defendants is to first consider whether the long-arm statute subjects a nonresident defendant to personal jurisdiction and then to consider whether the statute's application to that defendant offends the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution". *Estate of Jones v. Phillips,* 992 So. 2d 1131, 1137 (Miss. 2008), citing *Sorrells v. R&R Custom Coach Works, Inc.*, 636 So. 2d 661, 671 (Miss. 1994).

Plaintiffs bear the burden of establishing personal jurisdiction by *prima facie* evidence. The court considers affidavits, discovery, and oral testimony including any "uncontroverted allegations". *Long v. Vitkauskas,* 287 So. 3d 171, 178 (Miss. 2019).

"The threshold condition for application of the long-arm statute is the requirement that the nonresident corporation, over which personal jurisdiction is sought, is not a corporation [limited liability company] qualified to do business in this state". *Estate of Jones,* 1138, citing *Sorrels,* 671. McClatchy, LLC is a foreign (nonresident) limited liability company.

The next issue is whether the trial court's assertion of jurisdiction over the nonresident defendant under Mississippi's long-arm statute offends the Due Process Clause of Fourteenth Amendment. *Estate of Jones,* 1139. Due process requires "that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'". *Estate of Jones,* 1139, citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

"Historically, minimum contacts have been split into two types: those which invoke specific jurisdiction over a defendant and those that lead to general jurisdiction over a defendant". *Estate of Jones,* 1140, citing *Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 414-415, notes 8, 9.

Chatham does not have minimum contacts with Mississippi sufficient to allow this Court to exercise specific jurisdiction over it. See the Affidavit of James Ruggerio, Jr. [Doc. # 14.] As previously discussed in this brief, Chatham has engaged in no activities in this state from which Plaintiff's claims arise or to which those claims relate. Instead, Plaintiffs allege causes of action related to or arising from a classified ad published by Defendant McClatchy *Sun Herald* newspaper. Chatham has no employees within Mississippi, and it did not take or publish the ad. In light of these facts, Plaintiffs cannot

5

establish Chatham has had sufficient minimum contacts with Mississippi upon which to base specific personal jurisdiction.

Plaintiffs likewise cannot establish that Chatham has undertaken continuous and systematic activities in Mississippi so as to warrant exercising general jurisdiction over it. "[W]hether a defendant is subject to general personal jurisdiction does not rest on 'whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). Rather, the "defendant's affiliations with the forum must be so systematic and continuous that they are rendered to be *at home in the forum state*." *Daimler*, 571 U.S. at 127 (emphasis added). "A corporate defendant is considered *at home in its place of incorporation and its principal place of business*." *Daimler*, 571 U.S. at 137 (emphasis added).

Plaintiffs' suit neither arises out of nor relates to any activity of Chatham in Mississippi. Chatham does not carry out business activities within Mississippi that are continuous or systematic so to render it at home in the state. Chatham is a Delaware limited liability company with its principal place of business in New Jersey. (Ruggerio Affidavit). Chatham is not registered to do business in Mississippi and does not do business in Mississippi. (Ruggerio Affidavit). Chatham's headquarters is in New Jersey, where Chatham directs and controls its business activities. (Ruggerio Affidavit). Moreover, Chatham owns no real property in Mississippi nor does it have any employees in Mississippi (Ruggerio Affidavit).

Nowhere in the Complaint do Plaintiffs articulate any specific act or omission which states a claim against Defendant Chatham. Due to Chatham's lack of minimum contacts to the State of Mississippi and due to Plaintiffs' failure to state any set of facts against

6

Chatham which would impose liability, the Plaintiffs seem to claim that Chatham is the agent or alter ego of McClatchy.  As a matter of law that attempt should fail and the Complaint against Chatham be dismissed.

"…. [A]bsent a sufficient allegation of particularized facts, judicial economy requires that the corporate veil should not be preliminarily pierced for long-arm jurisdiction on the mere unsubstantiated allegations in the pleadings". *Canadian National Railway Co. v. Waltman,* 94 So. 3d 1111, 1116 (Miss. 2012), citing with approval *North American Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.* 592 F. Supp. 875, 879 (N.D. Miss. 1984).

In order for Plaintiffs to prove that Chatham is vicariously liable for the alleged torts of McClatchy and its employee, Defendant Blake Kaplan, or to prove that Chatham is the alter ego of McClatcy, the Complaint must allege facts indicating "(1) some frustration of expectations regarding the party to whom he looked for performance; (2) a flagrant disregard of corporate finalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of …." Chatham. *Canadian National Railway,* 1116.  Plaintiffs have not made any such allegations, nor can they according to Mr. Ruggerio's affidavit.

> Piercing the corporate veil of a subsidiary to reach the parent corporation is not "lightly undertaken" by Mississippi courts.  *Johnson v. Higgins,* 321 So. 2d at 285.  "Courts do not take piercing the corporate veil lightly because of the chilling effect it has on corporate risk-taking."  *Nash Plumbing, Inc. v. Shasco Wholesale Supply, Inc.,* 875 So. 2d 1077, 1082 (Miss. 2004).

*Buchanan v. Ameristar Casino Vicksburg, Inc.* 957 So. 2d 696, 978 (Miss. 2007).

> *Canadian National Railway* also held:

> A non-resident defendant may, on his pre-trial Rule 12(b)(2) motion to dismiss, litigate the inherent factual questions through the use of live testimony or affidavits…. If the court finds facts that sustain his defense, it

7

should dismiss, as the presumption implicit in the well-pleaded allegations rule has "spent its forces and vanished."

*Canadian National Railway,* 111.

Affidavits contesting personal jurisdiction over nonresident limited liability companies, such as the Affidavit submitted by Mr. Ruggerio in this case, should be considered by the trial court early on.   *R.C. Construction Company, Inc. v. National Office Systems, Inc.,*    622 So. 2d 1253, 1254 (Miss. 2012).  "A non-resident defendant may, on his pre-trial Rule 12(b)(2) motion to dismiss, litigate the inherent factual questions through the use of live testimony or affidavits".  *R.C. Construction Co., Inc.,* 1255.

## CONCLUSION

. For the reasons set forth, the Court should dismiss the Complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(2) since as a matter of law, the Court lacks personal jurisdiction over Chatham.

**RESPECTFULLY SUBMITTED** this the 8th day of October, 2021.

CHATHAM ASSET MANAGEMENT, LLC

By:    *s/ Henry Laird*
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Jessie Mitchell, III
> The Mitchell Firm, PLLC
> 1062 Highland Colony Parkway, Suite 150
> Ridgeland, MS   39157
> Email:   jmitchell@tmflegal.com
>
> *Attorney for Plaintiff*

**SO CERTIFIED**, this the 8th day of October, 2021.

> *s/ Henry Laird* _____
> HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                           PLAINTIFFS

v.                                    CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                          DEFENDANTS

---

## AFFIDAVIT OF BLAKE KAPLAN

---

STATE OF MISSISSIPPI
COUNTY OF HARRISON

    I Blake Kaplan declare as follows:

    1.    I am over 18 years of age and am competent to make this Affidavit.  I have personal knowledge of the facts stated herein, and they are true and correct to the best of my knowledge, information, and belief.

    2.    I have been an adult resident citizen of Gautier, Mississippi since before 2021.

    3.    From 2019 forward I have been a Regional Executive Editor for The McClatchy Company which later became The McClatchy Company, LLC.  In that capacity, I am the Executive Editor of three newspapers owned by The McClatchy Company: the Sun Herald in Gulfport, Mississippi, The Telegraph in Macon, Georgia, and the Ledger-Enquirer in Columbus, Ga. I am also the general manger of the Sun Herald. I do not have GM duties at the Georgia properties.

    4.    As Regional Executive Editor my responsibilities are primarily news-related. I plan and strategize stories for each market and help edit the stories for fairness, spelling,

grammar, truthfulness and libel. At times, I take calls from customers primarily about delivery and billing issues at the three newspapers. I represent each market in company meetings and work to deliver the best possible news report for each paper. As general manager of the Sun Herald, I represent the paper at public events, take calls as an official representative of the paper and deal with physical building and maintenance issues. I have no responsibility for the paper's advertising department or its revenues. I also am not in charge of financial budgeting.

5. In the 2016-2017 timeframe The McClatchy Company and now The McClatchy Company, LLC had all of its newspapers, including the *Sun Herald* of Gulfport, Mississippi, go to a company-wide approach to classified advertising. Requests for classified advertising are currently processed two ways. A customer may access an online computer page, type in the ad and pay by credit card, or they can verbally give the ad to representatives who work in a Texas call center. Because of the pandemic, employees at the call center are working remotely and could be elsewhere than Texas.

6. The classified ad at the center of this lawsuit was placed through the online computer page and paid for with a credit card. It was done anonymously, and the company's efforts to track the credit card to a specific person have been unsuccessful. I did not see or review the ad in question, as this is not part of my job duties.

7. I have no day-to-day knowledge of what content appears in the classified advertising section of the *Sun Herald* newspaper since the advertising is processed either electronically or by remote workers outside Mississippi. This was the process in place at the time the ad ran in December 2020.

8.      It is not part of my responsibility to review, edit, or proof classified ads.  I do not see them until they are published by the *Sun Herald.*

9.      I knew nothing about the classified ad which is the subject of this litigation until after it was published and had no responsibility for accepting or publishing the classified ad which is the subject of this litigation.

_____
Blake Kaplan

SWORN TO AND SUBSCRIBED before me, this the 11th day of October, 2021.

_____
Notary Public

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                          **PLAINTIFFS**

**v.**                                  **CIVIL ACTION NO. 30Cl1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                        **DEFENDANTS**

---

### DEFENDANT CHATHAM ASSET MANAGEMENT, LLC
### AND BLAKE KAPLAN'S NOTICE OF SERVICE

---

COME NOW Defendants, Chatham Asset Management, LLC and Blake Kaplan by

and through counsel of record and give notice to the Court that the following discovery

has been mailed and emailed to opposing counsel:

1. Defendant Chatham Asset Management, LLC's Responses to Plaintiffs' First Set of Request for Admissions; and

2. Defendant Blake Kaplan's Responses to Plaintiffs' First Set of Request for Admissions.

Respectfully submitted, this the 13th day of October, 2021.

CHATHAM ASSET MANAGEMENT, LLC
Defendant

BY:     s/ Henry Laird
        HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 13th day of October, 2021.

s/ Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

2

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                        **PLAINTIFFS**

**v.**                                            **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                    **DEFENDANTS**

---

### DEFENDANT THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

---

COMES NOW Defendant, The McClatchy Company, LLC, by and through counsel

of record and gives notice to the Court that the following discovery has been mailed and

emailed to opposing counsel:

1.    Defendant The McClatchy Company, LLC's Responses to Plaintiffs' First
      Set of Request for Admissions.

Respectfully submitted, this the 14th day of October, 2021.

THE McCLATCHY COMPANY, LLC
Defendant


BY:    s/ Henry Laird
       HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 14th day of October, 2021.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

v.                                            **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                                 **DEFENDANTS**

---

### BRIEF OF DEFENDANT BLAKE KAPLAN IN SUPPORT
### OF MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

---

This brief is submitted in support of Defendant Blake Kaplan's ("Kaplan") Motion to Dismiss [Doc. #6] on failure to state a claim pursuant to Mississippi Rule of Civil Procedure 12(b)(6) and his supporting Affidavit [Doc. #18].

Plaintiffs filed their Complaint on August 9, 2021 [Doc. #2] alleging defamation and false light claims against Chatham Asset Management, LLC, The McClatchy Company, LLC, and Blake Kaplan.

In ¶ 5 of their Complaint, Plaintiffs allege that Blake Kaplan is an adult resident citizen of Jackson County, Mississippi and "At all times relevant, Kaplan was employed by Defendant, Sun Herald, and supervised, controlled, and/or managed Sun Herald's newspaper with facilities located at 2505 14th Street, Suite 400 Gulfport, MS  39501".

In ¶ 6, Plaintiffs allege that Kaplan "played a role in the publication of the libelous advertisement at issue in this complaint (the "advertisement"), failed to prevent the Advertisement's publication, and/or are generally liable to Plaintiffs as a result of the Advertisement's publication".

At ¶ 15, Plaintiffs allege that Blake Kaplan acted individually and in his official capacity as General Manager and Executive Editor, and published defamatory classified ad.

At¶ 19 of the Complaint, Plaintiffs allege that ".... the Sun Herald, with Kaplan acting individually and in his official capacity as General Manager and Executive Editor, re-published in mass, both in print and in digital format, the same false and defamatory Advertisement of and concerning Plaintiff and Co-Plaintiff in a separate edition of its newspaper on page "6B".

Mississippi is a "notice-pleadings" state, but Plaintiffs are required to place Blake Kaplan on reasonable notice of the claims they have. *City of Meridian v. $104,960.00 U.S. Currency,* 231 So. 3d 972, 974-73 (Miss. 2017). In that case, the city of Meridian retained custody of personal property seized in a drug arrest. The city filed a petition for forfeiture of that property under §§ 41-29-153 (a)(5) and/or 41-29-153 (a)(7). The owner objected and opposed the petition. She filed a motion to dismiss the petition under Rule 12(b)(6).

The trial court granted the forfeiture, and on appeal, the Mississippi Supreme Court found that the petition alleged "Both the currency and the truck were subject to forfeiture under Section 41-29-153(b)...." It alleges that "the truck and currency had been used, or intended for use, or constituted proceeds in violation of the Mississippi Uniform Controlled Substances Law. .... And it states that the "truck and currency should be forfeited pursuant to Mississippi Code Annotated §§ 41-29-179(4) and 41-29-181(2). ...." The Supreme Court went on to hold that the forfeiture petition put the owner of the personal property "on reasonable notice of the city's claims, and it sufficiently

2

demonstrates a recognized cause of action exists upon which the city might prevail under some set of facts.   The petition describes with specificity the property subject to forfeiture and provides when, where, and why it was seized".

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and an inquiry as to the legal sufficiency is essentially limited to the content of the complaint." *Griffin v. Citimortgage, Inc.*, 296 So. 3d 767, 771 (Miss. COA).   In that case, the Court of Appeals affirmed the trial court's decision to dismiss that complaint for failure to state a claim pursuant to Rule 12(b)(6).   The gist of the complaint was the mortgagor homeowners' claim against the mortgagee lender to stop foreclosure proceedings.   The Court of Appeals found that the mortgagors alleged that the mortgagee breached the deed of trust but also found that the mortgagors cited only a single sentence in the deed of trust that had nothing to do with limiting the mortgagee's right of foreclosure upon mortgagors' default.   The mortgagors therefore failed to put the mortgagee on notice of the basis for their claim that the foreclosure should have been stopped.   The factual allegations failed to state a claim for relief against the mortgagee, Citimortgage.   The complaint was dismissed.   *Griffin*, 771-72.

## CONCLUSION

Since Plaintiffs' Complaint fails to put Defendant Blake Kaplan on notice of the basis of any claim, the Complaint should be dismissed pursuant to Mississippi Rule of Civil Procedure 12(b)(6).   As a matter of law Plaintiffs completely fail to show why Blake Kaplan, as Editor and General Manager of the *Sun Herald* newspaper, can ever be held liable for the alleged defamation or false light invasion of privacy.

3

**RESPECTFULLY SUBMITTED** this the 14th day of October, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**

By:   *s/ Henry Laird*
      HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS   39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

**SO CERTIFIED**, this the 14th day of October, 2021.

s/ Henry Laird
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

5

Case 1:22-cv-00038-HSO-RHWR   Document 2   Filed 02/25/22   Page 311 of 387

Case: 30CI1-21-cv-00135-DH   Document #: 37-1   Filed: 02/24/2022   Page 127 of 203
Case: 30CI1-21-cv-00135-DH   Document #: 22   Filed: 10/14/2021   Page 27 of 203

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                           **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                                  **DEFENDANTS**

---

### BRIEF OF CHATHAM ASSET MANAGEMENT, LLC IN SUPPORT
### OF MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

---

This brief is submitted in support of Chatham Asset Management, LLC's ("Chatham") Motion to Dismiss [Doc. #9] on failure to state a claim pursuant to Mississippi Rule of Civil Procedure 12(b)(6).   On October 8, 2021 Chatham filed its Brief in Support of Mississippi Rule of Civil Procedure 12 Motion to Dismiss for Lack of Personal Jurisdiction on the ground of 12(b)(2) personal jurisdiction [Doc. #17].   Without re-urging its argument in the latter brief, Chatham incorporates those arguments in this brief.

Plaintiffs filed their Complaint on August 9, 2021 [Doc. #2] alleging defamation and false light claims against Chatham, and The McClatchy Company, LLC, and Blake Kaplan.

At ¶ 3 of the Complaint, Plaintiffs allege that Chatham is a non-resident company located in New Jersey which owns Co-Defendant The McClatchy Company, LLC which publishes the *Sun Herald* newspaper in Gulfport, Mississippi.

At ¶ 9 of the Complaint, Plaintiffs allege:

9. Personal jurisdiction is appropriate over Defendant, Chatham, the
   New Jersey based owner of Defendant, Sun Herald, by means of

> piercing the corporate veil.  Personal jurisdiction is appropriate
> over Defendant, Sun Herald, a Delaware company with it principal
> office in California, as Defendant committed a tort against two
> Mississippi residents and pursued business in he state of
> Mississippi, specifically in Jackson County.  Personal jurisdiction
> is appropriate over Kaplan because he is an adult, Mississippi
> state resident.

Other than merely alleging that they were piercing the corporate veil, Plaintiffs make no further allegation concerning that claim and completely fail to allege any facts to support the allegation.

At ¶ 14 of the Complaint, Plaintiffs allege that "….Defendant, Chatham, acquired 'substantially all assets' of Defendant, Sun Herald, in a Chapter 11 Bankruptcy auction". Plaintiffs make *no* allegation that Chatham has some sort of duty to Plaintiffs, particularly some duty which was breached.

Mississippi is a "notice-pleadings" state, but Plaintiffs are required to place Chatham on reasonable notice of the claims they have.

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and an inquiry as to the legal sufficiency is essentially limited to the content of the complaint." *Griffin v. Citimortgage, Inc.*, 296 So. 3d 767, 771 (Miss. COA).   In that case, the Court of Appeals affirmed the trial court's decision to dismiss that complaint for failure to state a claim pursuant to Rule 12(b)(6).   The gist of the complaint was the mortgagor homeowners' claim against the mortgagee lender to stop foreclosure proceedings.   The Court of Appeals found that the mortgagors alleged that the mortgagee breached the deed of trust but also found that the mortgagors cited only a single sentence in the deed of trust that had nothing to do with limiting the mortgagee's right of foreclosure upon mortgagors' default.   The mortgagors therefore failed to put the mortgagee on notice of

the basis for their claim that the foreclosure should have been stopped.   The factual

allegations failed to state a claim for relief against the mortgagee, Citimortgage.   The

complaint was dismissed.   *Griffin*, 771-72.

Dismissal is particularly appropriate in the instant case in light of the holding in

*Canadian National Railway,* 94 So. 3d 1111, 1116 (Miss. 2012) cited in Chatham's brief

at page 7 supporting dismissal for lack of personal jurisdiction [Doc. #17], which held:

> [A]bsent a sufficient allegation of particularized facts, judicial economy
> requires that the corporate veil should not preliminarily pierced for long-arm
> jurisdiction on the mere unsubstantiated allegation in the pleadings.

## CONCLUSION

Since Plaintiffs' Complaint fails to put Defendant Chatham on notice of the basis

of any claim, the Complaint should be dismissed pursuant to Mississippi Rule of Civil

Procedure 12(b)(6).   As a matter of law Plaintiffs completely fail to show why Chatham,

as owner of the *Sun Herald* newspaper, can ever be held liable for the alleged defamation

or false light invasion of privacy.

**RESPECTFULLY SUBMITTED** this the 14th day of October, 2021.

**CHATHAM ASSET MANAGEMENT, LLC**

By:   *s/ Henry Laird*
      HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

3

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS   39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

**SO CERTIFIED**, this the 14th day of October, 2021.

s/ Henry Laird
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

4

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                       **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                     **DEFENDANTS**

---

### ANSWER OF THE McCLATCHY COMPANY, LLC

---

COMES NOW Defendant The McClatchy Company, LLC and files this its Answer

to the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are precluded from any recovery by virtue of the First Amendment to the

United States Constitution guaranteeing freedom of speech and the press.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovery by virtue of Mississippi Constitution Article

III, § 13 guaranteeing the right to free speech and the press guaranteeing that free speech

is a cherished right.

### FOURTH AFFIRMATIVE DEFENSE

Despite Defendant's good faith efforts, the classified advertisement was the result of a good faith mistake.

### FIFTH AFFIRMATIVE DEFENSE

Upon learning Plaintiffs' complaints, Defendant immediately published a correction concerning the mistaken identity.

### SIXTH AFFIRMATIVE DEFENSE

Section 95-1-5 Mississippi Code applies to this case.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is free of any negligence in the publication of the classified advertisement at issue.

### EIGHTH AFFIRMATIVE DEFENSE

The news story about which Plaintiffs complains involves an issue of public interest and concern requiring Plaintiffs to prove *New York Times v. Sullivan* malice by clear and convincing evidence, which as a matter of law, Plaintiffs cannot do.

### NINETH AFFIRMATIVE DEFENSE

Plaintiffs are vortex public figures requiring them to prove *New York Times v. Sullivan* malice by clear and convincing evidence, which as a matter of law, Plaintiffs cannot do.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovery by the Fair Comment Doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovery by the Neutral Reportage Doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to presumed damages.

## <u>PARTIES</u>

1.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint and as a result deny them.

2.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint and as a result deny them.

3.     Defendant denies the allegations contained in Paragraph 3 of the Complaint, except it admits it is a foreign limited liability company at the address alleged.

4.     Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.     Defendant denies the allegations contained in Paragraph 5 of the Complaint, except it admits Blake Kaplan resides in Jackson, County, Mississippi.

6.     Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.     Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## <u>JURISDICTION AND VENUE</u>

8.     Defendant denies the allegations contained in Paragraph 8 of the Complaint.

3

9.     Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## FACTS

12.    Defendant adopts and realleges its heretofore pleaded admissions and denials.

13.    Defendant denies the allegations contained in Paragraph 13 of the Complaint, except it admits the circulation of the *Sun Herald.*

14.    Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant denies the allegations contained in Paragraph 15, but it admits the classified advertisement was published in print and digital format.

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 and as a result denies them; but Defendant admits someone called about the advertisement on December 8, 2020.

18.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 18 and as a result denies them.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations contained in Paragraph 20 of the Complaint, but it admits a retraction was published.

21.    Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## STATUTORY REQUIREMENTS

22.    Defendant adopts and realleges its heretofore pleaded admissions and denials.

23.    Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint and as a result, denies them.

25.    Defendant denies the allegations contained in Paragraph 25 of the Complaint, except it admits they received the notice.

26.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## APPLICABLE STANDARD

30.    Defendant adopts and realleges its heretofore pleaded admissions and denials.

31.    Defendant admits *Whitten v. Commercial Dispatch Pub. Co.,* 487 So. 2d 843, 844 (Miss. 1986) and *Staheli v. Smith,* 548 So. 2d 1299, 1304 (Miss. 1989) are reported decisions in Mississippi but deny the balance of the allegations.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:   DEFAMATION

43.     Defendant adopts and realleges its heretofore pleaded admissions and denials.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint, but admit, among others, four of the elements of a defamation claim.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint, except Defendant admits the *Sun Herald* learned that the Health Department said it did not forward the advertisement to the newspaper; except Defendant is without sufficient knowledge to admit or deny the alleged telephone calls and as a result, denies them.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 56 of the Complaint and as a result denies them.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.   Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.   Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.   Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.   Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.   Defendant denies the allegations contained in Paragraph 64 of the Complaint.

**SECOND CAUSE OF ACTION:   INVASION OF PRIVACY FALSE LIGHT**

65.   Defendant adopts and realleges its heretofore pleaded admissions and denials.

66.   Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.   Defendant admits the allegations contained in Paragraph 67 of the Complaint.

68.   Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.   Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.   Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.   Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.   Defendant denies the allegations contained in Paragraph 72 of the Complaint.

## DAMAGES

75.   Defendant denies the allegations contained in Paragraph 75 of the Complaint.

Defendant denies the allegations in the unnumbered ad damnum clause, denies that the Plaintiffs are entitled to any relief for any amount whatsoever, and requests that the Complaint be dismissed with prejudice at Plaintiffs' cost with attorney's fees to Defendants.

**RESPECTFULLY SUBMITTED** this the 18th day of October, 2021.

**THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD**

By:   *s/ Henry Laird*
      HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS   39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

**SO CERTIFIED**, this the 18th day of October, 2021.

*s/ Henry Laird*
HENRY LAIRD

**OF COUNSEL:**
Henry Laird (MSB#1774)
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867-7141
hfl@wisecarter.com

11

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

**v.**                                      CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                                        **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

## NOTICE OF ENTRY OF APPEARANCE

---

**PLEASE TAKE NOTICE,** that Karmel L. Keeton of The Mitchell Firm, PLLC enters her

appearance on behalf of Plaintiffs, Robert Lett, III and Charles Fountain, in the above-captioned

action.  Please note that Karmel L. Keeton's firm address is 1062 Highland Colony Parkway, Suite 150

Ridgeland, Mississippi 39157, and firm phone number (769) 300-0462.

**RESPECTFULLY SUBMITTED,** this the 22nd day of October 2021.

QUEWANDRA DANIEL
AND TATTIANA BELL

By:      /s/ Karmel L. Keeton_____
         Karmel L. Keeton (MS Bar No. 106308)
         Jesse Mitchell, III (MS Bar No. 103020)
         *Attorneys for Plaintiff*

**OF COUNSEL:**

**THE MITCHELL FIRM, PLLC**
1062 Highland Colony Parkway, Ste. 150
Ridgeland, MS 39157
Telephone: (769) 300-0462
Facsimile: (601) 510-1981
Email: jmitchell@tmflegal.com
       kkeeton@tmflegal.com

## CERTIFICATE OF SERVICE

I, Karmel L. Keeton, attorney for Plaintiffs, hereby certify that on this day, I electronically filed the foregoing *Notice of Entry of Appearance* with the Clerk of the Court using the MEC system, which sent notification of such filing to all counsel of record.

THIS, the 22nd day of October 2021.

By:     /s/ Karmel L. Keeton
        Karmel L. Keeton (MS Bar No. 106308)

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                        **PLAINTIFFS**

v.                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                      **DEFENDANTS**

---

### DEFENDANT CHATHAM ASSET MANAGEMENT, LLC's NOTICE OF SERVICE

---

COME NOW Defendant, Chatham Asset Management, LLC, by and through

counsel of record and gives notice to the Court that the following discovery has been

mailed and emailed to opposing counsel:

1.   Defendant, Chatham Asset Management, LLC's Answers to Plaintiffs' First
     Set of Interrogatories; and

2.   Defendant, Chatham Asset Management, LLC's, Responses to Plaintiffs'
     First Set of Request for Requests for Production of Documents.

Respectfully submitted, this the 27th day of October, 2021.

                                        CHATHAM ASSET MANAGEMENT, LLC
                                        Defendant


                            BY:    s/ Henry Laird
                                   HENRY LAIRD (MSB 1774)


Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 27th day of October, 2021.

s/ Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                                  **PLAINTIFFS**

**v.**                                                      **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                              **DEFENDANTS**

---

## DEFENDANT BLAKE KAPLAN'S NOTICE OF SERVICE

---

COME NOW Defendant, Blake Kaplan, by and through counsel of record and gives

notice to the Court that the following discovery has been mailed and emailed to opposing

counsel:

1.  Defendant, Blake Kaplan's, Answers to Plaintiffs' First Set of
    Interrogatories; and

2.  Defendant, Blake Kaplan's, Responses to Plaintiffs' First Set of Request
    for Requests for Production of Documents.

Respectfully submitted, this the 29th day of October, 2021.

BLAKE KAPLAN
Defendant

BY:   s/ Henry Laird
      HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29th day of October, 2021.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

2

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                         **PLAINTIFFS**


**v.**                               **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**


**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                       **DEFENDANTS**

---

## MOTION OF DEFENDANT THE McCLATCHY COMPANY, LLC FOR ADDITIONAL TIME TO RESPOND TO DISCOVERY

---

COMES NOW Defendant, The McClatchy Company, LLC, by and through counsel of record and files this its motion for fourteen (14) days additional time in which to answer interrogatories and respond to requests for production of documents from Plaintiffs. These discovery responses are due November 1, 2021, but Defendant needs an additional fourteen (14) days' time to respond as fully and accurately as possible.

Employees of The McClatchy Company, LLC are in multiple locations, and in some cases, individuals with information to make the responses are no longer with Defendant, causing Defendant to find the information necessary to make the responses from different sources.

Defendant now requests the Court until November 15, 2021 to make those discovery responses.

Respectfully submitted, this the 29th day of October, 2021.

THE McCLATCHY COMPANY, LLC
Defendant

BY:   s/ Henry Laird
      HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

2

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading

with the Clerk of the Court using the MEC system which sent notification of such filing to

the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29th day of October, 2021.

s/ Henry Laird

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                                    PLAINTIFFS

v.                                            CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                                        DEFENDANTS
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

## PLAINTIFFS' RULE 41 STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT CHATHAM ASSET MANAGEMENT, LLC

---

**COME NOW,** Plaintiffs, Robert Lett, III and Charles Fountain, by and through their counsel

of record, and pursuant to Rule 41(a)(1)(ii) of the Mississippi Rules of Civil Procedure and so stipulate

with Defendant's counsel to dismiss all of Plaintiffs' claims in this action against Defendant, Chatham

Asset Management, LLC, without prejudice.  This action shall remain pending as to the remaining

Defendants, The McClatchy Company, LLC d/b/a Sun Herald and Blake Kaplan.  This Court, being

advised of this dismissal by all counsel hereto, finds that this Stipulation is well taken and should be

granted.

**IT IS THEREFORE, ORDERED AND ADJUDGED** that any and all claims asserted

by Plaintiffs, Robert Lett, III and Charles Fountain, in this cause be and are hereby dismissed

without prejudice as to Defendant, Chatham Asset Management, LLC, leaving all parties to bear

their own respective costs.

SO ORDERED AND ADJUDGED this the _____ day of _____, 2021.


                                              _____
                                              HONORABLE DALE HARKEY
                                              JACKSON COUNTY CIRCUIT JUDGE

STIPULATED AND AGREED TO BY:

_____
Jesse Mitchell, III (MS Bar No. 103020)

_____
Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone: 769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com
*Attorneys for Plaintiffs*

_____
Henry Laird (MS Bar No. 1774)
Wise Carter Child & Caraway, P.A.
2150 14th Street, Ste. 1125
Gulfport, MS 39501
Telephone: 228.867.7141
hfl@wisecarter.com
*Attorney for Defendants*

PREPARED AND PRESENTED BY:

Jesse Mitchell, III (MS Bar No. 103020)
Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone: 769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

v.                                          CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                      **NOV 1 0 2021**      **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12               RANDY CARNEY, CLERK
                                            BY_____D.C.

**PLAINTIFFS' RULE 41 STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS
TO DEFENDANT CHATHAM ASSET MANAGEMENT, LLC**

COME NOW, Plaintiffs, Robert Lett, III and Charles Fountain, by and through their counsel

of record, and pursuant to Rule 41(a)(1)(ii) of the Mississippi Rules of Civil Procedure and so stipulate

with Defendant's counsel to dismiss all of Plaintiffs' claims in this action against Defendant, Chatham

Asset Management, LLC, without prejudice. This action shall remain pending as to the remaining

Defendants, The McClatchy Company, LLC d/b/a Sun Herald and Blake Kaplan. This Court, being

advised of this dismissal by all counsel hereto, finds that this Stipulation is well taken and should be

granted.

IT IS THEREFORE, ORDERED AND ADJUDGED that any and all claims asserted

by Plaintiffs, Robert Lett, III and Charles Fountain, in this cause be and are hereby dismissed

without prejudice as to Defendant, Chatham Asset Management, LLC, leaving all parties to bear

their own respective costs.

SO ORDERED AND ADJUDGED this the 9th day of November 2021.

_____
HONORABLE DALE HARKEY
JACKSON COUNTY CIRCUIT JUDGE

STIPULATED AND AGREED TO BY:

_____
Jesse Mitchell, III (MS Bar No. 103020)

_____
Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone:  769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com
*Attorneys for Plaintiffs*

_____
Henry Laird (MS Bar No. 1774)
Wise Carter Child & Caraway, P.A.
2150 14th Street, Ste. 1125
Gulfport, MS 39501
Telephone: 228.867.7141
hfl@wisecarter.com
*Attorney for Defendants*

PREPARED AND PRESENTED BY:

Jesse Mitchell, III (MS Bar No. 103020)
Karmel Keeton (MS Bar No. 106308)
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, MS 39157
Telephone:  769.300.0462
jmitchell@tmflegal.com
kkeeton@tmflegal.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                                      **PLAINTIFFS**

v.                                              CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                                           **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT BLAKE KAPLAN'S MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

---

**COME NOW** Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, by and through

their counsel of record and file this their *Response in Opposition to Defendant, Blake Kaplan's Mississippi Rule*

*of Civil Procedure 12(b)(6) Motion to Dismiss*, and in support would state to wit the following:

### INTRODUCTION

This is a defamation case (or alternatively, an invasion of privacy false light case) arising out

of a libelous advertisement (the "Advertisement") imputing a loathsome disease to Plaintiffs. As a

result of the Advertisement's publication, Plaintiffs' lives, their marriages, and children have been

severely affected by the "Scarlet Letters" forever attached to their names. This blatantly false

Advertisement was published in print and online in the *Sun Herald* newspaper, on December 8, 2020,

and again on December 9, 2020. The Advertisement was published by Defendant newspaper

company, The McClatchy Company, LLC d/b/a Sun Herald ("McClatchy"), for which Defendant,

Blake Kaplan ("Kaplan"), serves as Executive Editor and General Manager. Kaplan moves this Court

to dismiss Plaintiffs' Complaint for alleged failure to state a claim, arguing that Plaintiffs failed "to put

Defendant Blake Kaplan on notice of the basis of any claim [. . . .]"[1]  However, Plaintiffs' Complaint more than sufficiently pleads their claims against Kaplan for libel per se (or alternatively invasion of privacy false light) and negligence due to lack of supervision/management, failure to employ good journalistic practices, failure to follow internal policies and procedures, failure to employ processes of review and safeguard, failure to edit and fact check, and an overall failure to prevent the Advertisement's publication.  Accordingly, Defendant, Blake Kaplan's motion should be denied.

## LEGAL STANDARD

Generally, Mississippi is a notice pleading state.  A plaintiff, therefore, is only required to set out, "a short and plain statement of the claim showing that [he/she] is entitled to relief [. . . .]"[2] Further, documents incorporated by reference or attached as exhibits are considered to be a part of the pleadings for all purposes.[3]  When considering a motion to dismiss for failure to state a claim, a court must accept as true the well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.[4]  Therefore, a complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim."[5]

## ARGUMENT

### 1.  Plaintiffs' claims are sufficiently stated to provide Defendant, Blake Kaplan with notice.

Plaintiffs' Complaint places Kaplan on notice through sufficient claims that entitle Plaintiffs to relief.  On August 9, 2021, Plaintiffs filed their Complaint alleging libel per se (or alternatively invasion of privacy false light) and negligence on the part of Defendants, Chatham Asset Management,

---

[1] Brief of Def. Blake Kaplan in Support of Miss. R. Civ. P. 12(b)(6) Motion to Dismiss 3, MEC No. 21.
[2] Miss. R. Civ. P. 8(a)(1).
[3] *See* Miss. R. Civ. P. 10(c).
[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).
[5] *City of Meridian v. $104,960.00 United States Currency*, 231 So. 3d 972, 974 (¶8) (Miss. 2017) (citations omitted).

LLC; The McClatchy Company, LLC d/b/a Sun Herald; and Blake Kaplan.   Specifically, that

Defendants' unprivileged publication of a false health notice attributing possible STDs/HIV to

Plaintiffs constituted libel per se as the advertisement not only "imputed the existence of some

contagious disease,"[6] but "tend[ed] to injure [their] reputation and thereby expose[d them] to public

hatred, contempt, or ridicule, degrade[d them] in society, lessen[ed them] in public esteem or lower[ed

them] in the confidence of the community[. . . .]"[7]   In fact, Plaintiffs' Complaint included a copy of

the Advertisement originally published in the *Sun Herald* newspaper.[8]



The Advertisement was included in Exhibits B and C of the Complaint, and as an incorporated image

in Exhibit E's Statutory Notice Requirement, which was originally served upon Defendant, Kaplan,

on April 17, 2021, in compliance with Mississippi Code Section 95-1-5.   Like the Complaint, the

Statutory Notice Requirement also put Kaplan on notice of Plaintiffs' potential claims.[9]

Plaintiffs further allege in their Complaint that Defendants "played a role in the publication of

the libelous advertisement at issue [. . . ], failed to prevent the Advertisement's publication, and/or are

---

[6] Complaint 14 (¶63), MEC No. 2 (citing *Phillips Brothers, L.P. v. Winstead*, 129 So. 3d 906, 928 (¶76) (Miss. 2014)).

[7] Complaint 14 (¶62), MEC No. 2 (citing *Fulton*, 498 So. 2d at 1217).

[8] *Id.* at Ex. B, C, and E.

[9] *Id.* at Ex. E.

generally liable to Plaintiffs as a result of the Advertisement's publication." As it relates to negligence, Plaintiffs assert that,

> Defendants owed Plaintiff[s] a duty of care to act with a reasonable level of care in publishing the Advertisement at issue. Defendants breached this duty when Defendants failed to act in a manner consistent with those in the journalism profession. Specifically, Defendants failed to research, fact check, or verify the obviously false information contained within the Advertisement. Defendants failed to verify the source of information, let alone the source's trustworthiness. Defendants failed to review the Advertisement and edit for any errors or falsities and/or Defendants' processes for review and safeguard failed or were not properly employed. Defendants further failed to supervise or manage the editing process. Overall Defendants failed to follow good journalistic practices, including internal policies and procedures.[10]

Moreover, "Defendants invaded Plaintiffs' privacy by [. . .] negligently publicizing statements about Plaintiff[s] which were highly offensive to a reasonable person, and which Defendants knew or should have known to be false."[11]

Under Rule 8(a) of the Mississippi Rules of Civil Procedure, a complaint need only "provide sufficient notice to the defendant of the claims and grounds upon which relief is sought."[12] Plaintiffs have done so here. Plaintiffs are not required, however, to recite all the underlying facts entitling them to relief.[13] In their Complaint, Plaintiffs assert several means of negligence, all of which boil down to Defendant Kaplan's failure to act accordingly with the journalism profession, company policies and procedures, and within the scope of his position as a supervisor/manager resulting in the Advertisement's publication. As such, a more definite statement pleading specific evidentiary details is not necessary, especially when Plaintiffs' Complaint is intelligible and provides sufficient notice.[14] For it is through liberal discovery and summary judgment motions that disputed facts will become

---

[10] *Id.* at 13 (¶58).
[11] Complaint 14 (¶66), MEC No. 2.
[12] Miss. R. Civ. P. 8 Advisory Comm. Notes (citing *DynaSteel Corp. v. Aztec Industries, Inc.* 611 So. 2d 977 (Miss. 1992)).
[13] *See Crowe v. Crowe,* 641 So. 2d 1100, 1104 (Miss. 1994) (citing Miss. R. Civ. P. 8 Comment).
[14] *See* Miss. R. Civ. P. 12 Advisory Comm. Notes.

defined and unmeritorious claims disposed of.[15]  Thus, with Plaintiffs' short and plain statements, Plaintiffs have sufficiently plead their claims and have put all Defendants on notice, including Kaplan.

### 2.  Based on Plaintiffs' statements, this Court could find that facts exist against Defendant, Blake Kaplan, entitling Plaintiffs to relief.

Given Kaplan's position within the company, this Court could easily find that Kaplan's actions or inactions played a direct role in the publication of the Advertisement, entitling Plaintiffs to relief. On October 11, 2021, Defendant, Blake Kaplan, filed his Affidavit with this Court.[16]  Within this Affidavit, Kaplan states that he serves as Regional Executive Editor for Defendant, McClatchy, and as General Manager for the *Sun Herald*.[17]  Despite serving within these executive and managerial roles, Kaplan alleges that his "responsibilities are primarily news-related."[18]  Kaplan further asserts that he has "no responsibility for the paper's advertising department or its revenues,"[19] and has "no day-to-day knowledge of what content appears in the classified advertising section of the *Sun Herald* newspaper since the advertising is processed either electronically or by remote workers outside Mississippi."[20]

In opposition, Plaintiffs argue that as Regional Executive Editor for McClatchy, and General Manager for the *Sun Herald*, Kaplan is within the company hierarchy, if not at the top of the structure, to implement and enforce company policies and procedures, to include processes for review and safeguard, and to train, supervise, and manage employees within relevant departments.  Clearly, the Advertisement is blatantly false and fake on its face, however, Kaplan, nor anyone under his supervision as the Regional Executive Editor and General Manager, took the time to prevent let alone review the Advertisement before publishing it – twice.

---

[15] *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).
[16] Affidavit of Blake Kaplan, MEC No. 18.
[17] *Id.* at 1 (¶3).
[18] Affidavit of Blake Kaplan 1 (¶4), MEC No. 18.
[19] *Id.* at 2 (¶4).
[20] *Id.* at 2 (¶7).

Based on Kaplan's assertions, no general manager or executive would ever be held responsible for their managerial or executive actions or inactions within a company as they were not in "direct" control. This simply cannot be the case. Processes and policies must be in place, and employees must be trained and supervised to act in accordance with company processes and policies and overall good journalistic practices. Kaplan's position places him uniquely within such authority to regulate processes, policies, and people, regardless of his proximity or control over a specific issue.

Kaplan is not a mere employee with zero involvement, as he would have the Court believe. No. Rather, as Kaplan states in his affidavit, he is responsible for "plan[ning] and strategiz[ing news] stories [. . . ,] edit[ing news] stories for fairness, spelling, grammar, **truthfulness and libel** [. . . ,] tak[ing] calls from customers [. . . ,] represent[ing] each market in company meetings [. . . ,] represent[ing] the paper at public events, [and] tak[ing] calls as an official representative of the paper [. . .],"[21] among other listed responsibilities. However, this brief, seven sentence description of Kaplan's duties and responsibilities as Regional Executive Editor of McClatchy and General Manager of the *Sun Herald* is and in no way can be exhaustive. Therefore, additional discovery into Kaplan's duties and responsibilities is required to negate his involvement given the definitions of his titles. As defined by Webster's Dictionary, an "executive" is "one who holds a position of administrative or managerial responsibility in a business or other organization."[22] Meanwhile, Black Law's Dictionary defines a "manager" as "[a] person who administers or supervises the affairs of a business, office, or other organization."[23] More specifically, a general manager is "[a] manager who has overall control of a nosiness, office, or other organization, including authority over other managers."[24] Thus, Kaplan's

---

[21] Affidavit of Blake Kaplan 1-2 (¶4), MEC No. 18 (emphasis added).
[22] *Webster's Third New Int'l Dictionary* 794 (1993).
[23] *Black's Law Dictionary* 979 (8th ed. 2004).
[24] *Id.*

executive, supervisory, and managerial roles need to be further explored, and will likely prove Kaplan's negligence.

From the limited discovery that was conducted however, Kaplan states that he "request[ed] assistance [from Tony Berg and Dan Morgenstern] to find out how the ad was placed[, . . . discussed] print related issues concerning the ad [with Sarah Patterson and Kerry Bean, . . . and told his] boss, Robyn Tomlin, [. . .] what happened [to] loop her into things."[25] What is important to note is that each person listed above is a member of management.[26] So, just as Kaplan was able to message and converse with other members of management after the Advertisement's publication, he could have conversed with, messaged, trained, supervised, and managed other members of management in the relevant departments to adhere to company policies and procedures, to stay abreast of issues, and to employ and enforce the necessary safeguards prior to the Advertisement's publication to avoid what occurred in this case.

Further, Kaplan produced a voicemail from Plaintiff, Robert Lett, III, in which Mr. Lett puts both Kaplan and the *Sun Herald* on notice of the defamatory advertisement on the first date of publication, December 8, 2020.[27] Kaplan also "received a communication from reporter Anita Lee [. . .] asking about the origin of the ad."[28] Yet, despite being made personally aware of the defamatory advertisement on the afternoon of December 8, 2020, through several means, and swearing to as much in interrogatories, Kaplan as the official representative of the *Sun Herald* and within his executive and managerial roles, failed to stop the Advertisement's re-print in a separate publication on December 9,

---

[25] *See* Exhibit "A" - Def. Blake Kaplan's Answers to Pls' 1st Set of Interrogs., 3-4 Interrog. No. 6.
[26] Based on their LinkedIn profiles and McClatchy's website, Tony Berg is McClatchy's Senior Vice President of Advertising; Dan Morgenstern was McClatchy's East Region Sales Director at the time of the subject incident; Sarah Patterson is the Director of Production at McClatchy; Kerry Bean is McClatchy's Senior Director of News Publishing; and Robyn Tomlin now the McClatchy Vice President of Local News was a President and Editor at News & Observer/Herald-Sun and McClatchy's Southeast Regional Editor at the time of the subject incident.
[27] *See* Exhibit "B.1" - Def. Blake Kaplan's Resp. to Pls' 1st Set of Req. for Produc. of Docs., 2 Req. No. 4. *See also* Exhibit "B.2" - Tr. of Req. No. 4. Note: A copy of the voicemail audio has been mailed to the Court Clerk on a jump drive for conventional filing.
[28] *See* Ex. A at 1-2 Interrog. No. 2.

2020. In his affidavit, Kaplan claims he "knew nothing about the classified ad which is the subject of this litigation until after it was published and had no responsibility for accepting or publishing the classified ad which is the subject of this litigation."[29] To claim zero involvement, while being aware and maintaining the authority to address the situation as the official representative of the newspaper raises reasonable doubt to say the least.

Kaplan's position coupled with the discovery currently conducted presents reasonable facts beyond doubt that substantiate Plaintiffs' claims and entitle them to relief. Had Kaplan not neglected his duties and responsibilities as Regional Executive Editor of McClatchy and General Manager of the *Sun Herald*, and enforced or implemented company policies, processes, and procedures, and trained and managed people or departments to review advertisements for libel and trustworthiness prior to their dissemination to millions of viewers, a situation like this would not have happened. Kaplan not only failed to enforce or implement safeguards and company policies, processes, and procedures, but he failed to properly train, supervise, and/or manage relevant employees or departments, and prevent or mitigate the Advertisement's publication despite knowledge of its defamatory nature. Kaplan's actions and inactions resulted in Plaintiffs' damages, for which Plaintiffs are entitled to sue. Plaintiffs have properly asserted these claims in their Complaint, as previously addressed, therefore Defendant, Blake Kaplan's motion to dismiss should fail.

## CONCLUSION

In conclusion, Plaintiffs' Complaint fully complies with the pleading requirements of Rule 8 of the Mississippi Rules of Civil Procedure and provides Defendant Kaplan with fair notice of the charges against him and the grounds therefor. Moreover, the discovery conducted thus far provides this Court with plausible evidence of Kaplan's wrongdoing, and additional discovery and argument

---

[29] Affidavit of Blake Kaplan 3 (¶9), MEC No. 18.

will add further detail as the case progresses.  Accordingly, for the reasons set forth herein, Plaintiffs

respectfully requests this Court deny Defendant's 12(b)(6) Motion to Dismiss.

**RESPECTFULLY SUBMITTED**, this the 11th day of November 2021.


                                        **ROBERT LEE LETT, III AND**
                                        **CHARLES LAMONT FOUNTAIN**

                          By:    /s/ Karmel L. Keeton_____
                                 Karmel LeDonia Keeton (MSB No. 106308)
                                 Jesse Mitchell, III (MSB No. 103020)
                                 *Attorneys for Plaintiffs*

**OF COUNSEL:**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:   601.510.1981
Email:  jmitchell@tmflegal.com
        kkeeton@tmflegal.com
        legalassistant@tmflegal.com

## CERTIFICATE OF SERVICE

I, Karmel L. Keeton hereby certify, that on November 11, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF/MEC system which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED,**

By:     /s/Karmel L. Keeton
        Karmel LeDonia Keeton (MSB No. 106308)

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                              **PLAINTIFFS**

v.                                            CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                          **DEFENDANTS**

---

## DEFENDANT BLAKE KAPLAN'S ANSWERS TO
## PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

COMES NOW Defendant, Blake Kaplan, and answers Plaintiffs' First Set of

Interrogatories as follows:

**INTERROGATORY NO. 1:**          Please provide your full name, social security

number, current address, current employer and job title, and any and all telephone

numbers (including but not limited to mobile telephones).

**ANSWER:**  Blake Kaplan
c/o The McClatchy Company, LLC
1601 Alhambra Blvd., Suite 100, Sacramento, CA 95816
Employer: The McClatchy Company, LLC
Job title: Regional Executive Editor and Sun Herald General
Manager
601-909-0637

**INTERROGATORY NO. 2:**          Please identify when and how you learned about

the subject Advertisement at issue in this cause of action. Please include the date and

the person or medium that communicated the information to you, your location when you

learned of it, and the method (telephone call, text message, email, face-to-face, written

etc.) of the communication.

PLAINTIFF'S
EXHIBIT

**A**

ANSWER:                                    I learned of the ad on the afternoon of December 8, 2020. I received a communication from reporter Anita Lee who had received communications from Liz Sharlot, Director, Office of Communications, for the Mississippi Department of Health, asking about the origin of the ad. Ms. Sharlot told Ms. Lee the department had received questions about the ad. At the time of all this communication, I was at my home in Gautier, Mississippi.

**INTERROGATORY NO. 3:**          Please identify the company(ies), entity(ies), or person(s) responsible for making decisions concerning the solicitation, editing, and publication process(es) for advertisements at The McClatchy Company, LLC d/b/a Sun Herald ("McClatchy"), from November 2020 to present.

**ANSWER:**                              Tony Gray is the manager of general classifieds, and he works with Shannon Hayden, who manages an advertising call center in Texas. These are the people who handle classified ads.

**INTERROGATORY NO. 4:**          Please cite your role, duties, responsibility(ies), and authority for any and all decisions concerning the solicitation, editing, and publication process(es) for advertisements at McClatchy, from November 2020 to present.

**ANSWER:**                              I have no role in the solicitation, editing, and publication process(es) for advertisements at McClatchy from November 2020 to present.

**INTERROGATORY NO. 5:**          Describe any educational or work-related coursework, degrees, certifications, licenses, and/or training you have received as it relates to newspapers, advertisements, journalism, and the solicitation, editing, and publication process of newspapers and advertisements, and include in your response:

2

(a) The title and/or description of said coursework, degree, certification, license, and/or training;

(b) The authority who administered or granted said coursework, degree, certification, license, and/or training; and

(c) The date conferred or completed.

**ANSWER:** I have a bachelor's degree in journalism from LSU in 1988. I have attended management training at the Poynter Institute in Florida in 1996 and 2001. I have a completed a Kiplinger Fellowship at Ohio State University in 2015. I am a graduate of the Local Media Association's fundraising cohort in 2020. In 2018, I attended and graduated from "Blueprint," a McClatchy-sponsored training program in Dallas, Texas, on how to sell advertising, though classified ads were not a specific part of the program.

**INTERROGATORY NO. 6:** Identify and describe all communications and/or meetings you have had with any McClatchy agent, servant, employee, etc. or with any other company, entity, or person(s) (including Plaintiffs) regarding: (1) Plaintiffs Charles Lamont Fountain and Robert Lee Lett, III, and (2) the subject matter of this litigation. Please include in your response:

(a) The date(s) of each communication or meeting;

(b) The method(s) of communication;

(c) The identity of the company, entity, or person(s) who received or sent the communication;

(d) The identity of the individuals present at each meeting;

and (e) The substance of the communication or discussion at each meeting.

ANSWER:                    Upon learning of the ad on December 8, 2020, I sent email messages to Tony Berg and Dan Morgenstern requesting assistance to find out how the ad was placed. They began looking into it. I had a telephone conversation with Mr. Berg on December 9 where he explained to me he found that the ad came in via a computer portal and that fake credentials may have been used. Mr. Morgenstern sent an email with similar information. I had conversations with Sarah Patterson and Kerry Bean about print related issues concerning the ad. Sometime that same week, I had a telephone conversation with my boss, Robyn Tomlin, to tell her what happened and loop her into things.

I object to furnishing any information covered by the attorney-client privilege and work product of counsel.

Respectfully submitted, this the 29 day of October, 2021.

BLAKE KAPLAN

As to Objections:

Henry Laird
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

4

STATE OF

COUNTY OF

      Personally appeared before me, the undersigned authority in and for the County and State aforesaid, on this the 29th day of October, 2021, within my jurisdiction, the within named BLAKE KAPLAN who upon oath, states that the matters and facts set forth above in the above and foregoing answers to interrogatories are true and correct as therein state, and where stated on information and belief, he verily believes the same to be true.

By: _____
           Blake Kaplan

      SWORN TO AND SUBSCRIBED BEFORE ME, this the 29th day of October, 2021.

STATE OF MISSISSIPPI
LEIGH DAVIS
NOTARY PUBLIC
ID No. 46491
Commission Expires
November 12, 2022
HARRISON COUNTY

_____
NOTARY PUBLIC

My Commission Expires:

_____

5

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have sent a true and correct copy of the

foregoing by regular U.S. Mail and Email:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS 39157
Email: jmitchell@tmflegal.com
kkeeton@tmflegal..com

*Attorney for Plaintiffs*

This the _29_ day of October, 2021.

Henry Laird

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14ᵗʰ Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III and
CHARLES FOUNTAIN                                          **PLAINTIFFS**

v.                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12                                        **DEFENDANTS**

---

### DEFENDANT BLAKE KAPLAN'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS PRODUCTION OF DOCUMENTS

---

COMES NOW Defendant, Blake Kaplan, and responds to Plaintiffs' First Set of Requests for Production of Documents as follows:

**REQUEST NO. 1:** Please produce a copy of the Advertisement for each publication issued, by date and medium **(McClatchy Interrog. No. 5.)**

**RESPONSE:**        Please see Attachment No. 1.

**REQUEST NO. 2:**  Please produce a copy of any written memorandum or order submitted in the publication request for the Advertisement. **(McClatchy Interrog. No. 9.)**

**RESPONSE:**        Please refer to responses from Defendant, The McClatchy Company, LLC.

**REQUEST NO. 3:** Please produce a copy of the rules, guidelines, procedures, and/or terms and conditions in effect and used during the period of January 1, 2020 through December 31, 2020 for McClatchy's online Classified Self-Service Site.

**RESPONSE:**        Please refer to responses from Defendant, The. McClatchy Company, LLC.



PLAINTIFF'S
EXHIBIT
**B.1**

**REQUEST NO. 4:** Please produce a copy of any written (including digital) or oral (if recorded) response or comment provided to you by any person or entity, to include but not limited to Plaintiff and the public at large. **(McClatchy Interrog. No. 15 & 16.)**

**RESPONSE:** Please see audio recordings in Attachment No. 4.

**REQUEST NO. 5:** Please produce all documents and/or communications (including written memorandum, electronic mail, facsimile, recorded oral communication, text message, etc.) related to any meeting or communication held to discuss the Advertisement or publication thereof. **Note:** In requesting this documentation, Plaintiffs only seek information kept in the regular course of business, and not in anticipate of litigation or for the purposes of legal consultation. **(Chatham Interrog. No. 5; McClatchy Interrog. 17; and Kaplan Interrog. No. 6.)**

**RESPONSE:** I have no such documents.

**REQUEST NO. 6:** Please provide a copy of the written and signed job descriptions, duties, and/or responsibilities for advertising department employees (including but not limited to general employees, directors, managers, supervisors, etc.) and editors (including but not limited to the Executive Editor, Managing Editor, (Chief) Copy Editor, etc.). Specifically, as it relates to this request, please provide the written and signed job description, duties, and/or responsibilities for Blake Kaplan. **(Kaplan Interrog. No. 4.)**

**RESPONSE:** Production will not be allowed because the request is overly broad and burdensome and not calculated to lead to discovery of admissible evidence except this Defendant has no such documents.

**REQUEST NO. 7:** Please produce all employee manuals, handbooks, training materials, and required rules or procedures for advertising department employees (including but not limited to general employees, directors, managers, supervisors, etc.) and editors (including but not limited to the Executive Editor, Managing Editor, (Chief) Copy Editor, etc.), in effect and used during the period of January 1, 2020 through December 31, 2020.

**RESPONSE:** I have no such documents.

**REQUEST NO. 8:** Please produce declaration pages for any insurance agreements, including excess polices, umbrella policies, self-insurance arrangements, or any other policy owned or application to you that may satisfy part or all of any judgment which may be entered against you or to reimburse you for payments made to satisfy such a judgment.

**RESPONSE:** Please refer to responses from Defendant, The McClatchy Company, LLC.

**REQUEST NO. 9:** At is relates to each expert witness you expect to call at trial, please produce a copy of his/her:

(a)     Written report;

(b)     The exhibits utilized in summarization or support of his/her opinions; and

(c)     Current resume and/or curriculum vitae.

**(McClatchy Interrog. No. 22.)**

**RESPONSE:** I have no such documents.

3

**REQUEST NO. 10:** For all interrogatory responses not specifically identified above, please provide any and all documents and communications identified or referred to in your responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:**        I have no such documents.

Respectfully submitted, this the ___ 2.9 ___ day of October, 2021.

Henry Laird
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Email:  hfl@wisecarter.com
Telephone:  228/867-7141
Facsimile:  228/867-7142

As to Objections:

Henry Laird
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Email:  hfl@wisecarter.com
Telephone:  228/867-7141

4

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I have sent a true and correct copy of the foregoing by regular U.S. Mail and Email:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29 day of October, 2021.

Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## TRANSCRIPTION OF REQUEST NO. 4

"Yes sir, my name is Robert Lett. My number is (228) 249-4963. I'm calling because there was an ad put up in the Classified . . . falsely, like it was from thhhe-- Department of Health. From the State of Mississippi. Stating that I needed to be tested for HIV. Along with two other gentlemen. Annnd-- I called the State Department, and it's not true. And I was trying to call and see how it was allowed to be posted. Against HIPAA laws and everything when it's not the truth? So, could you please give me a call back? As soon as you can? Thank yah."


Transcribed this the 11th day of November 2021, by:


_____

Karmel LeDonia Keeton (MSB No. 106308)



## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                            PLAINTIFFS

v.                                    CIVIL ACTION NO. 30Cl1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12                            DEFENDANTS

---

### NOTICE OF SERVICE

---

**NOTICE** is hereby given that Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain

have this day served the following:

*Plaintiffs' Second Set of Requests for Production of Documents to Defendant, The McClatchy Company, LLC D/B/A Sun Herald.*

The undersigned retains the original of the above pleading as custodian thereof.

**RESPECTFULLY SUBMITTED**, this the 29th day of November 2021.

ROBERT LEE LETT, III AND
CHARLES LAMONT FOUNTAIN

/s/ Karmel L. Keeton
Karmel L. Keeton (MS Bar No. 106308)
Jesse Mitchell, III (MS Bar No. 103020)
*Attorneys for Plaintiffs*

OF COUNSEL:

The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile: 601.510.1981
Email: jmitchell@tmflegal.com
        kkeeton@tmflegal.com

## CERTIFICATE OF SERVICE

I, Karmel L. Keeton, attorney for Plaintiffs, do hereby certify that a true and correct copy of

the foregoing pleadings have been sent to the following:

Henry Laird
Wise Carter Child & Caraway, P.A.
2510 14th Street, Ste. 1125
Gulfport, Mississippi 39501
Telephone: 228.867.7141
Facsimile: 228.867.7142
Email: hfl@wisecarter.com

THIS, the 29th day of November 2021

BY:   /s/ Karmel L. Keeton
Karmel L. Keeton

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                      **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                              **DEFENDANTS**

---

### DEFENDANT, THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

---

COME NOW Defendant, The McClatchy Company, LLC, by and through counsel of record and gives notice to the Court that the following discovery has been mailed and emailed to opposing counsel:

1. Defendant, The McClatchy Company, LLC's, First Set of Interrogatories Propounded to Plaintiff, Robert Lett, III;

2. Defendant, The McClatchy Company, LLC's, First Set of Requests for Production of Documents Propounded to Plaintiff, Robert Lett, III;

3. Defendant, The McClatchy Company, LLC's, First Set of Request for Admissions Propounded to Plaintiff, Robert Lett, III;

4. Defendant, The McClatchy Company, LLC's, First Set of Interrogatories Propounded to Plaintiff, Charles Fountain;

5. Defendant, The McClatchy Company, LLC's, First Set of Requests for Production of Documents Propounded to Plaintiff, Charles Fountain; and

6. Defendant, The McClatchy Company, LLC's, First Set of Request for Admissions Propounded to Plaintiff, Charles Fountain.

Respectfully submitted, this the 29th day of December, 2021.

THE McCLATCHY COMPANY, LLC
Defendant

BY:    s/ Henry Laird
           HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading

with the Clerk of the Court using the MEC system which sent notification of such filing to

the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 29th day of December, 2021.

s/ Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and**
**CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;**
**THE McCLATCHY COMPANY, LLC**
**d/b/a/ SUN HERALD; BLAKE KAPLAN;**
**and JOHN DOES 1-12**                                                 **DEFENDANTS**

---

### DEFENDANT, THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

---

COME NOW Defendant, The McClatchy Company, LLC, by and through counsel

of record and gives notice to the Court that the following discovery has been mailed and

emailed to opposing counsel:

1.     Defendant, The McClatchy Company, LLC's, Responses to Plaintiff, Robert
       Lett, III's, Second Set of Requests for Production; and

2.     Defendant, The McClatchy Company, LLC's, Responses to Plaintiff,
       Charles Fountain's, Second Set of Requests for Production.

Respectfully submitted, this the 24th day of January, 2022.

THE McCLATCHY COMPANY, LLC
Defendant


BY:    s/ Henry Laird
       HENRY LAIRD (MSB 1774)


Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 24th day of January, 2022.

s/  Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**ROBERT LETT, III and
CHARLES FOUNTAIN**                                                    **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 30CI1:21-cv-00135-DH**

**CHATHAM ASSET MANAGEMENT, LLC;
THE McCLATCHY COMPANY, LLC
d/b/a/ SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                                **DEFENDANTS**

---

## DEFENDANT, THE McCLATCHY COMPANY, LLC'S NOTICE OF SERVICE

---

COME NOW Defendant, The McClatchy Company, LLC, by and through counsel

of record and gives notice to the Court that the following discovery has been mailed and

emailed to opposing counsel:

1.  Defendant, The McClatchy Company, LLC's, First Supplemental
    Interrogatory Propounded to Plaintiff, Robert Lett, III; and

2.  Defendant, The McClatchy Company, LLC's, First Supplemental
    Interrogatory Propounded to Plaintiff, Charles Fountain.

Respectfully submitted, this the 24th day of January, 2022.

THE McCLATCHY COMPANY, LLC
Defendant


BY:   s/ Henry Laird
      HENRY LAIRD (MSB 1774)

Henry Laird (MSB No. 1774)
Email: hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS 39501
Telephone: 228/867-7141
Facsimile: 228/867-7142

## CERTIFICATE OF SERVICE

I, Henry Laird, do hereby certify that I electronically filed the foregoing pleading

with the Clerk of the Court using the MEC system which sent notification of such filing to

the following:

Jessie Mitchell, III
Karmel Keeton
The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Suite 150
Ridgeland, MS  39157
Email:  jmitchell@tmflegal.com
kkeeton@tmflegal.com

*Attorney for Plaintiffs*

This the 24th day of January, 2022.

s/ Henry Laird

Henry Laird (MSB No. 1774)
Email:  hfl@wisecarter.com
Wise Carter Child & Caraway, P.A.
2510 14th Street, Suite 1125
Gulfport, MS  39501
Telephone:  228/867-7141
Facsimile:  228/867-7142

2

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                              PLAINTIFFS


v.                                                    CIVIL ACTION NO. 21-135(3)


CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12                             DEFENDANTS

---

### NOTICE OF SERVICE

---

**NOTICE** is hereby given that Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain have this day served the following documents upon opposing counsel via first class mail and electronic correspondence:

1. *Plaintiff, Robert Lett's, Responses to Defendant, The McClatchy Company, LLC's, First Set of Requests for Admissions; and*

2. *Plaintiff, Charles Fountain's, Responses to Defendant, The McClatchy Company, LLC's, First Set of Requests for Admissions;*

**RESPECTFULLY SUBMITTED**, this the 28th day of January 2022.

                                       ROBERT LEE LETT, III AND
                                       CHARLES LAMONT FOUNTAIN

                           BY:    */s/ Karmel LeDonia Keeton*
                                   Jesse Mitchell, III (MS Bar No. 103020)
                                   Karmel LeDonia Keeton (MS Bar No. 106308)
                                   *Attorneys for Plaintiff*

**OF COUNSEL:**

The Mitchell Firm, PLLC
1062 Highland Colony Parkway, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile: 601.510.1981
Email:  jmitchell@tmflegal.com
           kkeeton@tmflegal.com
           legalassistant@tmflegal.com

## CERTIFICATE OF SERVICE

I, Karmel L. Keeton, attorney for Plaintiffs, hereby certify that I electronically filed the

foregoing pleading with the Clerk of the Court using the MEC system which sent notice of said

filing to the following:

Henry Laird
Wise Carter Child & Caraway, P.A.
2510 14th Street, Ste. 1125
Gulfport, Mississippi 39501
Telephone: 228.867.7141
Facsimile: 228.867.7142
Email: hfl@wisecarter.com

**THIS**, the 28th day of January 2022.

/s/ Karmel LeDonia Keeton
Karmel LeDonia Keeton (MS Bar No. 106308)

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                                    **PLAINTIFFS**

v.                                                    **CIVIL ACTION NO: 21-135**

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC                                         **DEFENDANTS**
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12

---

## PLAINTIFFS' MOTION FOR SEVERANCE OF CLAIMS

**COME NOW**, Plaintiffs, Robert Lee Lett, III and Charles Lamont Fountain, and file this

their *Motion for Severance of Claims*. In support of said Motion, Plaintiffs state to wit the following:

1. Plaintiffs filed their Complaint against Defendants, Chatham Asset Management, LLC;

The McClatchy Company, LLC d/b/a Sun Herald; and Blake Kaplan, on August 9, 2021. MEC No.

2.

2. In their Complaint, Plaintiffs allege defamation (or in the alternative, invasion of privacy

false light) as a result of Defendants' negligent publication of a libelous advertisement (the

"Advertisement") imputing a loathsome disease to Plaintiffs, which was published both in print and

online within in the Biloxi *Sun Herald* newspaper on December 8 and 9, 2020. *Id.*

3. As Plaintiffs' claims arise out of the same nucleus of operative fact and law, and Plaintiffs

seek the same right to relief, for efficiency and economy purposes, Plaintiffs claims were jointly filed

by means of permissive joinder.

4. Generally,

[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly,
severally, or in the alternative in respect of or arising out of the same transaction,

occurrence, or series of transactions or occurrences, and if any question of law or fact
common to all these persons will arise in the action.

Miss. R. Civ. P. 20(a).

    5. Although properly joined, due to recent events—namely, the incarceration of Fountain—

Plaintiffs now seek to sever their case into two, separate and distinct actions.

    6. When parties are improperly joined, the proper form of relief is severance. *See* Miss. R.

Civ. P. 21. Nonetheless, severance may also be obtained in order to "prevent delay or prejudice"

pursuant to Rule 20(b) of the Mississippi Rules of Civil Procedure. Miss. R. Civ. P. 20(b).

> The court may make such orders as will prevent a party from being embarrassed,
> delayed, or put to expense by the inclusion of a party against whom the party asserts
> no claim and who asserts no claim against the party, and may order separate trials or
> make other orders to prevent delay or prejudice.

*Id.* Moreover, the ordering of separate trials is also applicable under Rule 42(b) of the

Mississippi Rules of Civil Procedure, which states that:

> [t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials
> will be conducive to expedition and economy, may order a separate trial of any claim,
> cross-claim, counter-claim, or third-party claim, or of any separate issue or of any
> number of claims, cross-claims, counter-claims, third-party claims, or issues, always
> preserving inviolate the right of trial by jury as declared by Section 31 of the Mississippi
> Constitution of 1890.

Miss. R. Civ. P. 42(b).

    7. On September 14, 2021, Fountain was sentenced to serve a concurrent term of eight years

in the Mississippi Department of Corrections for two counts of Possession of Controlled Substance

and one count of Marijuana Possession. *See* Exhibit "A" – Inmate Details. As such, Fountain's release

is tentatively set for September 12, 2029. *Id.*

    8. Prior to sentencing, Fountain worked at S.T. Engineer Halter Marine and Offshore as a

painter and blaster.

    9. Fountain's incarceration, while unrelated and irrelevant to Plaintiffs' claims against

Defendants, unduly prejudices Lett due to no fault of his own, creating issues of expense, delay, and

bias, as well as the potential to confuse the issues and mislead the jury. In the interest of justice and judicial efficiency, therefore, Plaintiffs pray this Court sever this matter into two, separate and distinct actions.

10. Granting or denying severance lies within the trial court's broad discretion. *See Wyeth-Ayerst Labs v. Caldwell*, 905 So. 2d 1205, 1207 (¶ 6) (Miss. 2005). In making its determination, "the trial court "must weigh whether one trial or separate trials will best serve the convenience of the parties and court, avoid prejudice, and minimize expense and delay. The major consideration, of course, must be which procedure is more likely to result in a just, final disposition of the litigation." *Capital City Ins. Co. v. G.B. "Boots" Smith Corp.*, 889 So. 2d 505, 509 (¶ 10) (Miss. 2004) (citing Miss. R. Civ. P. 42(b) cmt.).

11. At best, trying Plaintiffs' claims together will only assist with the production, timing, and cost of discovery that is within Defendants' possession. This discovery can easily be consolidated by the Court however, if deemed necessary. Access to discovery possessed by Fountain, including his ability to provide documentation and releases, be deposed, and to speak with experts, will likely be prolonged due to his incarceration, and may result in additional expenses for both counsel and client as it relates to communication, travel, documentation, etc. In this vein, judicial economy would not be best met through a single action.

12. More importantly however, Fountain's incarceration unduly prejudices Lett, not only through delay of discovery, and likely trial, but also through bias, which will likely confuse the issues and mislead the jury. As Plaintiffs' defamation claim involves their reputation within the community, Fountain's incarceration, while unrelated to Plaintiffs' claims against Defendants, has the likelihood to taint the jury against Lett. In order for justice to be best served, separation of Plaintiffs' case is warranted.

13.     Plaintiffs respectfully move this Court for an order severing their claims against

Defendants on the grounds that the joining in one action and one complaint is individually prejudicial

to Plaintiffs, injures their substantial rights, will cause embarrassment and undue expense, will confuse

the issues and mislead the jury, and will delay trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Robert Lee Lett, III and Charles

Lamont Fountain, pray this Court separate their case into two, separate and distinct actions.

**RESPECTFULLY SUBMITTED,** this the <u>16th</u> day of <u>February</u> 2022.


                                            **ROBERT LEE LETT, III AND**
                                            **CHARLES LAMONT FOUNTAIN**

                              By:     _/s/ Karmel L. Keeton_____
                                            Karmel LeDonia Keeton (MSB No. 106308)
                                            Jesse Mitchell, III (MSB No. 103020)
                                            *Attorneys for Plaintiffs*


**OF COUNSEL:**
The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:  601.510.1981
Email:  jmitchell@tmflegal.com
           kkeeton@tmflegal.com
           legalassistant@tmflegal.com

## CERTIFICATE OF SERVICE

I, Karmel L. Keeton hereby certify, that on February 16, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF/MEC system which will send notification of such filing to all counsel of record.

RESPECTFULLY SUBMITTED,

By:   /s/ *Karmel L. Keeton*
      Karmel LeDonia Keeton (MSB No. 106308)

Mississippi Department
of Corrections
Promoting ★ Public ★ Safety

INMATE
SEARCH

# Inmate Details

## CHARLES FOUNTAIN

### MDOC ID Number: 236200

| | | |
|---|---|---|
| Race: BLACK | Sex: MALE | Date of Birth: 07/20/1978 |
| Height: | Weight: | Complexion: |
| Build: | Eye Color: | Hair Color: |
| Entry Date: | Location: SOUTH MISSISSIPPI COUNTY JAIL | UNIT: JACKSON CJ |
| Location Change Date: 11/29/2021 | Number of Sentences: 3 | Total Length: 8 YEARS |

### OFFENSE 1: POSSESSION OF CONTROLLED SUBSTANCE

| Sentence Length: 3 YEARS | County of Conviction: JACKSON | Sentence Date: 09/14/2021 |
|---|---|---|

### OFFENSE 2: POSSESSION OF CONTROLLED SUBSTANCE

| Sentence Length: 8 YEARS | County of Conviction: JACKSON | Sentence Date: 09/14/2021 |
|---|---|---|

### OFFENSE 3: MARIJUANA-POSSESS

| Sentence Length: 8 YEARS | County of Conviction: JACKSON | Sentence Date: 09/14/2021 |
|---|---|---|

Tentative Release: 09/12/2029



PLAINTIFF'S
EXHIBIT
A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                          **PLAINTIFFS**

v.                                            CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12                         **DEFENDANTS**

---

**PLAINTIFF, ROBERT LETT, III'S, RESPONSES TO DEFENDANT, THE
MCCLATCHY COMPANY, LLC'S, FIRST SET OF REQUESTS FOR ADMISSIONS**

---

COMES NOW, Plaintiff, Robert Lee Lett, III, by and through undersigned counsel and pursuant to the Mississippi Rules of Civil Procedure 26 and 36, and submits this, his *Responses to Defendant, The McClatchy Company, LLC's, First Set of Requests for Admissions* as follows:

### REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**     You communicated before the classified advertisement at issue in this litigation was published with the person or persons who place[d] the classified advertisement with the *Sun Herald* newspaper.

**RESPONSE NO. 1:**     Plaintiff denies the truth of the matter requested.

**REQUEST NO. 2:**     You communicated after the classified advertisement at issue in this litigation was published with the person or persons who place[d] the classified advertisement with the *Sun Herald* newspaper.

**RESPONSE NO. 2:**     Plaintiff denies the truth of the matter requested.

**REQUEST NO. 3:**     You have been told who place the classified advertisement at issue in this litigation.

EXHIBIT
B

**RESPONSE NO. 3:**     Plaintiff denies the truth of the matter requested. Plaintiff further states that he was advised by Defendants that the classified advertisement was placed online through the newspaper's advertisement web portal using a credit card and the Mississippi State Department of Health's (MSDH) address.

**REQUEST NO. 4:**     You have accused one or more persons of purchasing the classified advertisement at issue in this litigation.

**RESPONSE NO. 4:**     Plaintiff denies the truth of the matter requested.

**REQUEST NO. 5:**     You were not aware of the classified advertisement in the *Sun Herald* newspaper involved in this litigation before it was published in the *Sun Herald* newspaper.

**RESPONSE NO. 5:**     Plaintiff admits the truth of the matter requested.

**REQUEST NO. 6:**     You have communicated with the Mississippi Department of Health concerning the classified advertisement in the *Sun Herald* newspaper involved in this litigation.

**RESPONSE NO. 6:**     Plaintiff admits the truth of the matter requested.

**REQUEST NO. 7:**     You do not know Neal Rainey who was referred to in the classified advertisement which is the subject of this litigation.

**RESPONSE NO. 7:**     Plaintiff admits the truth of the matter requested.

**REQUEST NO. 8:**     You have never been tested for any sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 8:**     Plaintiff denies the truth of the matter requested.

**REQUEST NO. 9:**     You have never tested negative for any sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 9:**     Plaintiff, by and through undersigned counsel, objects to Request No. 9 on the grounds that the request is ambiguous/unintelligible and overbroad in scope, resulting in an invasion of privacy.

2

**REQUEST NO. 10:**   You have never had contact with anyone who tested positive for any sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 10:**   Plaintiff, by and through undersigned counsel, objects to Request No. 10 on the grounds that the request is ambiguous/unintelligible and overbroad in scope, resulting in an invasion of privacy.

**REQUEST NO. 11:**   You do not know anyone who reported to the Mississippi Department of Health that you may have had contact with someone who had a sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 11:**   Plaintiff admits the truth of the matter requested, to his knowledge.

**REQUEST NO. 12:**   The amount of your claim in this litigation is greater than $75,000.00.

**RESPONSE NO. 12:**   Plaintiff, by and through undersigned counsel, objects to Request No. 12 on the grounds that the request calls for an expert opinion and/or a determination of damages, which is a matter to be left to the fact finder.

**REQUEST NO. 13:**   The amount of your claim in this litigation is greater than $100,000.00.

**RESPONSE NO. 13:**   Plaintiff, by and through undersigned counsel, objects to Request No. 13 on the grounds that the request calls for an expert opinion and/or a determination of damages, which is a matter to be left to the fact finder.

**REQUEST NO. 14:**   The amount of your claim in this litigation is greater than $250,000.00.

**RESPONSE NO. 14:**   Plaintiff, by and through undersigned counsel, objects to Request No. 14 on the grounds that the request calls for an expert opinion and/or a determination of damages, which is a matter to be left to the fact finder.

**REQUEST NO. 15:**      The amount of your claim in this litigation is less than $75,000.00.

**RESPONSE NO. 15:**      Plaintiff, by and through undersigned counsel, objects to Request

No. 15 on the grounds that the request calls for an expert opinion and/or a determination of damages,

which is a matter to be left to the fact finder.

Plaintiff reserves the right to supplement and amend his responses.

**RESPECTFULLY SUBMITTED**, this the 28th day of January 2022.

<div style="margin-left:50%;">

**ROBERT LEE LETT, III**

By:      */s/ Karmel LeDonia Keeton*
          Jesse Mitchell, III (MS Bar No. 103020)
          Karmel LeDonia Keeton (MS Bar No. 106308)
          *Attorneys for Plaintiff*

</div>

**OF COUNSEL:**

The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:  601.510.1981
Email:  jmitchell@tmflegal.com
          kkeeton@tmflegal.com
          legalassistant@tmflegal.com

<u>VERIFICATION</u>

I, **Robert Lee Lett, III**, being duly sworn, state that I am the Plaintiff in the above-captioned lawsuit, and as such, that I am duly authorized to sign this Verification. I have read the foregoing *Responses to Defendant, The McClatchy Company, LLC's First Set of Requests for Admissions* and know the contents therein. The facts stated within have been assembled by authorized employees and attorneys of The Mitchell Firm, PLLC, whom I retain as counsel. I am informed and verify that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

1-28-22
_____
Date

_____
Robert Lee Lett, III, Plaintiff

**SUBSCRIBED AND SWORN TO**, before me, this undersigned notary public, on this the ____ day of January 2022.

_____
Date

_____
Signature of Notary Public

(SEAL)

STATE OF MISSISSIPPI
SABRA POLK
NOTARY PUBLIC
ID No. 66214
Commission Expires
February 11, 2023
JACKSON COUNTY

5

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

ROBERT LETT, III AND
CHARLES FOUNTAIN                                            **PLAINTIFFS**

v.                                          CIVIL ACTION NO. 30CI1:21-cv-00135-DH

CHATHAM ASSET MANAGEMENT, LLC;
THE MCCLATCHY COMPANY, LLC
D/B/A SUN HERALD;
BLAKE KAPLAN; AND JOHN DOES 1-12                           **DEFENDANTS**

---

### PLAINTIFF, CHARLES FOUNTAIN'S, RESPONSES TO DEFENDANT, THE MCCLATCHY COMPANY, LLC'S, FIRST SET OF REQUESTS FOR ADMISSIONS

---

COMES NOW, Plaintiff, Charles Lamont Fountain, by and through undersigned counsel and pursuant to the Mississippi Rules of Civil Procedure 26 and 36, and submits this, his *Responses to Defendant, The McClatchy Company, LLC's, First Set of Requests for Admissions* as follows:

### REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**      You communicated before the classified advertisement at issue in this litigation was published with the person or persons who place[d] the classified advertisement with the *Sun Herald* newspaper.

**RESPONSE NO. 1:**      Plaintiff denies the truth of the matter requested.

**REQUEST NO. 2:**      You communicated after the classified advertisement at issue in this litigation was published with the person or persons who place[d] the classified advertisement with the *Sun Herald* newspaper.

**RESPONSE NO. 2:**      Plaintiff denies the truth of the matter requested.

**REQUEST NO. 3:**      You have been told who place the classified advertisement at issue in this litigation.



**RESPONSE NO. 3:** Plaintiff denies the truth of the matter requested. Plaintiff further states that he was advised by Defendants that the classified advertisement was placed online through the newspaper's advertisement web portal using a credit card and the Mississippi State Department of Health's (MSDH) address.

**REQUEST NO. 4:** You have accused one or more persons of purchasing the classified advertisement at issue in this litigation.

**RESPONSE NO. 4:** Plaintiff denies the truth of the matter requested.

**REQUEST NO. 5:** You were not aware of the classified advertisement in the *Sun Herald* newspaper involved in this litigation before it was published in the *Sun Herald* newspaper.

**RESPONSE NO. 5:** Plaintiff admits the truth of the matter requested.

**REQUEST NO. 6:** You have communicated with the Mississippi Department of Health concerning the classified advertisement in the *Sun Herald* newspaper involved in this litigation.

**RESPONSE NO. 6:** Plaintiff denies the truth of the matter requested.

**REQUEST NO. 7:** You do not know Neal Rainey who was referred to in the classified advertisement which is the subject of this litigation.

**RESPONSE NO. 7:** Plaintiff admits the truth of the matter requested.

**REQUEST NO. 8:** You have never been tested for any sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 8:** Plaintiff denies the truth of the matter requested. Plaintiff further states that he has been tested for sexually transmitted diseases (STDs), including but not limited to, HIV as a job requirement, as well as after the Advertisement's publication at the request of his fiancé, in order to negate the Advertisement's allegations.

**REQUEST NO. 9:** You have never tested negative for any sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 9:**      Plaintiff, by and through undersigned counsel, objects to Request No. 9 on the grounds that the request is ambiguous/unintelligible and overbroad in scope, resulting in an invasion of privacy.

**REQUEST NO. 10:**      You have never had contact with anyone who tested positive for any sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 10:**      Plaintiff, by and through undersigned counsel, objects to Request No. 10 on the grounds that the request is ambiguous/unintelligible and overbroad in scope, resulting in an invasion of privacy.

**REQUEST NO. 11:**      You do not know anyone who reported to the Mississippi Department of Health that you may have had contact with someone who had a sexually transmitted disease, including but not limited to, HIV.

**RESPONSE NO. 11:**      To his knowledge, Plaintiff admits the truth of the matter requested.

**REQUEST NO. 12:**      The amount of your claim in this litigation is greater than $75,000.00.

**RESPONSE NO. 12:**      Plaintiff, by and through undersigned counsel, objects to Request No. 12 on the grounds that the request calls for an expert opinion and/or a determination of damages, which is a matter to be left to the fact finder.

**REQUEST NO. 13:**      The amount of your claim in this litigation is greater than $100,000.00.

**RESPONSE NO. 13:**      Plaintiff, by and through undersigned counsel, objects to Request No. 13 on the grounds that the request calls for an expert opinion and/or a determination of damages, which is a matter to be left to the fact finder.

**REQUEST NO. 14:**    The amount of your claim in this litigation is greater than $250,000.00.

**RESPONSE NO. 14:**    Plaintiff, by and through undersigned counsel, objects to Request No. 14 on the grounds that the request calls for an expert opinion and/or a determination of damages, which is a matter to be left to the fact finder.

**REQUEST NO. 15:**    The amount of your claim in this litigation is less than $75,000.00.

**RESPONSE NO. 15:**    Plaintiff, by and through undersigned counsel, objects to Request No. 15 on the grounds that the request calls for an expert opinion and/or a determination of damages, which is a matter to be left to the fact finder.

Plaintiff reserves the right to supplement and amend his responses.

**RESPECTFULLY SUBMITTED,** this the 28th day of January 2022.

                                           **CHARLES LAMONT FOUNTAIN**

                              By:    */s/ Karmel LeDonia Keeton*
                                           Jesse Mitchell, III (MS Bar No. 103020)
                                           Karmel LeDonia Keeton (MS Bar No. 106308)
                                           *Attorneys for Plaintiff*

**OF COUNSEL:**

The Mitchell Firm, PLLC
1062 Highland Colony Pkwy, Ste. 150
Ridgeland, Mississippi 39157
Telephone: 769.300.0462
Facsimile:  601.510.1981
Email: jmitchell@tmflegal.com
        kkeeton@tmflegal.com
        legalassistant@tmflegal.com

4

## VERIFICATION

I, Charles Lamont Fountain, being duly sworn, state that I am the Plaintiff in the above-captioned lawsuit, and as such, that I am duly authorized to sign this Verification. I have read the foregoing *Responses to Defendant, The McClatchy Company, LLC's First Set of Requests for Admissions* and know the contents therein. The facts stated within have been assembled by authorized employees and attorneys of The Mitchell Firm, PLLC, whom I retain as counsel. I am informed and verify that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

*1-27-22*
Date

*Charles Fountain*
Charles Lamont Fountain, Plaintiff

SUBSCRIBED AND SWORN TO, before me, this undersigned notary public, on this the 27th day of January 2022.

*January 27, 2022*
Date

*M. Leighann Roush*
Signature of Notary Public



5