IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT LETT, III and CHARLES FOUNTAIN**                                          **PLAINTIFFS**

v.                                                          Civil No. 1:22cv38-HSO-BWR

**THE MCCLATCHY COMPANY, LLC,
d/b/a SUN HERALD; BLAKE KAPLAN;
and JOHN DOES 1-12**                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS ROBERT LETT, III AND CHARLES FOUNTAIN'S MOTION [4] TO REMAND

BEFORE THE COURT is Plaintiffs Robert Lett, III and Charles Fountain's Motion [4] to Remand. This Motion is fully briefed. Having considered Plaintiffs' Motion [4] on its merits, the related pleadings, the record, and relevant legal authority, the Court is of the opinion that the Motion [4] should be granted, and that this case should be remanded to the Circuit Court of Jackson County, Mississippi.

I. BACKGROUND

A. Factual background

Defendant The McClatchy Company ("McClatchy" or "Defendant") is the owner and publisher of the *Sun Herald*, a daily newspaper circulated throughout South Mississippi, as well as online. Compl. [1-1] at 13-14. The paper contains a

Classifieds section that sets forth announcements and health notifications. *Id.* at 14. Plaintiffs Robert Lett, III and Charles Fountain ("Plaintiffs") allege that on December 8, 2020, the *Sun Herald* published an advertisement in the Classifieds section that identified both Plaintiffs as having been reported as coming into contact with an STD positive person or persons, and that directed them to report to the nearby health department for testing. *Id.* The day the advertisement was published, both Lett and a family member of Fountain's contacted the *Sun Herald*, inquiring into the advertisement's publication and demanding a retraction. *Id.* The following day, on December 9, 2020, the *Sun Herald* re-published this same advertisement. *Id.* at 15. On December 11, 2020, the *Sun Herald* published a retraction, which Plaintiffs allege in their Complaint [1-1] was "generic in nature and woefully deficient." *Id.*

On August 9, 2021, Plaintiffs filed suit in the Circuit Court of Jackson, Mississippi, naming as Defendants the owner of The McClatchy Company, Chatham Asset Management, LLC,[1] in addition to The McClatchy Company, LLC, d/b/a *Sun Herald,* the *Sun Herald's* General and Executive Manager Blake Kaplan ("Kaplan" or "Defendant"), and John Does 1-12. *Id.* at 11-12. Plaintiffs advance claims for defamation and invasion of privacy false light. Compl. [1-1] at 19-27.

B.   Procedural background

On February 24, 2022, Defendants filed a Notice [1] of Removal based upon diversity jurisdiction, asserting that the Notice was filed within thirty days of

---

[1] Chatham Asset Management, LLC was dismissed from the state court lawsuit by an agreed Stipulation of Dismissal on November 9, 2021, prior to removal to this Court. *See* Ex. [1-1] at 140.

receipt of proof that the case had become removable. Not. [1] at 3. Defendants argued that although Kaplan's citizenship destroyed diversity, removal was still proper because he was improperly joined to defeat diversity, as Plaintiffs had not established a cause of action against him. *Id.* at 6-7. Defendants further asserted that the amount in controversy requirement is satisfied based upon Plaintiffs' claims for punitive damages, in addition to their Responses to Requests for Admissions which "refused to deny the amount in controversy for each of their claims exceeds $75,000.00 and refused to admit their claims are less than $75,000.00." Not. [1] at 4.

On March 25, 2022, Plaintiffs filed a timely Motion [4] to Remand, taking the position that this Court lacks subject-matter jurisdiction because: (1) Kaplan is a properly joined, non-diverse party; (2) Defendants waived removal by litigating extensively in state court; and (3) Defendants' removal was untimely. Mot. [4] at 2.

Defendants respond that Plaintiffs have not sufficiently alleged that Kaplan owed a specific duty to Plaintiffs, nor that he breached any such duty. Mem. Opp. [8] at 4. They further contend that Kaplan "did not see nor did he review the classified ad in question since that was not part of his job duties." *Id.* at 5. Defendants next assert that their removal was not untimely, because although Plaintiffs' claims in the Complaint "appeared to exceed the jurisdiction [sic] $75,000.00 amount, neither the Court nor Defendants at that time could be reasonably certain since Plaintiffs failed to specify the amount of their alleged damages." *Id.* at 9. According to Defendants, they timely filed their Notice of

3

Removal within thirty days of being served Plaintiffs' Responses to Defendants' Requests for Admissions, where "Plaintiffs neither admitted nor denied in multiple requests for admission that the amount in controversy did exceed the jurisdictional $75,000.00 amount," but instead objected to the question. *Id.* at 10.

## II. DISCUSSION

A.   Applicable legal standards

Pursuant to 28 U.S.C. § 1332(a), district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 if it demonstrates that a plaintiff has "improperly joined" an in-state defendant. *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

Here, Defendants seek to show improper joinder under the second approach. Not. [1] at 6; Mem. Opp. [8] at 4. A plaintiff cannot establish a valid cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."

4

*Smallwood*, 385 F.3d at 573. The burden of making a showing of improper joinder rests with the removing party, and this burden is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

B.   Diversity of citizenship requirement

Regardless of whether Kaplan was improperly joined, Defendants have not carried their burden of establishing complete diversity of citizenship. In their Notice [1] of Removal, Defendants assert that complete diversity exists between all parties. Not. [1] at 5. Plaintiffs are citizens of the State of Mississippi, Not. [1] at 5 (citing Compl. [1-1]), and Defendants allege that the McClatchy Company is a citizen of Delaware and that Kaplan is an improperly joined citizen of Mississippi, *id.* at 6.

However, when describing the citizenship of the McClatchy Company, Defendants state that

> Defendant McClatchy Company, LLC was and is a Delaware limited liability company and a citizen of the State of Delaware with its sole member being SIJ Intermediate, LLC, which was and is a Delaware limited liability company and a citizen of the State of Delaware with its *sole member being SIJ Holdings, LLC which was and is a Delaware limited liability company and a citizen of the State of Delaware.*

Not. [1] at 6 (emphasis added).

A limited liability company's citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "[F]or an LLC, the court must trace citizenship for diversity purposes down the various organizational layers, including when an LLC is the sole member of another LLC." *White v. Aramark Educ. Servs. LLC*, No. CV 16-0003, 2016 WL 815297, at *2

(W.D. La. Feb. 29, 2016). "If the members are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be." *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. CV SA-17-CA-808-XR, 2017 WL 8727480, at *1 (W.D. Tex. Aug. 30, 2017).

Defendants do not identify the members of SIJ Holdings, LLC, or their citizenship, instead simply asserting that SIJ Holdings, LLC is a citizen of the State of Delaware. *Id.* Without a description of the citizenship of SIJ Holdings, LLC's members, Defendants' allegations are facially insufficient to establish the existence of diversity jurisdiction, even if Kaplan's citizenship is disregarded. *See Bank of Am., N.A. v. Fulcrum Enters., LLC,* 642 F. App'x 334, 335 (5th Cir. 2016) (finding that a removing party's failure to identify the members of a limited liability company and their respective states of citizenship demanded remand).

"The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986) "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Because Defendants have not adequately alleged diversity of citizenship, they have not carried their burden of demonstrating complete diversity among the parties, even if Kaplan's citizenship is disregarded. This case must be remanded. *See Pennie v. Obama*, 255 F. Supp. 3d 648, 670 (N.D. Tex. 2017) (citing *Stafford v. Mobil Oil*

6

*Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)) ("Failure to allege adequately the basis of diversity mandates remand or dismissal of the action.").

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs Robert Lett, III and Charles Fountain's Motion [4] to Remand is **GRANTED**, and this civil action is **REMANDED** to the Circuit Court of Jackson County, Mississippi.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, pursuant to 28 U.S.C. § 1447(c), a certified copy of this Order shall be immediately mailed by the Clerk of this Court to the clerk of the state court.

**SO ORDERED AND ADJUDGED,** this the 12th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE